HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

    Plaintiff,

v.

JPMORGAN CHASE BANK N.A., et al.,

    Defendants.

CASE NO. C11-872RAJ

ORDER

## I.    INTRODUCTION

The court has received Plaintiff's motions for temporary restraining order and preliminary injunction (Dkt. ## 3, 4). For the reasons stated below, the court DENIES both motions.

## II.    BACKGROUND & ANALYSIS

Plaintiff owns a home in Des Moines, Washington. She acknowledges that in August 2006, a deed of trust was recorded on her home with Washington Mutual Bank, FA ("WaMu") as the beneficiary. *See* Complaint (Dkt. # 1), Ex. B. It appears from the

documents submitted by Plaintiff along with her Complaint that the current beneficiary is Defendant JPMorgan Chase Bank NA ("Chase"), as successor in interest to WaMu. *See* Complaint, Ex. D. Those documents also state that Plaintiff is in default of the deed of trust for failing to pay $15,320.28 owed. *See id*. As a result, Plaintiff has been notified that a trustee's sale of her home will occur, as conducted by Defendant Northwest Trustee Services, Inc. ("NTS").[1]

Plaintiff wishes to, *inter alia*, restrain the trustee's sale. She has sued Chase and NTS, proceeding *pro se*. Her complaint requests declaratory relief "to determine [] whether Defendants have any legal or equitable rights in the Note or Deed of Trust, as to whether the Trustee's Deed is invalid and void, and whether Defendants have any legal standing to title or possession." Complaint ¶ 24. She also seeks a determination of whether Chase properly executed or recorded all endorsements and assignments of the beneficial interest in the promissory note and deed of trust. *See* Complaint ¶ 25. She also requests restraint of the trustee's sale to avoid irreparable harm. *See* Complaint ¶¶ 29-30. Plaintiff subsequently filed motions for a temporary restraining order and preliminary injunction. *See* Pltf.'s Mots. (Dkt. ## 3, 4).

As noted in this court's previous order (Dkt. # 2), whether Plaintiff has properly provided notice of her lawsuit and motions to Defendants is a crucial issue before the court, because a court cannot enter a preliminary injunction unless the adverse party receives notice. Fed. R. Civ. P. 65(a). And though a court may enter a temporary restraining order without notice to the adverse party, the moving party must state "specific facts in an affidavit or a verified complaint" that "clearly show that immediate

---

[1] Though Plaintiff contends the trustee's sale is set for June 3, 2011, the only notice of trustee's sale in the record indicates that the sale was scheduled for March 18, 2011. *See* Complaint, Ex. D. The court's review of the King County Recorder's Office web site reveals no subsequent notices rescheduling the sale to June 3 or any other date.

ORDER- 2

and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The moving party must also "certif[y] in writing any efforts made to give notice and the reasons why notice should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiff's motion for temporary restraining order states that NWT has received notice of the lawsuit and the motion via its registered agent.  *See* Pltf.'s Mot. at ¶ 4.  That assertion is not supported by Plaintiff's "certificate of service."  *See* Certificate of Service (Dkt. # 6) (stating that a person named Melissa Wagner "personally served" documents on NWT, but no registered agent or other receiving individual is identified).  Plaintiff's evidence of service does not assure this court that she has complied with Federal Rule of Civil Procedure 4 or RCW 4.28.080 (setting out the requirements for service upon corporations in Washington).  There is no evidence in the record that the relevant documents have been provided to a person authorized to accept service for either Defendant, and the certificate of service's reference to the Defendants' addresses suggests that Plaintiff may have merely delivered copies of the documents to those addresses.

Furthermore, Plaintiff's motion does not provide a credible basis on which the court could conclude that she is likely to succeed on the merits of her claim.  She argues that the trustee's sale is improper because her alleged default is "in dispute and unproven," and because the Defendants have not produced documentation of a valid loan obligation.  As to the first basis, the only documents in the record establish that Plaintiff is in default (see Complaint, Exs. D & F).  As to the second basis, Plaintiff has attached to her complaint a letter from Chase dated April 5, 2011, which states that it is enclosing, *inter alia*, a copy of the note and security interest.  *See* Complaint, Ex. F.  Plaintiff did not attach those enclosures to her complaint, though it appears she has copies of the documents that could resolve this issue.

ORDER- 3

### III. CONCLUSION

For these reasons, the court DENIES Plaintiff's motions (Dkt. ## 3, 4). Plaintiff may renew her motion(s) upon correction of the deficiencies identified in this order.

Dated this 27th day of May, 2011.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 4