HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

          Plaintiff,

    v.

JPMORGAN CHASE BANK N.A., et al.,

          Defendants.

CASE NO. C11-872RAJ

ORDER

The court has received Plaintiff's renewed motion for temporary restraining order ("TRO") (Dkt. # 8).  The court previously denied Plaintiff's motion for TRO on two grounds: (1) deficiencies in the record as to whether any Defendant had notice of the lawsuit or the TRO motion, and (2) deficiencies in the record as to whether Plaintiff was likely to prevail on her claims against Defendants.  *See* Order (Dkt. # 7).  Plaintiff has

1   now represented that she has served relevant documents on the registered agent[1] for

2   Defendant Northwest Trustee Services, Inc. ("NTS"), who is apparently scheduled to

3   conduct a trustee's sale of Plaintiff's home on June 3, 2011.  *See* Am. Certificate (Dkt. #

4   12).

5          Plaintiff acknowledges that in August 2006, a deed of trust was recorded on her

6   home with Washington Mutual Bank, FA ("WaMu") as the beneficiary.  *See* Complaint

7   (Dkt. # 1), Ex. B.  It appears from the documents submitted by Plaintiff along with her

8   Complaint that the current beneficiary is Defendant JPMorgan Chase Bank NA

9   ("Chase"), as successor in interest to WaMu.  *See* Complaint, Ex. D.  Those documents

10  also state that Plaintiff is in default of the deed of trust for failing to pay $15,320.28

11  owed.  *See id.*  As a result, Plaintiff has been notified that a trustee's sale of her home will

12  occur, as conducted by NTS.[2]

13         Plaintiff wishes to, *inter alia*, restrain the trustee's sale.  She has sued Chase and

14  NTS, proceeding *pro se*.  Her complaint requests declaratory relief "to determine []

15  whether Defendants have any legal or equitable rights in the Note or Deed of Trust, as to

16  whether the Trustee's Deed is invalid and void, and whether Defendants have any legal

17  standing to title or possession."  Complaint ¶ 24.  She also seeks a determination of

18  whether Chase properly executed or recorded all endorsements and assignments of the

19  beneficial interest in the promissory note and deed of trust.  *See* Complaint ¶ 25.  She also

20  requests restraint of the trustee's sale to avoid irreparable harm.  *See* Complaint ¶¶ 29-30.

21

22          [1] Plaintiff identifies the registered agent as Jeff Stenman, and claims that an unidentified,

23  illegible signature on a copy of a summons is Mr. Stenman's signature.  *See* Am. Certificate
    (Dkt. # 12) at 1, 4.

24

25          [2] Though Plaintiff contends the trustee's sale is set for June 3, 2011, the only notice of

26  trustee's sale in the record indicates that the sale was scheduled for March 18, 2011.  *See*
    Complaint, Ex. D.  The court's review of the King County Recorder's Office web site reveals no
    subsequent notices rescheduling the sale to June 3 or any other date.

27

1  Plaintiff subsequently filed motions for a temporary restraining order and preliminary

2  injunction. *See* Pltf.'s Mots. (Dkt. ## 8, 9).

3       The court is now satisfied for purposes of resolving this emergency motion that

4  there is some evidence in the record that NTS has received notice of this motion and the

5  lawsuit.  Plaintiff has not, however, amended her allegations to show this court that she is

6  likely to prevail on her claims against the Defendants.  Preliminary injunctive relief is

7  appropriate if the plaintiff establishes "that he is likely to succeed on the merits, that he is

8  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

9  the equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

10  *Natural Res. Def.* Council, 129 S. Ct. 365, 374 (2008).

11       Her renewed motion contains precisely the same factual deficiencies identified in

12  her first motion, with no additional documentation showing that Plaintiff's claims have

13  merit.  Plaintiff again argues that the trustee's sale is improper because her alleged

14  default is "in dispute and unproven," and because the Defendants have not produced

15  documentation of a valid loan obligation.  As to the first basis, the only documents in the

16  record establish that Plaintiff is in default (see Complaint, Exs. D & F).  As to the second

17  basis, Plaintiff has attached to her complaint a letter from Chase dated April 5, 2011,

18  which states that it is enclosing, *inter alia*, a copy of the note and security interest.  *See*

19  Complaint, Ex. F.  Plaintiff did not attach those enclosures to her complaint, though it

20  appears she has copies of the documents that could resolve this issue.

21

22

23

24

25

26

27

1        The only basis to find that Plaintiff has shown a possibility of success on the

2  merits of her claims against the Defendant would be to credit Plaintiff's conclusory

3  allegations in her Complaint and motion, which appear to be inconsistent with the only

4  documents she has submitted in this suit.  The court cannot find that Plaintiff's

5  unsupported allegations amount to a showing of a likelihood that she will prevail on the

6  merits of her claims.  Thus, the court will again DENY Plaintiff's TRO motion (Dkt. # 8).

7        Dated this 2nd day of June, 2011.

8

9

10

11

12

13   The Honorable Richard A. Jones
     United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 4