_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

AUG 05 2011     RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPU

THE HONORABLE RICHARD A. JONES

11-CV-872 -LTR

# UNITED STATES DISTRICT COURT
for the
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBORAH R. BEATON,<br><br>        Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.; and<br>NORTHWEST TRUSTEE SERVICES, INC.<br><br>        Defendants, | CASE NO. 2:11-cv-00872-RAJ<br><br>PLAINTIFF'S RESPONSE IN<br>OPPOSITION TO MOTION TO<br>DISMISS AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>AUGUST 12, 2011 |

Plaintiff, DEBORAH R. BEATON, proceeding without counsel, hereby serves her Response

in opposition to Defendant NORTHWEST TRUSTEE SERVICES, INC. and JPMORGAN

CHASE BANK, N.A. (by joinder Dkt. #28), Motion to Dismiss Amended Complaint (Dkt.

#25) and as grounds states:

### STATEMENT OF CASE

Plaintiff attempted four times to restrain the Trustee's Sale and the Court denied each motion.

The Defendants incorrectly interpreted the Courts denial of TRO as a green light to sell the

Plaintiff's property ignoring the fact that federal lawsuit was pending. The sale changed the

dynamic of the case which necessitates that the Plaintiff amends her complaint. This is not

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

**Deborah R. Beaton, Plaintiff**
**31431 46th Pl SW**
**Federal Way, WA 98023**
**(509) 499-1607**

the fault of the Plaintiff. A copy of the purposed First Amended Complaint is attached to the

Plaintiff's Motion for Leave to Amend Verified Complaint.

PLAINTIFF'S RESPONSES

**Plaintiff's Response to Defendant's "I. INTRODUCTION & RELIEF REQUESTED":**

Plaintiff OBJECTS. The Plaintiff's dispute of the authenticity of the purported Note is of

such significance that 12(b)(6) dismissal is not appropriate.

**Plaintiff's Response to Defendant's "II. BACKGROUND":** Plaintiff OBJECTS. None of

the Defendants filed a response to any of the Plaintiff's Motions for TRO and/or Preliminary

Injunctions. The Trustee received the required 5 days notice pursuant to "RCW 61.24.130 (2)

No court may grant a restraining order or injunction to restrain a trustee's sale unless the

person seeking the restraint gives five days notice to the trustee of the time when, place

where, and the judge before whom the application for the restraining order or injunction is to

be made. This notice shall include copies of all pleadings and related documents to be given

to the judge. No judge may act upon such application unless it is accompanied by proof,

evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or

over who is competent to be a witness that the notice has been served on the trustee."

**Plaintiff's Response to Defendant's "III. STATEMENT OF FACTS":**

> **Plaintiff's Response to Defendant's un-numbered ¶1:** Plaintiff OBJECTS that the
>
> Defendants do not in any way rely upon their own records whereas the Defendants are
>
> the party making a claim on the Plaintiff's estate.
>
> **Plaintiff's Response to Defendant's un-numbered ¶2:** Plaintiff OBJECTS. Just
>
> because the Plaintiff obtained a loan does not automatically mean the Defendants are

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

**Deborah R. Beaton, Plaintiff**
**31431 46th Pl SW**
**Federal Way, WA 98023**
**(509) 499-1607**

1    the beneficiary of it nor entitled to enforce it.

2    **Plaintiff's Response to Defendant's un-numbered ¶3:** Plaintiff OBJECTS. Just

3    because a Deed of Trust was recorded does not automatically mean the Defendants

4
     are the beneficiary of it nor entitled to enforce the obligation secured by it.
5

6    **Plaintiff's Response to Defendant's un-numbered ¶4:** Plaintiff OBJECTS because

7    Defendant CHASE states that 'a copy of the original Note has been produced' but

8    does not state 'who' produced it. Plaintiff disputes the authenticity of the copy version

9    of the Note and denies that it is the Plaintiff's original. Plaintiff also objects because
10
     the copy version of the Note has an incomplete endorsement and that does not reveal
11
12   if or when the Note was purportedly transferred to the Defendants and therefore the

13   Court should not presume they own it.

14   **Plaintiff's Response to Defendant's un-numbered ¶5:** Plaintiff OBJECTS. The

15   Defendants have not provided any evidence that proves the Plaintiff defaulted, all the

16   Defendants have done is 'allege' a default. Alleging a default is permitted under the
17
     DTA *(RCW 61.24 et. seq.)* as long as all the parties acquiesce. However, if a party
18
19   does not acquiesce, their recourse is to the Courts where the default must then be

20   proven. Defendants have done nothing to prove their alleged default is real. Plaintiff

21   disputes the alleged default and has not acquiesced to it because the Note is not

22   endorsed to the Defendants. The filing of an objection to a claim initiates a contested
23
24   matter. RCW 61.24.030(8)(j) "A statement that the borrower, grantor, and any

25   guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged

26   default on any proper ground.

