___ FILED      ___ ENTERED
___ LODGED   ___ RECEIVED

THE HONORABLE RICHARD A. JONES

AUG 0 5 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHING
BY                                      T.

11-CV-872 -INFO

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| DEBORAH R. BEATON,<br>　　　　Plaintiffs,<br>v.<br>JPMORGAN CHASE BANK, N.A.; and<br>NORTHWEST TRUSTEE SERVICES, INC.<br>　　　　Defendants, | CASE NO. 2:11-cv-00872-RAJ<br><br>AFFIDAVIT OF NOTE MAKER<br>DEBORAH R. BEATON IN SUPPORT<br>OF VERIFIED COMPLAINT |

State of Washington　　)
　　　　　　　　　　　　) ss.
County of Pierce　　　　)

The Affiant, being first duly sworn, deposes and says on oath as follows:

1. My name is Deborah R. Beaton.

2. I am of lawful age, sound mind and capable of making this affidavit.

3. I have firsthand knowledge of the facts attested herein.

4. I authored the Note referenced in the Deed of Trust recorded under King County, Washington Auditor's file number 20060906002231.

5. My intent was to make a "loan contract" that included my original Note which was private, unregistered, unendorsed, executed without witness or notarization; The Note was never recorded in the county public records or in the state or national UCC

---

AFFIDAVIT OF DEBORAH R. BEATON

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 1 of 5

registry; it had no CUSIP or OMB numbers referenced on it and was non-negotiable and not judicially noticeable nor admissible except by my agreement. ER 201.

6. My intent was to make a "loan contract" subject to the Washington Deed of Trust Act (RCW 61.24 *et. seq.*) to qualify the "beneficiary" as specifically defined by RCW 61.24.002(5).

7. My intent was to make a "loan contract" with clear and conspicuous terms that were not directly or indirectly subject to the Uniform Commercial Code (UCC codified as RCW 62A) or UCC definitions.

8. My intent was to make a "loan contract" wherein only the person qualified to demand immediate full payment (accelerate), foreclose, modify, reconvey, assign or even cancel it would be the "beneficiary" as defined by RCW 61.24.005(2), who actually loaned or paid the value of Note, carries the value on beneficiary's books, and in fact sustained an injury caused by me, and asserts beneficiary's own legal right of acceleration and foreclosure against me in the beneficiary's own name; thus excluding anyone defined in a RCW 62A.3-301 as a "person entitle to enforce".

9. My intent was to make a "loan contract" requiring that all the various documents, instruments, accountings such as the Loan Application, Note, Deed of Trust, Modifications and Account, stay together as a 'unit' pursuant to RCW 21.20.320(5), be held as a 'unit', transferred as a 'unit', terminated as a 'unit' and returned to me as a 'unit' after being performed/paid.

10. My intent was to make a "loan contract" subject to the U.S. Tax Code; RESPA - Real Estate Settlement Procedures Act (12 USC §2601-2609); and, TILA - Truth in

AFFIDAVIT OF DEBORAH R. BEATON

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 2 of 5

Lending Act (esp. 15 USC §1640).

11. My intent was to make a "loan contract" with terms and conditions that clearly and conspicuously allows parties to join the contract but prevents any party from divesting from the contract without recourse until the contract term was fulfilled to thus protect the successor's rights and preserve my rights of recoupment and other claims and defenses (15 USC §1640; CFR 16 § 433.2).

12. My intent was to make a "loan contract" that protects me and my property from collection, recovery, foreclosure type efforts by a non-qualified party resulting in a transaction that is prohibited under 26 USC §857(b)(6)(B)(iii) and §1221(a)(1) stemming from inside improper knowledge of the circumstances thus to insure I am not required to pay the loan more than once or else forfeit.

13. My intent was to make a "loan contract" that would <u>not</u> constitute a bearer instrument or bond of any kind to prevent counterfeiting, to prevent a broken chain of title, to prevent tax evasion and prevent collection, recovery, foreclosure type efforts by non-qualified parties; it was never my intent to get in a situation where I could be required to deliver payments to a thief or anyone who never gave the value in exchange.

