Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

                      Plaintiff,

      v.

JPMORGAN CHASE BANK N.A.,
NORTHWEST TRUSTEE SERVICES, INC.

                  Defendant.

NO.  11-CV-0872-RAJ

**DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES**

**NOTING DATE:** January 27, 2012

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys David A. Weibel and Barbara L. Bollero of Bishop, White, Marshall & Weibel, P.S., moves for dismissal of Plaintiff's [First] Amended Verified Complaint for Damages [Dkt. 34] for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and for release of the impermissible, unauthorized lien filings and instruments Ms. Beaton has recorded against the real property she formerly owned.

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 1

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

As did her original Complaint [Dkt. 1], also subject to a dismissal motion [Dkts. 25, 28], Plaintiff's [First] Amended Complaint has all the hallmarks of an internet foreclosure avoidance scheme, regarding which both federal and private agencies have issued consumer warnings to individuals in Ms. Beaton's circumstances [RJN[1], Fact Ten, Exs. Ten - Thirteen].[2]   The majority of Plaintiff's [First] Amended Complaint and related filings is identically worded to similar Complaints and related filings now pending before, or previously dismissed by, Courts in this District.[3]   The causes of action are circuitously worded, cite inapplicable authorities, and attempt to state claims previously held invalid by this and other of this District's Courts.

Plaintiff's claims arise from the nonjudicial foreclosure and Trustee's sale of her real property.  Ms. Beaton's [First] Amended Complaint against Chase fails for several reasons, most notably that:  (1) she failed to restrain the Trustee's sale of her property, so all but three of her potential claims are barred; (2) Chase has no liability for claims arising from Washington Mutual Bank ("WaMu") loans; and (3) Washington's Deeds of Trust Act, RCW 61.24.005, *et seq.,* has been previously upheld against the same constitutional challenges she

---

[1] "RJN" refers to Chase's Request for Judicial Notice, filed and served herewith.

[2] Notably, Plaintiff has chosen to reference and include publications from one of the same federal agencies, the Office of the Comptroller of the Currency ("OCC"), in her own pleadings.  [Dkt. 34-1, pp. 1, 13-16.]

[3] *See, e.g.,* Amended Complaint, Memorandum in Support of Amended Verified Complaint, and Affidavit of Note Maker in Support of Amended Verified Complaint in *Fay v. Nationstar Mtg., LLC, et al,* Case No. 3:11-cv-05458-BHS [Dkts. 25, 26, 30]; First Amended Verified Complaint, Memorandum in Support of Amended Verified Complaint, and Affidavit of Note Maker in Support of Amended Verified Complaint in *Ronzone v. Aurora Loan Services, LLC, et al,* Case No. 3:11-cv-05025-BHS [Dkts. 26, 26-1, 26-2].

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 2

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1    asserts.   Further, the causes of action which mention Chase are so ambiguously pled that they

2    cannot support any claim against it.

3        Because Ms. Beaton was previously given leave to amend to state claims against

4    Chase and was unable to do so, her [First] Amended Complaint should be dismissed with

5    prejudice.

6        **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

7    **A.    <u>Factual History</u>.**

8        On or about August 28, 2006, Plaintiff Deborah R. Beaton purchased the real property

9    and improvements thereon commonly known as 22650 24th Ave. S., Des Moines, Washington

10   98198 (the "Property").   [RJN, Fact One, Ex. One; Dkt. 34, pp. 1-2, 14-16.]   Ms. Beaton

11   funded the purchase by a loan from Washington Mutual Bank ("WaMu") in the principal

12   amount of $271,960.00, evidenced by a Promissory Note she drew payable to WaMu in that

13   amount, dated August 28, 2006 (the "Note").   [RJN, Fact Two, Ex. Two; Dkt. 34, p. 4; Dkt.

14   34-2, p. 1.]   The Note was secured by a Deed of Trust against the Property of the same date,

15   identifying WaMu as the "Lender," Ms. Beaton as the "Borrower," and Ticor Title Company

16   as the "Trustee" (the "Deed of Trust").   [RJN, Fact Three, Ex. Three; Dkt. 34, pp. 4, 18-33.]

17       Just over two years after Ms. Beaton obtained her home loan, on September 25, 2008,

18   the Office of Thrift Supervision closed WaMu and appointed the FDIC as Receiver for

19   WaMu.   [RJN, Fact Four, Ex. Four.]   Thereafter, Chase purchased certain of WaMu's assets,

20   including Ms. Beaton's loan.   [RJN, Fact Five, Ex. Five.]   As WaMu's successor, Chase

21   chose to appoint a Successor Trustee for the Deed of Trust, Defendant Northwest Trustee

22   Services, Inc. ("NWTS").   [RJN, Fact Six, Ex. Six; Dkt. 34, p. 35.]

23

24   DEFENDANT CHASE'S FRCP              BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     12(b)(6) MOTION TO DISMISS                720 OLIVE WAY, SUITE 1201
25   PLAINTIFF'S [FIRST] AMENDED          SEATTLE, WASHINGTON 98101-1801
     COMPLAINT FOR DAMAGES - 3           206/622-5306 FAX:  206/622-0354

