Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

                Plaintiff,

   v.

JPMORGAN CHASE BANK N.A.,
NORTHWEST TRUSTEE SERVICES, INC.

                Defendant.

NO.  11-CV-0872-RAJ

**DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES**

**NOTING DATE:** January 27, 2012

## I.    INTRODUCTION AND RELIEF REQUESTED

In conjunction with its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's [First] Amended Complaint for Damages, Defendant JPMorgan Chase Bank, NA, an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 1

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  Insurance Corporation ("Chase"), requests the Court take judicial notice of certain facts
2  pertinent to its motion, supported by recorded and other documents, pursuant to Fed. R.
3  Ev. 201.

## II.      STATEMENT OF LAW

Judicial notice may be taken at any stage of the proceeding. Fed. R. Ev. 201(d). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Ev. 201(d). A judicially noted fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(c)(2).

Documents whose contents are alleged in a complaint but which are not physically attached to the pleading may be considered in ruling on a CR 12(b)(6) and Fed. R. Civ. P. 12(b)(6) dismissal motion. *Rodriguez v. Loudeye Corp.,* 144 Wn.App. 709, 726, 189 P.3d 168 (2008); *also see, e.g., Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.), *cert. den'd.,* 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994), *overruled on other grounds by Galbraith v. Co. of Santa Clara,* 307 F.3d 1119 (9th Cir.2002); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405, n. 4 (9th Cir.1996) (appropriate for trial court to consider other portions of a document referenced in a complaint in a motion to dismiss and doing so does not convert the motion into one for summary judgment), *cert. den'd.,* 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 308 (1997).

The existence and fact of recorded documents are appropriate subjects of judicial notice, as they satisfy the requirements of Fed. R. Ev. 201(b)(2). Indeed, numerous cases

1  Insurance Corporation ("Chase"), requests the Court take judicial notice of certain facts
2  pertinent to its motion, supported by recorded and other documents, pursuant to Fed. R.
3  Ev. 201.

## II.      STATEMENT OF LAW

Judicial notice may be taken at any stage of the proceeding. Fed. R. Ev. 201(d). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Ev. 201(d). A judicially noted fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(c)(2).

Documents whose contents are alleged in a complaint but which are not physically attached to the pleading may be considered in ruling on a CR 12(b)(6) and Fed. R. Civ. P. 12(b)(6) dismissal motion. *Rodriguez v. Loudeye Corp.,* 144 Wn.App. 709, 726, 189 P.3d 168 (2008); *also see, e.g., Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.), *cert. den'd.,* 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994), *overruled on other grounds by Galbraith v. Co. of Santa Clara,* 307 F.3d 1119 (9th Cir.2002); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405, n. 4 (9th Cir.1996) (appropriate for trial court to consider other portions of a document referenced in a complaint in a motion to dismiss and doing so does not convert the motion into one for summary judgment), *cert. den'd.,* 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 308 (1997).

The existence and fact of recorded documents are appropriate subjects of judicial notice, as they satisfy the requirements of Fed. R. Ev. 201(b)(2). Indeed, numerous cases

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 2

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

arising from borrowers' challenges to institution of nonjudicial foreclosure proceedings, as here, specifically hold that judicial notice of the Note, Deed of Trust, Notice of Trustee's Sale, and related documents is appropriate, and does not convert a dismissal motion into one for summary judgment. *See, e.g., St. John v. Northwest Trustee Svcs., Inc.,* 2011 WL 4543658, *2, n. 1 (W.D.Wash.) ("A court may take judicial notice of authentic documents that are publicly recorded, attached to or relied extensively upon in a plaintiff's complaint."); *Corales v. Flagstar Bank, FSB,* 2011 WL 4899957, *10 (W.D.Wash.) (Granting dismissal, stating "a review of the various publically recorded documents that were submitted … supports [defendant's] motion to dismiss …."); *Gruendl v. Wells Fargo Bank, N.A.,* 2011 WL 1885386, *1 (W.D.Wash.) ("The Court also considered the deed of trust, notice of trustee's sale, and the trustee's deed because they have been recorded in the Whatcom County Auditor's office."); *Ballard v. Bank of America, N.A.,* 2011 WL 941006, *2 (W.D.Wash.) ("The Court may take judicial notice of publicly recorded documents without converting the instant motion to one for summary judgment. … Therefore, the Court considers [the] note and deed of trust …."); *Joern v. Ocwen Loan Svcg., LLC,* 2010 WL 3516907, *2 (E.D.Wash.) (Court took judicial notice of matters of public record.).

Chase requests judicial notice of the following facts, recorded instruments concerning Plaintiff's subject Property, and documents referenced in and/or attached to Plaintiff's [First] Amended Complaint:

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 3

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

### III.     REQUESTED FACTS AND SOURCE

**Fact One:**  On or about August 28, 2006, Plaintiff Deborah R. Beaton purchased the real property and improvements thereon commonly known as 22650 24th Ave. S., Des Moines, Washington 98198 (the "Property").

**Source One:**   Statutory Warranty Deed dated August 29, 2006, and recorded on September 6, 2006, as King Co. Auditor's No. 20060906002230, a true and correct copy of which is attached hereto as **Exhibit 1.**

**Fact Two:**  Ms. Beaton funded the purchase by a loan from Washington Mutual Bank ("WaMu") in the principal amount of $271,960.00, evidenced by a Promissory Note she drew payable to WaMu in that amount, dated August 28, 2006 (the "Note").

**Source Two:**  Promissory Note dated August 28, 2006, a true and correct copy of which is attached hereto as **Exhibit 2.**

**Fact Three:**  The Note was secured by a Deed of Trust against the Property date August 28, 2006, identifying WaMu as the "Lender," Ms. Beaton as the "Borrower," and Ticor Title Company as the "Trustee" (the "Deed of Trust").

