Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

                   Plaintiff,

     v.

JPMORGAN CHASE BANK N.A.,
NORTHWEST TRUSTEE SERVICES, INC.

             Defendant.

NO.  11-CV-0872-RAJ

**DEFENDANT CHASE'S
OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM
DEADLINE RE CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES**

**NOTING DATE: February 3, 2012**

## I.    INTRODUCTION AND RELIEF REQUESTED

       Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys David A. Weibel and Barbara L. Bollero of Bishop, White, Marshall & Weibel, P.S., requests the Court deny Plaintiff's Motion for Relief from Deadline [Dkt. 42].   Should the Court determine to award Plaintiff the requested relief and grant Plaintiff additional time to

DEFENDANT CHASE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RELIEF
FROM DEADLINE RE CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 1

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  oppose Chase's FRCP 12(b)(6) Motion to Dismiss Plaintiff's [First] Amended Verified

2  Complaint for Damages [Dkt. 34], then Chase requests Plaintiff be granted no more four

3  additional days to respond to Chase's dismissal motion.

4  ## II.      STATEMENT OF FACTS

5        Nine days before the nonjudicial foreclosure Trustee's sale of her real property, on

6  May 25, 2011, Plaintiff Deborah Beaton filed her original Complaint in this action for

7  declaratory and injunctive relief against Chase and co-defendant Northwest Trustee Services,

8  Inc. ("NWTS") to quiet title to the Property.  [Dkt. 1.]  On July 22, 2011, NWTS filed a

9  dismissal motion for failure to state a claim, which was joined by Chase.  [Dkts. 25, 28.]

10  Plaintiff opposed dismissal, and simultaneously requested leave to amend.  [Dkts. 29, 30.]

11        The Court allowed Plaintiff's amendment, and found the original dismissal motion

12  moot.  [Dkt. 33.]  Plaintiff's present [First] Amended Complaint followed [Dkt. 34], along

13  with Ms. Beaton's "Memorandum in Support of Amended Verified Complaint" [Dkt. 34-1]

14  and "Affidavit of Note Maker in Support of Amended Verified Complaint" [Dkt. 34-2].

15        More recently, Chase filed a Motion to Dismiss Plaintiff's [First] Amended

16  Complaint for Damages, which NWTS joined.  [Dkts. 38, 41.]  Chase's dismissal motion was

17  noted for January 27, 2012, requiring Plaintiff's responsive pleadings, if any, be filed and

18  served by Monday, January 23, 2012, pursuant to Local Rules W.D.Wash. CR 7(d)(3).  Chase

19  has received no opposition pleadings from Plaintiff.  [Bollero Declaration in Opposition to

20  Plaintiff's Motion for Relief from Deadline ("Bollero Dec."), par. 2.]

21        Late the afternoon of the due date for Plaintiff's opposition pleadings, at

22  approximately 4:15 p.m. on Monday, January 23, 2012, Chase's counsel was informed by the

23  DEFENDANT CHASE'S OPPOSITION          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    TO PLAINTIFF'S MOTION FOR RELIEF              720 OLIVE WAY, SUITE 1201
24  FROM DEADLINE RE CHASE'S FRCP            SEATTLE, WASHINGTON 98101-1801
    12(b)(6) MOTION TO DISMISS                  206/622-5306  FAX:  206/622-0354
25  PLAINTIFF'S [FIRST] AMENDED
    COMPLAINT FOR DAMAGES - 2

NO.  11-CV-0872-RAJ

1  Court Clerk that the *Pro Se* Plaintiff communicated *ex parte* with the Court and requested an

2  extension to file her opposition, because she had experienced a power outage due to the

3  winter storm the preceding week.  [*Id.,* par. 3.]  Chase's counsel immediately communicated

4  with Ms. Beaton, suggested the parties may be willing to stipulate to extend  time for filing of

5  her opposition, and invited communication on the issue.  [*Id.,* pars. 4-5, Exs. A-B.]  Despite

6  receiving that communication, Ms. Beaton did not respond.  [*Id.,* par. 6.]

7         On the noting date for Chase's dismissal motion, Friday, January 27, 2012, Plaintiff

8  filed and served the present Motion for Relief from Deadline [Dkt. 42].  The motion does not

9  state:

10        1.      a noting date;

11        2.      the length of time Plaintiff was hampered by a power outage;

12        3.      the reason the motion was delayed four days after the due date for Plaintiff's

13                opposition;

14        4.      the fact of Chase's counsel's offer to consider extending Plaintiff's deadline

15                for filing her opposition;

16        5.      the reason Plaintiff did not communicate any response to that offer;

17        6.      whether Plaintiff has commenced preparing the opposition briefing and, if so,

18                the estimated time of completion; and

19        7.      whether Plaintiff has any meritorious defenses to the dismissal motion.

