THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

                Plaintiff,

    v.

JPMORGAN CHASE BANK N.A.,
NORTHWEST TRUSTEE SERVICES, INC.

                Defendant.

NO. 11-CV-0872-RAJ

**DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES**

**RE-NOTED DATE:** February 10, 2012

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff's Opposition [Dkt. 46] to Defendant JPMorgan Chase Bank, N.A.'s ("Chase") FRCP 12(b)(6) Motion to Dismiss Plaintiff's [First] Amended Verified Complaint for Damages [Dkt. 34] is premised on a single claim that Chase has not responded to Plaintiff's rightful discovery.

DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 1

NO. 11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Plaintiff's Opposition fails because:

1. Plaintiff never propounded discovery to Chase;

2. Plaintiff's [First] Amended Verified Complaint for Damages [Dkt. 34] must stand or fail on its own merits, regardless of discovery status; and

3. Not having addressed the merits of Chase's motion, Plaintiff has acknowledged both that it is meritorious and the defects in all of her claims, pursuant to Local Rules W.D.Wash. CR 7(b)(2).

Because Ms. Beaton was previously given leave to amend to state claims against Chase and was unable to do so, her [First] Amended Complaint [Dkt. 34] should be dismissed with prejudice.

## II.  STATEMENT OF ADDITIONAL FACTS

At the same time as she filed her [First] Amended Complaint [Dkt. 34], Ms. Beaton also filed a pleading captioned "Plaintiff's **Proposed** Plan for Discovery and Depositions" [Dkt. 35 (emphasis in original)]. The first sentence of the pleading states, "Plaintiff hereby submits the following *proposal for the substance of the discovery and depositions* as required by the Court's order and FRCP 26f."  (Emphasis supplied.)  The document was filed and served on October 7, 2011.  It does not specify a reasonable time, place, and manner for any document inspection, as required by Fed. R. Civ. P. 34(b)(1)(B).

On receipt and after brief review of the pleading, Chase's counsel understood that it was a statement, as captioned and referenced therein, of Plaintiff's intended future discovery plan under Fed. R. Civ. P. 26(f)(3), and was not itself intended to serve as written discovery propounded to Chase.  Chase's counsel was recently informed by

DEFENDANT CHASE'S REPLY
TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 2

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  counsel for the co-defendant, Northwest Trustee Services, Inc., that she, too, independently
2  formed the same understanding.  Accordingly, Chase's counsel did not prepare responses
3  to "Plaintiff's **Proposed** Plan for Discovery and Depositions" [Dkt. 35 (emphasis in
4  original)].

5  It was not until Chase's counsel reviewed Plaintiff's Opposition [Dkt. 46] to
6  Chase's dismissal motion that she first learned Plaintiff believes Chase has failed to
7  respond to discovery.  In the four months since the pleading was filed, Plaintiff never
8  communicated with Chase's counsel concerning either an expectation that responses were
9  required, that Chase had failed to respond, or that responses were past due.

### III.   AUTHORITY AND ARGUMENT

**A.   Discovery Status is Irrelevant and Inconsequential to a Dismissal Motion.**

Despite Plaintiff's sole claim that Chase failed to respond to discovery and produce requested documents to her, the simple fact is that Plaintiff never propounded any discovery to Chase.  "Plaintiff's **Proposed** Plan for Discovery and Depositions" [Dkt. 35 (emphasis in original)] is not and cannot be a Fed. R. Civ. P. 34 request for production of documents to Chase because:

1.   It is captioned as a proposed discovery plan, and the body states that it is a proposed discovery plan;

2.   It references therein its satisfaction of Plaintiff's requirement to formulate a Fed. R. Civ. P. 26(f)(3) discovery plan;

3.   It was filed with the Court as a pleading, rather than retained by a party as discovery;

DEFENDANT CHASE'S REPLY
TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S [FIRST] AMENDED
COMPLAINT FOR DAMAGES - 3

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

4. It makes no reference to Fed. R. Civ. P. 34;

5. It does not specify a reasonable time, place, and manner for any document inspection, as required by Fed. R. Civ. P. 34(b)(1)(B); and

6. Despite the fact that it was served four months ago, Plaintiff never once expressed to any other party a belief that discovery was outstanding and responses to it were required.