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Plaintiff's Response to Defendant's un-numbered ¶6:** Plaintiff OBJECTS.  There is no evidence of if or when the purported loan was transferred to the Defendants, therefore the Plaintiff disputes that the Defendant had the Beneficiary's authority and power to appoint the successor trustee on November 29, 2010.

**Plaintiff's Response to Defendant's un-numbered ¶7:** Plaintiff OBJECTS. The Beneficiary's Declaration does not comply with RCW 61.24.005(2) but instead relies upon the RCW 62A.3.301. This declaration fails because the true Beneficiary, as defined by RCW 61.24.005(2), must assert its own legal rights and may not assert the legal rights of others. *Sprint*, 554 U.S. as 289; *Warth*, 422 U.S. at 499; *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009).

Furthermore, *In re: Veal*, Bk. No. 09-14808, 9th Cir. BAP, June 10, 2011, Case No. 10-1055 [2011 WL 2304200], Chapter III. Discussion §(B)(1) page 17: (underline and emboldened printed is added for emphasis only) **"Here, the parties assume that the Uniform Commercial Code ("UCC") applies to the Note. If correct, ...."**. This brings into question whether the UCC applies to Plaintiff's Note and Deed of Trust at all.

Lastly, in *Pavino v. Bank of America*, USDC WDWA Case No. 2:10-cv-01943-RSL, Order dated 03/04/2011, §C (Dkt. 26), the Court ruled that there is no legal authority holding that a "person entitled to enforce" an instrument within the meaning of RCW 62A.3-301 qualifies as a "beneficiary" within the meaning of RCW 61.24.005(2).

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

**Deborah R. Beaton, Plaintiff**
**31431 46th Pl SW**
**Federal Way, WA 98023**
**(509) 499-1607**

**Plaintiff's Response to Defendant's un-numbered ¶8:** Plaintiff OBJECTS because there is no evidence that the Defendants were entitled to record a Notice of Trustee's Sale in the first place.

**Plaintiff's Response to Defendant's un-numbered ¶9:** Plaintiff OBJECTS because there is no evidence that the Defendants were entitled to hold such a sale nor that the sale was lawful.

**Plaintiff's Response to Defendant's "IV. ISSUES PRESENTED":**

**"1." and "2":** Plaintiff OBJECTS. Plaintiff now needs to file an amended complaint because the Defendants sold the subject property in spite of the Plaintiff's objections.

**Plaintiff's Response to Defendant's "IV. EVIDENCE RELIED UPON":** Plaintiff OBJECTS because many if not all of the public records were made by the Defendants and actually constitute material violations of the Deed of Trust Act.

**Plaintiff's Response to Defendant's "VI. AUTHORITY AND ARGUMENT":** Plaintiff OBJECTS as follows:

**Plaintiff's Response to Defendant's "VI.1":** As stated above, the Plaintiff tried 4 times to restrain the trustee's sale and court denied each motion. The Defendants incorrectly interpreted the Courts denial of TRO as a green light to sell the Plaintiff's property ignoring the fact that a federal lawsuit was pending. The sale changed the dynamic of the case which necessitates that the Plaintiff amends her complaint. This is not the fault of the Plaintiff.

**Plaintiff's Response to Defendant's "VI.2":** Plaintiff OBJECTS. As stated above, the Plaintiff tried 4 times to restrain the trustee's sale and court denied each motion. The

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

**Deborah R. Beaton, Plaintiff**
**31431 46th Pl SW**
**Federal Way, WA 98023**
**(509) 499-1607**

1    Defendants incorrectly interpreted the Courts denial of TRO as a green light to sell the

2    Plaintiff's property ignoring the fact that a federal lawsuit was pending. The sale changed the

3

4    dynamic of the case which necessitates that the Plaintiff amends her complaint. This is not

5    the fault of the Plaintiff.