14. My intent was to make a "loan contract" without waiving my rights to protective acts such as the Fair Debt Collection Practices Act (15 USC §1692); Fair Credit Reporting Act (15 USC §1608); Fair Trade Commission Act (15 USC §§ 41-58); Dodd-Frank Wall Street Reform and Consumer Protection Act (P.L. 111-203) (12 USC §5301); the Banking Secrecy Act/Patriot Act (31 USC §5311); The Privacy Act (5 USC § 552); even the Statute of Frauds; *Lex Anastasiana* (Rom. Law § 369) and other acts.

AFFIDAVIT OF DEBORAH R. BEATON

Page 3 of 5

**Deborah R. Beaton, Plaintiff**
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

15. My intent was to make a "loan contract" subject to all of my claims and defenses wherein I would have the right of recoupment, without imposition of a time limit, as is reflected by 15 U.S.C. §1640 (TILA as recently amended).

16. If my Note was altered or entreated as a negotiable instrument, or exchanged for cash as a Draft, or deposited for credit on account as a Draft, or used as a source of value to fund the loan back to me, or as a gift, or involved in a prohibited transaction (26 USC §857(b)(6)(B)(iii) and §1221(a)(1)), or fraudulent purpose, or anything similar, it was done without my consent, knowledge or agreement and against my voluntary will and intent and is therefore subject to my claims and defenses including aforementioned right of recoupment.

17. If, however my Note was taken as a "gift" I, as Donor, request that the Donee pay all the gift, transfer, termination and skip taxes (26 USC §2502(c)) and penalties due and I hereby request immediate release of lien and full reconveyance. "The donor may be deemed to have paid the tax by ordering the donee to pay it to the IRS." *Estate of Sachs v. Comm'r*, 88 T.C. 769, 778 (1987), aff'd F.2d (1988 WL 94421)(1988).

18. I have not seen the Note since the date and time that I signed it; I do not know if, where or to whom my Note was sent after I signed it; I do not know if the Lender and/or Successor(s) is/are civilly bankrupt, civilly dead or a debtor in possession and able to make its own claim because these facts are being fraudulently concealed.

19. I am unable to make a legal determination, and cannot speculate, as to whether my Note is/was held, negotiated, sold, exchanged for cash, deposited for credit on account, transferred, setoff, offset, discharged, discounted, paid, or if there has been

AFFIDAVIT OF DEBORAH R. BEATON

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 4 of 5

any attempt to return it or present it to me.

20. I am unable to make a legal determination, and cannot speculate, as to whether transfer, termination, generation-skip taxes and penalties are due or have been paid and/or if the proper REIT/REMIC elections as to exemptions and foreclosure have been made or if the foreclosure bond requirements were met (26 USC § 2032A(e)(11)).

21. I believe JPMORGAN CHASE BANK, N.A. is a non-qualified party who purchased my allegedly defaulted loan account at deep discount upon improper knowledge/information for the purpose of unjust enrichment derived from a transaction described as prohibited under 26 USC §857(b)(6)(B)(iii) and §1221(a)(1).

22. I deny the authenticity of all purported versions of the Note whether purported to be original, copies or certified copies until I am afforded opportunity to inspect the purported Note; I deny that I defaulted on the purported Note; I deny that I caused acceleration of the alleged loan due date; I dispute the validity of the alleged debt; and, I deny that I acquiesced to the subject non-judicial foreclosure proceedings of NORTHWEST TRUSTEE SERVICES, INC..

Further affiant saith not.

Affiant: Deborah R. Beaton

Signature: [signature]

State of Washington )
 ) ss.
County of Pierce )

SUBSCRIBED AND SWORN TO BEFORE ME on this 4th day of August, 2011, witness my hand and official seal of office.

[signature]
Notary Public
My commission expires 3-16-14

[Notary Seal: MELISSA D. WAGNER, NOTARY PUBLIC, STATE OF WASHINGTON]

AFFIDAVIT OF DEBORAH R. BEATON

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 5 of 5