     NO.  11-CV-0872-RAJ

1   Approximately two years after Chase purchased Ms. Beaton's loan, on or about June

2   1, 2010, Ms. Beaton defaulted in making her home loan payments and failed to cure the

3   default. [RJN, Fact Seven, Ex. Seven; Dkt. 34, p. 38.] The Trustee of the Deed of Trust,

4   NWTS, served Ms. Beaton with a Notice of Trustee's Sale, scheduling the Trustee's sale for

5   March 18, 2011. [*Id.*; Dkt. 34, pp. 4, 37-40.] On June 3, 2011, the Property was sold at the

6   Trustee's sale. [Dkt. 34, p. 4.]

7   Before the Trustee's sale, on March 1, 2011, Ms. Beaton caused to be recorded the

8   following four instruments against her property:

9       1.  Uniform Commercial Code ("UCC") "Common Law Claim of Sweat Equity" lien

10          claim in the amount of $2,033,236.08;

11       2.  "Common Law Lien in the Nature of a Mechanics Lien for Services" claim in the

12          amount of $25,000.00;

13       3.  "Notice and Declaration of Retroactive Revocation of Power of Attorney"; and

14       4.  "Modification of Deed of Trust Rider."

15   [RJN, Fact Eight, Ex. Eight.]

16   On April 19, 2011, Plaintiff also caused to be recorded with the King County

17   Auditor's Office a document titled "Affidavit of Interest/Non-Abandonment," which appears

18   in the land title records concerning the Property. [RJN, Fact Nine, Ex. Nine.] In that

19   document, Ms. Beaton purports to "cancel" the Deed of Trust. [*Id.*]

20   **B.**  **<u>Procedural History</u>.**

21   Nine days before the Trustee's sale, on May 25, 2011, Plaintiff filed her original

22   Complaint in this action for declaratory and injunctive relief against Chase and NWTS to

23   quiet title to the Property. [Dkt. 1.] Two days later, she moved to restrain the Trustee's Sale

DEFENDANT CHASE'S FRCP          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
24   12(b)(6) MOTION TO DISMISS         720 OLIVE WAY, SUITE 1201
PLAINTIFF'S [FIRST] AMENDED       SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 4       206/622-5306 FAX: 206/622-0354

NO. 11-CV-0872-RAJ

1    scheduled by NWTS [Dkt. 3], and also requested a preliminary injunction [Dkt. 4].  Both

2    motions were denied [Dkt. 7], as were Plaintiff's subsequent amended motions for the same

3    relief [Dkts. 8, 9, 13].  Plaintiff's third bite at the apple, an *ex parte* request for a Temporary

4    Restraining Order was similarly denied.  [Dkts. 14, 16.]  Accordingly, the Property was sold

5    at the Trustee's sale.  [Dkt. 34, p. 4.]

6        On July 22, 2011, NWTS filed a dismissal motion for failure to state a claim, which

7    was joined by Chase.   [Dkts. 25, 28.]   Plaintiff opposed dismissal, and simultaneously

8    requested leave to amend.  [Dkts. 29, 30.]  The Court allowed Plaintiff's amendment, and

9    found the dismissal motion moot.   [Dkt. 33.]   The present [First] Amended Complaint

10   followed [Dkt. 34], along with Ms. Beaton's "Memorandum in Support of Amended Verified

11   Complaint" [Dkt. 34-1] and "Affidavit of Note Maker in Support of Amended Verified

12   Complaint" [Dkt. 34-2].

### III.    STATEMENT OF ISSUES

13

14   1.    Because Plaintiff's Amended Complaint fails to state a claim upon which

15   relief may be granted against Chase, should the Court dismiss it with prejudice pursuant to

16   Fed. R. Civ. P. 12(b)(6) as a matter of law?

17   2.    Due to Plaintiff's failure to comply with the statutory prerequisites of RCW

18   4.28.320, should the Court enter an order extinguishing and releasing the UCC lien and

19   "Affidavit of Interest/Non-Abandonment" that Ms. Beaton recorded against the subject

20   Property?

21   3.    Because Ms. Beaton's remaining filings are frivolous liens under RCW

22   60.04.081, should the Court enter an order extinguishing and releasing Plaintiff's recorded

23   instruments against the subject Property?

DEFENDANT CHASE'S FRCP                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
24   12(b)(6) MOTION TO DISMISS                      720 OLIVE WAY, SUITE 1201
PLAINTIFF'S [FIRST] AMENDED                  SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 5               206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

## IV.     AUTHORITY AND ARGUMENT

### A.     Plaintiff Waived All but Three Claims by Failing to Timely Enjoin the Trustee's Sale.

Washington's Deeds of Trust Act, RCW 61.24.005, *et seq.* ("DOTA"), has three goals for the nonjudicial foreclosure process, including that it: (1) be efficient and inexpensive; (2) result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) promote stability of land titles. *Plein v. Lackey*, 149 Wn.2d 214, 225-226 (2003) (citing *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985); *Country Express Stores, Inc. v. Sims*, 87 Wn. App. 741, 747-48, 943 P.2d 374 (1997); Joseph L. Hoffmann, Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 WASH. L. REV. 323, 330 (1984)).