**Source Three:**  Deed of Trust dated August 28, 2006, and recorded on September 6, 2006, as King Co. Auditor's No. 20060906002231, a true and correct copy of which is attached hereto as **Exhibit 3.**

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 4

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  **Fact Four:**  On September 25, 2008, the Office of Thrift Supervision closed Washington
2  Mutual Bank and appointed the FDIC as Receiver for Washington Mutual Bank.
3  **Source Four:**  Office of Thrift Supervision Receivership Order dated September 25, 2008, a
4  true and correct copy of which is attached hereto as **Exhibit 4.**
5

6  **Fact Five:**  On September 25, 2008, Chase purchased certain of WaMu's assets, including
7  Ms. Beaton's loan, but expressly disaffirmed liability for any potential claims which may be
8  asserted by WaMu's borrowers arising from existing WaMu loans.
9  **Source Five:**  Selected portions of Purchase and Assumption Agreement dated September 25,
10  2008, a true and correct copy of which is attached hereto as **Exhibit 5.**
11

12  **Fact Six:**  As WaMu's successor in interest to Ms. Beaton's loan, Chase chose to appoint a
13  Successor Trustee for the Deed of Trust, Defendant Northwest Trustee Services, Inc.
14  ("NWTS").
15  **Source Six:**  Appointment of Successor Trustee dated November 29, 2010, and recorded on
16  December 1, 2010, as King Co. Auditor's No. 20101201001577, a true and correct copy of
17  which is attached hereto as **Exhibit 6.**
18

19  **Fact Seven:**  Approximately two years after Chase purchased Ms. Beaton's loan, on or about
20  June 1, 2010, Ms. Beaton defaulted in making her home loan payments and failed to cure the
21

22  DEFENDANT CHASE'S REQUEST FOR
JUDICIAL NOTICE IN CONJUNTION
23  WITH CHASE'S FRCP 12(b)(6) MOTION
TO DISMISS PLAINTIFF'S [FIRST]
24  AMENDED COMPLAINT FOR
DAMAGES - 5
25
NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

default.  The Trustee of the Deed of Trust, NWTS, served Ms. Beaton with a Notice of Trustee's Sale, scheduling the Trustee's sale for March 18, 2011.

**Source Seven:**   Notice of Trustee's Sale dated December 16, 2010, and recorded on December 16, 2010, as King Co. Auditor's No. 20101216000340, a true and correct copy of which is attached hereto as **Exhibit 7.**

**Fact Eight:**   **O**n March 1, 2011, Ms. Beaton caused to be recorded the following four instruments against her property:

1. Uniform Commercial Code ("UCC") "Common Law Claim of Sweat Equity" lien claim in the amount of $2,033,236.08;
2. "Common Law Lien in the nature of a Mechanics Lien for Services" claim in the amount of $25,000.00;
3. "Notice and Declaration of Retroactive Revocation of Power of Attorney"; and
4. "Modification of Deed of Trust Rider."

**Source Eight:**  UCC Financing Statement and attached documents dated February 8, 2011, and recorded on March 1, 2011, as King Co. Auditor's No. 20110301001395, a true and correct copy of which is attached hereto as **Exhibit 8.**

**Fact Nine:**   On April 19, 2011, Ms. Beaton caused to be recorded with the King County Auditor's Office a document titled "Affidavit of Interest/Non-Abandonment," purporting to "cancel" the Deed of Trust.

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 6

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

**Source Nine:** UCC Financing Statement dated April 18, 2011, and recorded on April 19, 2011, as King Co. Auditor's No. 20110419000819, a true and correct copy of which is attached hereto as **Exhibit 9.**

**Fact Ten:** Both federal and private agencies have issued consumer warnings to individuals facing foreclosure to carefully evaluate foreclosure avoidance schemes.

**Source Ten:** U.S. Federal Trade Commission publication, "Mortgage Assistance Relief Scams: Another Potential Stress for Homeowners in Distress," at http://www.ftc.gov/bcp/pubs/consumer/credit/cre42.shtm, a true and correct copy of which is attached hereto as **Exhibit 10.**

**Source Eleven:** U.S. Departments of the Treasury and Housing and Urban Development publication, "Beware of Foreclosure Rescue Scams – Help is Free," at http://www.makinghomeaffordable.gov/learn-more/Pages/beware.aspx, a true and correct copy of which is attached hereto as **Exhibit 11.**

**Source Twelve:** U.S. Comptroller of the Currency Consumer Advisory publication, "OCC Consumer Tips for Avoiding Mortgage Modification Scams and Foreclosure Rescue Scams," at http://www.occ.gov/news-issuances/consumer-advisories/2008/consumer-advisory-2008-...., a true and correct copy of which is attached hereto as **Exhibit 12.**

**Source Thirteen:** Neighborhood Reinvestment Corporation publication, "Common Loan Modification Scams," at http://www.loanscamalert.orb/common-scams.aspx, a true and correct copy of which is attached hereto as **Exhibit 13.**

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 7

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

### IV.  CONCLUSION

In view of the foregoing sources, whose accuracy and authenticity cannot reasonably be questioned, and pursuant to Fed. R. Ev. 201(c)(2), Chase respectfully requests the Court judicially notice the facts stated above in connection with its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 3rd day of January, 2012.

/s/ Barbara L. Bollero
David A. Weibel, WSBA #24031
Barbara L. Bollero, WSBA #28906
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101
(206) 622-5306, Ext.5918
Email:  dweibel@bwmlegal.com
Email:  bbollero@bwmlegal.com

DEFENDANT CHASE'S REQUEST FOR JUDICIAL NOTICE IN CONJUNTION WITH CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 8

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354