20        In view of the foregoing, Chase requests Plaintiff's Motion for Relief from

21  Deadline be denied.  Should the Court determine to award Plaintiff the requested relief and

22  grant Plaintiff additional time to oppose Chase's FRCP 12(b)(6) Motion to Dismiss

23  DEFENDANT CHASE'S OPPOSITION            BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    TO PLAINTIFF'S MOTION FOR RELIEF             720 OLIVE WAY, SUITE 1201
24  FROM DEADLINE RE CHASE'S FRCP          SEATTLE, WASHINGTON 98101-1801
    12(b)(6) MOTION TO DISMISS                206/622-5306  FAX:  206/622-0354
25  PLAINTIFF'S [FIRST] AMENDED
    COMPLAINT FOR DAMAGES - 3

    NO.  11-CV-0872-RAJ

1   Plaintiff's [First] Amended Verified Complaint for Damages [Dkt. 34], then Chase

2   requests Plaintiff be granted no more than the time power was reported to be out in the area

3   of Plaintiff's residence, four days after entry of the Order, to respond to Chase's dismissal

4   motion.  [Bollero Dec., pars. 7-9.]

5                    **III.     STATEMENT OF LAW**

6          Motions to shorten time have been abolished in the U.S. District Court for the

7   Western District of Washington.  Local Rules W.D.Wash. CR 6(e).   All motions shall

8   indicate the date they are to be noted for consideration.  Local Rules W.D.Wash. CR 7(b)(1).

9   Motions for relief from a deadline should be noted the second Friday after they are filed and

10  served.  Local Rules W.D.Wash. CR 7(d)(2)(A).

11         "The decision to extend a deadline is committed to the discretion of the Court.  …

12  A motion for extension of time filed *before* a deadline has passed should 'normally ... be

13  granted in the absence of bad faith on the part of the party seeking relief or prejudice to the

14  adverse party.'  …  On the other hand, if such a motion is filed *after* the deadline has

15  passed, the good cause standard becomes more stringent.  In these cases, the Court should

16  grant the motion only when the moving party missed the deadline due to 'excusable

17  neglect.'"   *PLU Ivstmst., LLC v. Intraspect Group, Inc.,* 2011 WL 1376192, *1

18  (W.D.Wash.) (citations omitted).

19

20         "[C]ourts generally look unfavorably on eleventh-hour requests for relief from a

21  deadline.  This court is no exception.  Barring unforeseen circumstances, a request for

22  relief from a deadline ought to come well in advance of the deadline, as the court's local

23  DEFENDANT CHASE'S OPPOSITION                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    TO PLAINTIFF'S MOTION FOR RELIEF                       720 OLIVE WAY, SUITE 1201
24  FROM DEADLINE RE CHASE'S FRCP                    SEATTLE, WASHINGTON 98101-1801
    12(b)(6) MOTION TO DISMISS                          206/622-5306  FAX:  206/622-0354
25  PLAINTIFF'S [FIRST] AMENDED
    COMPLAINT FOR DAMAGES - 4

    NO.  11-CV-0872-RAJ

1  rules envision.  Here, the … Government does not explain why it could not have moved

2  for an extension of time much sooner.  The court accordingly denies the motion.  Only the

3  court's preference for resolving matters on their merits prevents it from striking the

4  Government's untimely response." *U.S. v. Sacks,* 2011 WL 6883740, *2 (W.D.Wash.).

5  "[Plaintiff] offered another litany of excuses, mainly relating to a lightning strike

6  which disabled his internet connection ….  The [Court's denial of plaintiff's] motion for

7  extension of time … is proper under Fed. R. Civ. P. 6(b)(1)(B), as plaintiff has failed to

8  demonstrate that his late filings resulted from excusable neglect.  The lightning strike

9  might serve as an excuse for one day's delay, but not three.  Instead, … plaintiff … simply

10  wanted more time to complete his memoranda." *Phillips v. The Seattle Times Co.,* 2011

11  WL 4712196, *4 (W.D.Wash.).

12  All motions requiring consideration of facts not appearing of record shall be supported

13  be evidence.  Local Rules W.D.Wash. CR 7(b)(1).