Even if the discovery plan could somehow be construed as actual discovery propounded to Defendants, however, the fact that it was not answered cannot and does not serve to defeat or delay ruling on Chase's dismissal motion.

Dismissal is appropriate where, accepting the facts alleged *only* in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  In ruling on a dismissal motion, the court may generally consider *only* allegations contained in the pleadings, exhibits attached to the Complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiff's Complaint must stand or fail on its own merits.  If Plaintiff believed recorded instruments are critical to an understanding of her claims, she could have attached them to her Complaint or requested they be judicially noticed.  After two opportunities, she has not done so.

DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 4

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

The status of discovery is irrelevant to Chase's dismissal motion.  It should be granted.

**B.     Plaintiff's Failure to Address Chase's Arguments Constitutes an Admission that They are Meritorious.**

Plaintiff did not address or mention a single claim or cause of action in her Opposition, nor did she attempt to rebut any of Chase's arguments for dismissal.

In this District, "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  (Local Rules W.D.Wash. CR 7(b)(2).)  The rule applies not only when the party neglects to oppose a motion, but opposes it and neglects to provide any controverting argument in support of his claims.  (*See, e.g., Siver v. Citimortgage, Inc.,* --- F.Supp.2d ----, 2011 WL 5548010, *5 (W.D.Wash.) ("[Plaintiffs' opposition briefing] offered absolutely no response to [Defendant's] motion to dismiss their breach-of-contract claim, which the court construes as an admission that the motion has merit. *See* W.D. Wash. Local Rule CR 7(b)(2). Accordingly, the court dismisses the [Plaintiffs'] breach-of-contract claim …."); *Hylkema v. Assoc. Credit Svc., Inc.,* 2012 WL 13681, *9 (W.D.Wash.) ("Plaintiff does not respond to this argument or otherwise address his CPA claim in his opposition and cross-motion. Plaintiff's failure to respond is considered a concession that defendants' argument has merit.  Local Civil Rule 7(b)(2).  …  Plaintiff's CPA claim is, accordingly, subject to dismissal on summary judgment."); *Castello v. City of Seattle,* 2011 WL 6000781, *8 (W.D.Wash.).

In view of the authorities cited in Chase's dismissal motion, and Ms. Beaton's complete failure to respond to those arguments and authorities, her [First] Amended

| DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 5<br><br>NO.  11-CV-0872-RAJ | BISHOP WHITE, MARSHALL & WEIBEL, P.S.<br>720 OLIVE WAY, SUITE 1201<br>SEATTLE, WASHINGTON 98101-1801<br>206/622-5306  FAX:  206/622-0354 |
|---|---|

Complaint should be dismissed, with prejudice.

## IV.    CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's [First] Amended Complaint should be dismissed against Chase for its failure to state a claim upon which relief may be granted. In addition, the instruments recorded by Plaintiff are without any legal basis, frivolous, and should be stricken. Simply put, after two attempts and several rulings by this Court, Plaintiff has failed to establish that she has any viable claims against Chase.

Based upon the foregoing, Chase respectfully requests the Court dismiss Plaintiff's claims with prejudice, and extinguish and release the instruments recorded by Plaintiff.

Dated this 7th day of February, 2012.

/s/ Barbara L. Bollero
David A. Weibel, WSBA #24031
Barbara L. Bollero, WSBA #28906
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101
(206) 622-5306, Ext.5918
Email:  dweibel@bwmlegal.com
Email:  bbollero@bwmlegal.com

DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES - 6

NO.  11-CV-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354