6    **Plaintiff's Response to Defendant's "VI.2.B":** Plaintiff OBJECTS. As stated above, the

7    Plaintiff tried 4 times to restrain the trustee's sale and court denied each motion. The

8    Defendants incorrectly interpreted the Courts denial of TRO as a green light to sell the

9

10    Plaintiff's property ignoring the fact that a federal lawsuit was pending. The sale changed the

11    dynamic of the case which necessitates that the Plaintiff amends her complaint. This is not

12    the fault of the Plaintiff.

13    **Plaintiff's Response to Defendant's "VI.2.C":** Plaintiff OBJECTS. As stated above, the

14    Plaintiff tried 4 times to restrain the trustee's sale and court denied each motion. The

15    Defendants incorrectly interpreted the Courts denial of TRO as a green light to sell the

16

17    Plaintiff's property ignoring the fact that a federal lawsuit was pending. The sale changed the

18    dynamic of the case which necessitates that the Plaintiff amends her complaint. This is not

19    the fault of the Plaintiff.

20    **Plaintiff's Response to Defendant's "VI.2.C.1." and "1.a.":** Plaintiff OBJECTS. Plaintiff

21    incorporates all preceding paragraphs and adds that Washington law only provides that

22

23    recordation of an Assignment of Deed of Trust is unnecessary; however RCW 61.24.020

24    clearly states that Deed of Trust are subject to mortgage laws and without a recorded

25    assignment the Defendants failed to establish their lien priority pursuant to RCW 65.08.070.

26    Thus, under Washington law the other way to establish a lien priority (perfect a security

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

**Deborah R. Beaton, Plaintiff**
**31431 46th Pl SW**
**Federal Way, WA 98023**
**(509) 499-1607**

1    interest) is by an unbroken chain of endorsements of the Note. This means each successive

2    intermediary holder must endorse the Note to the next holder. Here, the Defendant's have

3
     neither. The Defendants foreclosed an unsecured Note and violated the Fair Debt Collection
4
     Practices Act (FDCPA), materially violated the DTA, violated the Plaintiff's civil rights to
5
6    contract pursuant to 42 USC §1981-§1986. These violations did not exist when the former

7    complaints were filed, and only became material after the Trustee's Sale, thus the Plaintiff

8    will require leave to amend the complaint accordingly.

9    **Plaintiff's Response to Defendant's "VI.2.C.1.b.":** Plaintiff OBJECTS. First, the
10
     Defendants failed to attach Schedule 3.2 or at least the portions of it that would list the
11
12   Plaintiff's property in asset pool being transferred. Second, nothing in the exhibit states that

13   transfer of those assets can be completed with endorsements and/or assignments. Third, the

14   paragraph 3.1 referred to by the Defendant is so all encompassing that it includes everything

15   on Failed Banks books and everything not on the Failed Banks books too.

16   **Plaintiff's Response to Defendant's "VI.2.C.2":** Plaintiff OBJECTS. Nothing the
17
     Defendants have offered has removed any uncertainty for the Plaintiff, for the copy of the
18
19   purported Note that is not endorsed to the Defendants, to the alleged default, to the Purchase

20   and Assumption Agreement that conveniently leave off the schedule of assets supposedly

21   transferred to the Defendant without any means of conveyance. The UCC and RCW 62A.3-
22
     301 have been discussed above.
23
     **Plaintiff's Response to Defendant's "VII. CONCLUSION":** Plaintiff OBJECTS. As
24
25   stated above, the Plaintiff tried 4 times to restrain the trustee's sale and court denied each

26   motion. The Defendants incorrectly interpreted the Courts denial of TRO as a green light to

RESPONSE IN OPPOSITION TO MOTION                    **Deborah R. Beaton, Plaintiff**
TO DISMISS                                               **31431 46th Pl SW**
                                                     **Federal Way, WA 98023**
                                                         **(509) 499-1607**

Page 7 of 8

1  sell the Plaintiff's property ignoring the fact that a federal lawsuit was pending. The sale

2  changed the dynamic of the case which necessitates that the Plaintiff amends her complaint.

3  This is not the fault of the Plaintiff.

4

PLAINTIFF'S CONCLUSION

5

6  Plaintiff requests that Court deny the Defendant Motion to Dismiss.

7  Respectfully submitted this ___4th___ day of August, 2011,

8                                        Plaintiff: Deborah R. Beaton

9                                        Signature: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page  8 of 8