DOTA includes a specific procedure for stopping a Trustee's sale so that an action contesting default may proceed, by an interested party moving "to restrain" the Trustee's sale "on any proper ground."  RCW 61.24.130(1).  This statutory procedure is "the *only* means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox, supra,* 103 Wn.2d at 388 (emphasis supplied).

But when a party fails to take advantage of this statutory remedy, he is deemed to have waived any claims associated with the Note and Deed of Trust being foreclosed.  The Washington Supreme Court case of *Plein v. Lackey* makes this quite clear, holding that waiver of any post-sale contest occurs where a party: (1) received notice of the right to enjoin the sale; (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale; and (3) nevertheless failed to obtain a court order enjoining the sale. *Plein, supra,* 149 Wn.2d at 227-229 (*en banc*).

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 6

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1    Except for three specific claims set forth in RCW 61.24.127, claims sounding in

2    both contract and tort are lost by failing to enjoin foreclosure proceedings prior to the sale.[4]

3    In *In re Marriage of Kaseburg,* 126 Wn. App. 546, 554-55, 108 P.3d 1278 (2005), the wife

4    in a dissolution proceeding claimed she had been the victim of fraud, the promissory note

5    was inflated, and the husband had wasted and mishandled community assets.  The court

6    held that a person waives the right to contest the underlying obligation in foreclosure

7    proceedings when there is no attempt to employ the pre-sale remedies under RCW

8    61.24.130.  *Id.,* 126 Wn. App. at 558.  As a result, the wife waived her claims.  *Id.,* at 559.

9        In *Hallas v. Ameriquest Mortgage Company*, 406 F. Supp. 2d 1176 (D. Or. 2005),

10   the plaintiff filed various post-sale claims.  Applying Washington law, the court held that

11   although some of the claims *may* have provided a defense to foreclosure, the plaintiff

12   waived her right to bring those claims after the sale.  *Id.,* at 1182.  More recently, in *CHD,*

13   *Inc. v. Virginia Boyles*, 2007 Wash. App. LEXIS 721 157 P.3d 415 (April 19, 2007),

14   Division Three of the Court of Appeals found the waiver doctrine barred a limitations

15   defense against the Note and Deed of Trust underlying the subject foreclosure.

16       Here, although she attempted to do so, Ms. Beaton failed to enjoin the Trustee's

17   sale.  As in the cited cases, even if any of her claims could have provided a defense to the

18   foreclosure, she failed to succeed in following the procedural requirements for bringing

19   them.  Consequently, she should not be allowed to do so at this late juncture.  If that were

20   allowed, no party would ever need to challenge a foreclosure prior to the sale date, as they

---

22   [4] The three claims which may survive a borrower's failure to enjoin the Trustee's sale are: (a) common law
23   fraud or misrepresentation; (b) violation of the Consumer Protection Act; and (c) the Trustee's failure to
     materially comply with DOTA.

24   DEFENDANT CHASE'S FRCP                          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     12(b)(6) MOTION TO DISMISS                            720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S [FIRST] AMENDED                      SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 7                         206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

1    could wait to bring post-sale damage claims, effectively challenging the sale after it was

2    held.  Such a result would be contrary to the purpose and intent of DOTA, and render the

3    cited authorities meaningless.

4        Accordingly, as a matter of law, all of Plaintiff's claims are barred, other than any

5    she may be attempting to plead for common law fraud or misrepresentation, CPA

6    violations, and the Trustee's failure to materially comply with DOTA.  To the extent Ms.

7    Beaton may be attempting to plead any of those three claims, they, too, are barred, as

8    discussed *infra.*

9    **B.    Chase is Not Liable for WaMu's Conduct.**

10        Although not a model of clarity, it appears Plaintiff's [First] Amended Complaint

11   asserts Chase is liable for the alleged conduct of WaMu.  That claim fails, because such

12   liability is not supported by law, and is contrary to the facts which this Court may

13   judicially notice.

14        On September 25, 2008, the Office of Thrift Supervision closed WaMu and

15   appointed the FDIC as its Receiver.  [RJN, Fact Four, Ex. Four.]  When the FDIC is

16   appointed as Receiver, it succeeds to "all rights, titles, powers and privileges of" the failed

17   institution, and may "take over the assets of and operate" the failed institution with all of

18   the powers thereof.  12 U.S.C. §§1821(d)(2)(A)(i), 1821(d)(2)(B)(i).  The powers of the

19   FDIC as Receiver include the ability to transfer the failed institution's assets and liabilities

20   through Purchase and Assumption Agreements ("PAA's").  *Id.* §1821(d)(2)(G)(i).

21        On September 25, 2008, the same day that the FDIC was appointed as Receiver for

22   WaMu, the bulk of WaMu's assets were transferred to Chase pursuant to a PAA (the

23   "Agreement") entered between the FDIC as Receiver and Chase.  [RJN, Fact Four, Ex.