14  ## IV.    DISCUSSION AND ARGUMENT

15  Here, Ms. Beaton has offered no evidence, discussion or reasoning concerning her

16  request for additional time to oppose Chase's dismissal motion.  Even accepting her

17  unverified representation that she lost power and was hampered in preparing the pleading,

18  the Court and parties left to wonder what efforts were made to comply with the deadline.

19  Further, there is no indication the length of time she was left without power, and whether

20  that affected both her work and home locations.  The former seems highly unlikely, given

21  that she is employed at a hospital which likely did not experience power disruption, or had

22  back-up service available.  [Bollero Dec., pars. 7-9.]

23  DEFENDANT CHASE'S OPPOSITION           BISHOP WHITE, MARSHALL & WEIBEL, P.S.
   TO PLAINTIFF'S MOTION FOR RELIEF              720 OLIVE WAY, SUITE 1201
24  FROM DEADLINE RE CHASE'S FRCP             SEATTLE, WASHINGTON 98101-1801
   12(b)(6) MOTION TO DISMISS                206/622-5306  FAX:  206/622-0354
25  PLAINTIFF'S [FIRST] AMENDED
   COMPLAINT FOR DAMAGES - 5

NO.  11-CV-0872-RAJ

1    In addition, after the Clerk informed Ms. Beaton that a motion for relief was

2    required, the Court and parties are also left to wonder why Ms. Beaton chose to wait

3    another four days to act on the Clerk's advice.  Moreover, Ms. Beaton not only failed to

4    accept the olive branch tendered by Chase in proposing a stipulation for additional time,

5    she did not even acknowledge receiving it.  Nor has she stated any viable specific defenses,

6    or even asserted the existence of such defenses.

7    Under these circumstances, it seems evident that the present deadline relief motion,

8    and the manner in which its filing and lack of a noting date was handled, was designed to

9    further delay a ruling on Chase's dismissal motion, rather than to enable Plaintiff to present

10    any viable defenses to that motion.  Should the Court be so inclined to grant Plaintiff

11    additional time, then Chase requests the extension be limited to four days from the date of

12    the Court's Order – the length of time power was out in some areas of King County.

13

## V.    <u>CONCLUSION</u>

14    In consideration of the foregoing points, authorities, and discussion, Chase requests

15    Plaintiff's Motion for Relief from Deadline be denied.

16    Should the Court determine to award Plaintiff the requested relief and grant

17    Plaintiff additional time to oppose Chase's FRCP 12(b)(6) Motion to Dismiss Plaintiff's

18    [First] Amended Verified Complaint for Damages [Dkt. 34], then Chase requests Plaintiff

19    be granted no more four days from the date of the Court's Order to respond to Chase's

20    dismissal motion.  Simply put, after two attempts and several rulings by this Court,

21    Plaintiff has failed to establish that she has any viable claims against Chase.

22

23    DEFENDANT CHASE'S OPPOSITION       BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    TO PLAINTIFF'S MOTION FOR RELIEF       720 OLIVE WAY, SUITE 1201

24    FROM DEADLINE RE CHASE'S FRCP       SEATTLE, WASHINGTON 98101-1801
    12(b)(6) MOTION TO DISMISS       206/622-5306  FAX:  206/622-0354

25    PLAINTIFF'S [FIRST] AMENDED
    COMPLAINT FOR DAMAGES - 6

NO.  11-CV-0872-RAJ

1    Dated this 30th day of January, 2012.

2
                                   /s/ Barbara L. Bollero
3                                  David A. Weibel, WSBA #24031
                                   Barbara L. Bollero, WSBA #28906
4                                  BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
                                   720 Olive Way, Suite 1201
5                                  Seattle, WA  98101
                                   (206) 622-5306, Ext. 5918
6                                  Email:  dweibel@bwmlegal.com
                                   Email: bbollero@bwmlegal.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   DEFENDANT CHASE'S OPPOSITION            BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     TO PLAINTIFF'S MOTION FOR RELIEF              720 OLIVE WAY, SUITE 1201
24   FROM DEADLINE RE CHASE'S FRCP            SEATTLE, WASHINGTON 98101-1801
     12(b)(6) MOTION TO DISMISS                206/622-5306  FAX:  206/622-0354
25   PLAINTIFF'S [FIRST] AMENDED
     COMPLAINT FOR DAMAGES - 7

     NO.  11-CV-0872-RAJ