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 8

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

Four.]    Article 2.5 of that Agreement expressly provides that Chase did *not* assume

WaMu's potential liabilities associated with any borrowers' claims:

> **2.5 Borrower Claims.** Notwithstanding anything to the contrary in this Agreement, ***any liability*** associated with borrower claims for *payment of or liability to any borrower for monetary relief*, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, ***related in any way to any loan or commitment to lend made by the Failed Bank [WaMu]*** *prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank*, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities ***are specifically <u>not</u> assumed by the Assuming Bank [Chase]***.

*Id*., Ex. Four, p. 9 (emphasis supplied).

This term of the Agreement has been addressed by other Courts.  All have held that the FDIC – and *not* Chase – retained liability for borrower claims relating to any WaMu loans and lending activities.  In denying Plaintiff's motion to substitute Chase as a party defendant in a lawsuit originally brought against WaMu, the U.S. Court of Appeals for the First Circuit held that the FDIC was the real party in interest:

> When Washington Mutual failed, [Chase] acquired many assets but its agreement with the FDIC retains for the FDIC "any liability associated with borrower claims for payment or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower's." Thus, the FDIC was and remains the appropriate party in interest.

*Yelomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009).

By the Agreement's terms, "JPMorgan Chase expressly disclaimed assumption of liability arising from borrower claims ....  This section leaves the FDIC as the responsible

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 9

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

1   party with respect to those claims." *Cassese v. Wa. Mu. Bank,* 2:05-CV-02724-ADS-ARL,

2   slip op. at 6 (E.D.N.Y. Dec. 22, 2008); *see also Payne v. Sec'y. Svgs. & Loan Assoc.,* 924

3   F.2d 109, 111 (7th Cir.1991) ("Absent an express transfer of liability by the [Receiver] and

4   an express assumption of liability by [the acquiring bank], [the Financial Institutions

5   Reform Recovery and Enforcement Act of 1989] directs that [the Receiver] is the proper

6   successor to the liability at issue here.").

7       In short, while Ms. Beaton *potentially* could state one or more of the three RCW

8   61.24.127 allowed claims against the FDIC as Receiver for WaMu's actions in initiating

9   and/or servicing her home loan, she *cannot* maintain those claims against Chase.  *See,*

10  *Hilton v. Wa. Mu. Bank*, Case no. 3:09-cv-01191-SI (N.D.Ca. Oct. 28, 2009) at p. 4-5 and

11  fn. 5.  Accordingly, to the extent Plaintiff's claims arise from WaMu's actions, they cannot

12  be asserted against Chase, as a matter of law.

13  **C.       The Deed of Trust Act is Constitutional.**

14      Ms. Beaton contends Washington's Deed of Trust Act, RCW 61.24, *et seq.*

15  ("DOTA")*,* is unconstitutional.  [Dkt. 34, pp. 3-7; Dkt. 34-1.]  Lacking any persuasive

16  argument by Plaintiff, this Court must presume DOTA is constitutional.  "An act of the

17  legislature is presumed to be constitutional and valid and ought not be declared invalid

18  unless it appears to be so beyond a reasonable doubt." *Kennebec, Inc. v. Bank of the West,*

19  88 Wn.2d 718, 720-21, 565 P.2d 812 (1977).

20      Moreover, the constitutionality of DOTA is settled in this district.  Vague claims

21  challenging proceedings under and the constitutionality of DOTA on a variety of issues,

22  including whether the Act violates a borrower's civil rights, have been addressed and

23  soundly rejected by a number of courts.  *See, e.g., Donovick v. Seattle-First Nat'l. Bank,*

24

25

DEFENDANT CHASE'S FRCP                         BISHOP WHITE, MARSHALL & WEIBEL, P.S.
12(b)(6) MOTION TO DISMISS                              720 OLIVE WAY, SUITE 1201
PLAINTIFF'S [FIRST] AMENDED                        SEATTLE, WASHINGTON 98101-1801
COMPLAINT FOR DAMAGES - 10                        206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

111 Wn.2d 413, 416, 757 P.2d 1378 (1988) ("Reading the entirety of RCW 61. 24 in the context of the mortgage laws and the history of deed of trust legislation, it is apparent that there was contemplated a quid pro quo between lenders and borrowers."); *Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985) ("The act contains several safeguards to ensure that the nonjudicial foreclosure process is fair and free from surprise."); *Kennebec, Inc. v. Bank of the West,* 88 Wn.2d 718, 726, 565 P.2d 812 (1977) ("We hold that RCW 61.24, as it existed prior to the 1975 amendments, is passive state involvement and does not constitute significant 'state action' and, therefore, it is neither violative of the due process clause of the Fourteenth Amendment nor of article 1, section 3 of the Washington State Constitution."); *Hanson v. Wells Fargo Bank, N.A.,* 2011 WL 2144836, *4 (W.D.Wash.2011) ("Plaintiff's constitutional arguments also lack merit. As the Washington Supreme Court held in 1977, the [DOTA] does not violate the due process clause of the Fourteenth Amendment to the United States Constitution. ... This Court sees no compelling reason to depart from [that] reasoning .... Similarly, plaintiff's claim that the United States Constitution's Thirteenth Amendment prohibition on involuntary servitude somehow invalidates the [DOTA] is frivolous."); *Abarquez v. OneWest Bank, FSB,* 2011 WL 1459458, *3 (W.D.Wash.2011) (Dismissing with prejudice DOTA nonjudicial foreclosure claims under U.S. Constitution and Seventh, Thirteenth and Fourteenth Amendments because, "[t]he complaint is devoid of any further references to these allegations, other than a conclusory assertion that defendant 'deprived the Plaintiffs of civil rights, due process of law and equal protection under the law.'"); *Pavino v. Bank of America, N.A.,* 2011 WL 834146, *3 (W.D.Wash.2011) ("The [DOTA] involves no state action and therefore, is not violative of the Fourteenth Amendment.").

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 11

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1    For the same reasons, Ms. Beaton's constitutional challenge to DOTA in her [First]

2    Amended Complaint and related pleadings is meritless.

3    **D.    Premised on the Same Flawed Allegations, Any New Claims are Fatally Defective.**

4

5    All of Plaintiff's claims rest on the same assertions plead in her initial Complaint –

6    that Defendants are not her original creditors, and therefore lack standing to foreclose her

7    mortgage.   However, as numerous Courts have concluded previously, "[defendants'] so-

8    called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall,*

9    *P.S.,* 2010 WL 1186276 (W.D.Wash.) (*quoting*, *Diessner v. Mtg. Elec. Reg. Sys., Inc.,* 618

10   F.Supp.2d 1184, 1187 (D.Ariz.) (collecting cases).[5]   Accordingly, any and all claims based

11   on those allegations, without more, are fundamentally flawed.

12   A Complaint essentially identical to Ms. Beaton's [First] Amended Complaint was

13   considered – and rejected – by the Court in *Fay v. Mtg. Elec. Reg. Sys., Inc., et al,* 2011

14   WL 5119382 (W.D.Wash.).   The list of borrower's claims there matches precisely

15   Plaintiff's [First] Amended Complaint claims here.  (*Compare, Fay, supra,* at *2,[6] with

16   Dkt. 26.)  In considering the borrower's motion for a preliminary injunction after twice

17   denying him a restraining order against continued prosecution of a nonjudicial foreclosure,

18   the *Fay* Court held:

19

20   [5] The Court's ruling in *Freeston,* 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09–5560-BHS, Dkts. 91, 93).

21   [6] "Based on the foregoing, [the borrower] brings claims against Defendants for: (1) Disparity; (2) Breach of
22   Contract; (3) Equitable Estoppel/Invalid Debt; (4) Erroneous Credit Reporting; (5) Foreclosure of Incorrect Note/Mistaken Promissory Note;  (6)  Forfeiture on Foreclosure;  (7)  Recoupment and Setoff/False Claim/Erroneous Alleged Default; (8) Material Violations; and (9) Slander of Title." *Fay, supra,* at *2.

23

24   DEFENDANT CHASE'S FRCP                              BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     12(b)(6) MOTION TO DISMISS                          720 OLIVE WAY, SUITE 1201
25   PLAINTIFF'S [FIRST] AMENDED                         SEATTLE, WASHINGTON 98101-1801
     COMPLAINT FOR DAMAGES - 12                         206/622-5306  FAX:  206/622-0354

     NO.  11-CV-0872-RAJ

Turning to the likelihood of success on, or serious questions raised to, the merits of [the borrower's] claims, *[he] has failed to make an adequate showing*.   Indeed it is unclear from his complaint and amended complaint exactly what claims he is trying to assert, although Defendants attempted to respond to the claims they understood [him] to be bringing.   …   ***[The borrower] does not contend that he has made payments on his mortgage or that the arrearage of debt is not owed; nor does he dispute that he took out the … loan.***   *He has failed* to provide sufficient, competent evidence *to refute the notice of sale* which he received from [defendant] and supplied to the Court as an attachment to his motion.   The notice of sale evidences that [he], at the time the notice was served, was … in arrears on his mortgage.

*Fay,* at *3 (emphasis supplied).

Similarly, in *Hanson v. USBank, N.A.,* 2011 WL 5864722, *3 (W.D.Wash.), the identical claims were plead as in the *Fay* Complaint and by Ms. Beaton here.[7]   The Court noted the borrower's "claims arise out of the foreclosure of the property he pledged as security for *a loan he admits taking and not paying*," (*id.,* at *1 (emphasis supplied)), and that the borrower nevertheless "denies being in default, but has not and apparently *cannot allege that he has made the required payments on the Note*" (*id.,* at *3 (emphasis supplied)).

Based on those allegations, the Court summarily rejected each and every one of the borrower's 12 enumerated claims, identical to the claims plead by Ms. Beaton here.   *Hanson, supra,* at *3-4.  For *each* claim, the Court found *none* of them "viable as a matter

---

[7] "The claims asserted are described as follows: disparity; breach of contract—unanswered QWR; equitable estoppel—invalid debt; erroneous credit reporting; foreclosure on incorrect note; forfeiture on foreclosure; recoupment and setoff; False claim—failed endorsement; erroneous alleged default; material violations-Washington Deed of Trust Act; Slander of Title—notice of trustee's sale; and Declaratory relief regarding MERS's status as a beneficiary." *Hanson, supra,* at *3.

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 13

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

1    of law," and held that "permitting amendment to assert [such claims] would be *futile*." *Id.*

2    *(emphasis supplied).*

3         Ms. Beaton has denied her "intentions" with respect to drawing the subject Note.

4    [Dkt. 34-2.]  Nevertheless, she has placed evidence of and references to that Note before

5    the Court numerous times.  [*See, e.g.,* Dkt. 1, p. 4; Dkt. 1-1, pp. 6, 23, 61; RJN, Fact One,

6    Ex. One.]  Indeed, she admits she "executed" the Note and Deed of Trust [Dkt. 1, p. 4],

7    and is in fact the "author[] [of] the Note referenced in [that precise] Deed of Trust [that

8    Defendants are foreclosing]" [Dkt. 34-2, p. 1].

9         But Ms. Beaton *never,* in the hundreds of pages of pleadings she has filed with this

10   Court, asserts that she is *not* in default under the Note and Deed of Trust, and that she

11   made all payments due thereunder.  Rather, she only contends that the "validity of the

12   alleged debt" is disputed.  [Dkt. 34, pp. 4, 6.]

13        The simple fact is that Plaintiff's claims fail to withstand scrutiny.  They are

14   garbled, meaningless, and based on the uncontroverted facts, do not state viable causes of

15   action against Chase.  Accordingly, Chase requests it be dismissed from this action, with

16   prejudice.

17   **E.    Claims Supported Only by Mere Conclusory Allegations Must be Dismissed.**

18        This Court may dismiss Plaintiff's claims if it appears beyond doubt that no set of

19   facts can be proved entitling her to relief.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th

20   Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

21   Plaintiff must specifically plead factual allegations; vague and conclusory allegations fail

22   to state a claim.  *Colburn v. Upper Darby Twshp.*, 838 F.2d 663, 666 (3rd Cir. 1988).

23   Plaintiff's obligation to plead grounds for relief requires more than labels and conclusions

24   
25   

DEFENDANT CHASE'S FRCP                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
12(b)(6) MOTION TO DISMISS                         720 OLIVE WAY, SUITE 1201
PLAINTIFF'S [FIRST] AMENDED                   SEATTLE, WASHINGTON 98101-1801
COMPLAINT FOR DAMAGES - 14                     206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

1    – a formulaic recitation of the action's elements will not suffice.  *Bell Atlantic Corp. v.*

2    *Twombly*, 550 U.S. 544, 560-63, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007).

3         Factual allegations must be enough to raise plaintiff's right to relief above the

4    speculative level.  *Id*.  If a claim is based on the proper legal theory but does not

5    sufficiently allege facts, plaintiff should be granted an opportunity to amend.  *Keniston v.*

6    *Roberts*, 717 F.2d at 1300.  However, if the claim is not based on a proper legal theory, it

7    should be dismissed.  *Id*.

8         Here, both Ms. Beaton's original and Amended Complaints, along with her

9    assorted related filings [Dkts. 1, 1-1, 3, 4, 8, 9, 14, 15, 15-1, 15-2, 34, 34-1, 34-2],  fail to

10   state any claims because they are impermissibly vague and conclusory, not to mention

11   extraordinarily confusing.  The Amended Complaint, related filings and attachments are

12   disorganized, argumentative, and include excerpts of cases, quotations, and citations to

13   out-of-state law – without any suggestion whatsoever as to whether that law is controlling

14   and, if so, why.  Besides neglecting to allege any specific elements of statutory claims, the

15   Complaints neglect to state how those elements ostensibly apply to any individual

16   defendant's purported actions against Ms. Beaton.

17        A Rule 12(b)(6) dismissal may be based on either lack of a cognizable legal theory,

18   or insufficient facts under a cognizable legal theory.  *SmileCare Dental Group v. Delta*

19   *Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th Cir.), *cert den'd.,* 519 U.S. 1028 (1996).

20   Plaintiff has failed to plead either here.  In the absence of such allegations and supporting

21   facts, Chase's dismissal motion should be granted.

22

23

24   DEFENDANT CHASE'S FRCP                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     12(b)(6) MOTION TO DISMISS                          720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S [FIRST] AMENDED                    SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 15                   206/622-5306  FAX:  206/622-0354

     NO.  11-CV-0872-RAJ

1   **F.      Plaintiff Fails to Plead Fraud with Particularity.**

2           Common law fraud is one of a borrower's three possible claims that may be

3   brought post-Trustee's sale.  RCW 61.24.127.  In her [First] Amended Complaint, Ms.

4   Beaton vaguely asserts fraud in the foreclosure proceedings, but with only minimal,

5   confusing factual allegations.  [Dkt. 34, pp. 7-8.]

6           Under the federal rules, a fraud claim must be stated with particularity.  *Fed. R.*

7   *Civ. P.* 9(b).  Accordingly, a plaintiff is required to detail facts that support each and every

8   element of a fraud claim.  Merely alleging fraud is insufficient; instead, Plaintiff "must

9   specify such facts as the times, dates, places, benefits received, and other details of the

10  alleged fraudulent activity."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  To

11  adequately plead fraud, plaintiffs are required to state the "who, what, when, where, and

12  how of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1125 (9th

13  Cir. 2009).

14          Here, Ms. Beaton did no such thing.  Indeed, the [First] Amended Complaint hardly

15  states any facts at all, and the facts that are alleged do not amount to fraud.  Ms. Beaton did

16  not assert facts showing she was knowingly misled or lied to by WaMu (let alone by

17  Chase), she acted upon any such false representations, she would have acted differently

18  had the alleged fraud not occurred, or that any allegedly misrepresented facts were

19  material.

20          Even if the alleged facts could be stretched to cover every requisite element of a

21  fraud claim, there is no allegation that Chase is responsible for WaMu's conduct – nor can

22  it be so responsible as a matter of law, as addressed above.  Accordingly, Plaintiff cannot

23

24  DEFENDANT CHASE'S FRCP                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    12(b)(6) MOTION TO DISMISS                       720 OLIVE WAY, SUITE 1201
    PLAINTIFF'S [FIRST] AMENDED                  SEATTLE, WASHINGTON 98101-1801
25  COMPLAINT FOR DAMAGES - 16                   206/622-5306  FAX:  206/622-0354

    NO.  11-CV-0872-RAJ

1    allege a viable fraud claim against Chase, and any such claim should be dismissed with

2    prejudice.

3    **G.      No Law Requires Production of the Original Note or Deed of Trust.**

4          Apparently to support a possible claim of the Trustee's failure to materially comply

5    with DOTA, Plaintiff rails at various courts' rulings that the lender or loan servicer need

6    not produce the original note to successfully pursue nonjudicial foreclosure.  [Dkt. 34-1,

7    pp. 7-9.]  Plaintiff's tired argument that Chase must produce the original Note to show its

8    entitlement to commence foreclosure proceedings has been soundly rejected in

9    Washington.[8]

10                In her complaint, [the plaintiff] contends that the Uniform
11                Commercial Code (UCC) §3-309 was violated because it was not
                 proven that the foreclosure trustee possessed the original note and
12                deed of trust.  …  However, as this Court has concluded before,
                 courts "have routinely held that [the plaintiff's] so called 'show me
13                the note' argument lacks merit." *Freeston v. Bishop, White &
                 Marshall, P.S.,* 2010 WL 1186276 (W.D.Wash., 2010) (quoting
14                *Diessner v. Mortgage Electronic Registration Systems,* 618
                 F.Supp.2d 1184, 1187 (D.Ariz.2009) (collecting cases)). The Court
15                finds that [the plaintiff] has failed to state a plausible claim for
                 relief based on Defendants' alleged failure to produce the original
16                promissory note. Therefore, the Court dismisses this claim.

17   *Wallis v. Indymac Fed. Bank,* --- F.Supp.2d ----, 2010 WL 2342530 (W.D.Wash.).

18         No Washington authority requires that a lender or servicer produce the original note

19   to the borrower for inspection at any time or in order to foreclose the mortgaged property.

20   Accordingly, Plaintiff has no claim for production of the original note and loan documents,

21

22   _____

23   [8] *See,* Appendix hereto.

     DEFENDANT CHASE'S FRCP                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
24   12(b)(6) MOTION TO DISMISS                        720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S [FIRST] AMENDED                    SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 17                     206/622-5306  FAX:  206/622-0354

     NO.  11-CV-0872-RAJ

1    and any claim based on that ostensible requirement fails to state a cause of action as a

2    matter of law.[9]

3    **H.       Plaintiff's Recorded Instruments Do Not Create the Basis for Any Claims.**

4            Ms. Beaton asserts a common law and/or UCC lien against the Property.  [RJN,

5    Fact Eight, Ex. Eight.]  She also attempts to unilaterally cancel the Note and Deed of Trust

6    by impermissibly recording an instrument with convoluted language, terms, and

7    allegations against the Property.  [RJN, Fact Nine, Ex. Nine.]

8            To the extent Ms. Beaton is attempting to assert a mechanic's lien, the purported

9    lien is fatally defective because it does not comply with RCW 60.04.091, which sets forth

10   requisites for a lien. *Lumberman's of Wash., Inc. v. Barnhardt,* 89 Wn. App. 283, 289, 949

11   P.2d 382 (1997) (a lien claim is invalid if it does not substantially comply with RCW

12   60.04.091).  Furthermore, only a registered contractor may assert such a lien claim.  RCW

13   60.04.041.  Ms. Beaton's lien not only fails to comply with the statutory requirements, but

14   there is no representation or assertion that she is a registered contractor.

15           To the extent Ms. Beaton may be asserting a chattel lien under RCW 60.08.010

16   through 60.08.080, the lien is similarly void.  A chattel lien is authorized for:

17                   Every person, firm or corporation who shall have performed
                     labor or furnished material in the construction or repair of
18                   any chattel at the request of its owner, shall have a lien upon
                     such chattel for such labor performed or material furnished,
19                   notwithstanding the fact that such chattel be surrendered to
                     the owner thereof: PROVIDED, HOWEVER,  That *no such*
20

21   [9] Plaintiff's briefing and arguments concerning the entitlement of Mortgage Electronic Registration Systems,
     Inc. ("MERS") to serve as the lender's nominee [Dkt. 34-1, pp. 2, 23-29] are spurious and should be stricken,
22   given that MERS was not appointed a Nominee in the Deed of Trust, and is not a party hereto.

23

24   DEFENDANT CHASE'S FRCP                       BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     12(b)(6) MOTION TO DISMISS                          720 OLIVE WAY, SUITE 1201
     PLAINTIFF'S [FIRST] AMENDED                  SEATTLE, WASHINGTON 98101-1801
25   COMPLAINT FOR DAMAGES - 18                    206/622-5306  FAX:  206/622-0354

     NO.  11-CV-0872-RAJ

> *lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons* who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title to such chattel in good faith, for value and without actual notice of the lien

RCW 60.08.010 (emphasis supplied).

Here, in essence, Plaintiff is claiming she owes herself a debt for her "sweat equity." It is common sense that a person cannot owe him or herself a debt. *Plein v. Lackey*, 111 Wn. App. 143, 151, 43 P.3d 1268, 1272, *rev'd. on other grounds,* 149 Wn.2d 214, 67 P.3d 1061 (2003). Cases in other jurisdictions have similarly ruled that "an owner cannot owe himself a debt." *Resolution Trust Corp. v. Indep. Mortgage Services, Inc.,* 519 N.W.2d 478, 482 (Minn.Ct.App.1994); *Fed. Land Bank of Omaha v. Boese,* 373 N.W.2d 118, 121 (Iowa 1985). Moreover, other courts have recognized that when a debtor pays the creditor, the debt is extinguished because no one can be simultaneously debtor and creditor of the same debt. *Kessler v. Tarrats,* 191 N.J. Super. 273, 466 A.2d 581, 587 (Ch. Div.1983), *aff'd.,* 194 N.J.Super. 136, 476 A.2d 326 (App.Div.1984). For this reason an assignment of a claim from a creditor to a debtor is, in legal effect, satisfaction and payment of the debt, and rights based on it are extinguished. *Home Indemnity Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 5, 459 P.2d 389 (1969). *See also Dial v. Inland Logging Co.,* 52 Wash. 81, 86, 100 P. 157 (1909) (observing "[a]n assignment of a claims by a creditor to the debtor is, in legal effect, a settlement and payment of the claim").

Consequently, Plaintiff's lien claim is fictitious and unenforceable based on a purported debt Ms. Beaton owes herself. As such, the claim is frivolous and this Court should order that it be extinguished and released.

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 19

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

**I.      The Instruments Recorded by Plaintiff Should be Released.**

RCW 4.28.320 sets forth the requirements that must be met to file a notice of the pendency of the action:

> In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, or whenever a writ of attachment of property shall be issued, or at anytime afterwards, the plaintiff or a defendant, when he sets up an affirmative cause of action in his answer, and demands substantive relief at the time of filing his answer, or at any time afterwards, if the same be intended to affect real property, may file with the auditor of each county in which the property is situated *a notice of the pendency of the action, containing the **names** of the parties, the **object** of the action, and a **description** of the real property in that county affected thereby.*

RCW 4.28.320 (emphasis supplied).

In this case, if the action is dismissed as requested by this motion, Ms. Beaton's "Affidavit of Interest/Non-Abandonment" may still appear as a cloud against title to the Property.   Chase therefore requests the Court enter an order also extinguishing and releasing that instrument.

## V.      CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's [First] Amended Complaint should be dismissed against Chase for its failure to state a claim upon which relief may be granted.  In addition, the instruments recorded by Plaintiff are without any legal basis, frivolous, and should be stricken.  Simply put, after two attempts and several rulings by this Court, Plaintiff has failed to establish that she has any viable claims against Chase.

Based upon the foregoing, Chase respectfully requests the Court dismiss Plaintiff's claims with prejudice, and extinguish and release the instruments recorded by Plaintiff.

DEFENDANT CHASE'S FRCP                          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
12(b)(6) MOTION TO DISMISS                          720 OLIVE WAY, SUITE 1201
PLAINTIFF'S [FIRST] AMENDED                          SEATTLE, WASHINGTON 98101-1801
COMPLAINT FOR DAMAGES - 20                          206/622-5306  FAX:  206/622-0354

NO.  11-CV-0872-RAJ

1      Dated this 3rd day of January, 2012.

2                                  /s/ Barbara L. Bollero
3                                  David A. Weibel, WSBA #24031
                                   Barbara L. Bollero, WSBA #28906
4                                  BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
                                   720 Olive Way, Suite 1201
5                                  Seattle, WA  98101
                                   (206) 622-5306, Ext.5918
6                                  Email:  dweibel@bwmlegal.com
7                                  Email:  bbollero@bwmlegal.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
       DEFENDANT CHASE'S FRCP              BISHOP WHITE, MARSHALL & WEIBEL, P.S.
24     12(b)(6) MOTION TO DISMISS               720 OLIVE WAY, SUITE 1201
       PLAINTIFF'S [FIRST] AMENDED           SEATTLE, WASHINGTON 98101-1801
25     COMPLAINT FOR DAMAGES - 21          206/622-5306  FAX:  206/622-0354

       NO.  11-CV-0872-RAJ