The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DEBORAH R. BEATON,<br><br>                        Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.; and<br>NORTHWEST TRUSTEE SERVICES, INC.,<br><br>                      Defendants. | No. 11-CV-872-RAJ<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO NORTHWEST TRUSTEE'S JOINDER IN DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S [FIRST] AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW, Defendant Northwest Trustee Services, Inc. ("Northwest Trustee") and submits the following in reply to Plaintiff's Response in Opposition to Motion to Dismiss Amended Complaint. [Dkt. 46]. Additionally, Northwest Trustee incorporates the entirety of Chase's Reply, and all exhibits thereto, as if fully set forth herein. *See* [Dkt. 48].

### I. REPLY

**A.  Plaintiff is not entitled to conduct discovery prior to the Court ruling on the Pending Motion to Dismiss and Joinder pursuant to Fed. R. Civ. P. 12(b)(6) motion.**

By definition, a motion under Fed. R. Civ. P. 12(b)(6) is limited to the allegations of the Complaint (and those documents incorporated by reference or subject to judicial notice). *See* Fed. R. Civ. P. 12(b)(6). Thus, to the extent Plaintiff asserts a need or right to discovery in order to respond to the pending Motion to Dismiss and Joinder, such assertion is unwarranted as

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT NORTHWEST TRUSTEE'S JOINDER IN CHASE'S MOTION TO DISMISS -1 of 3 CASE NO. 11-cv-872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

reference to any information obtained through discovery would cause Plaintiff's response to go beyond the pleadings. In other words, Plaintiff does not need discovery to respond to a motion that is limited to the allegations and documents contained within the Complaint like the one currently before the Court.

**B.  Plaintiff did not properly propound her discovery requests so as to put Defendant Northwest Trustee on notice of her requests and has not taken any affirmative steps to obtain the requested documents.**

In October 2011, Plaintiff filed with the Court, a document entitled "Plaintiff's **Proposed** Plan for Discovery and Depositions." [Dkt. 35.] Given the fact that document was filed with the court as "**Proposed,**" Defendant Northwest Trustee did not treat Plaintiff's filing as propounded discovery requests, and therefore did not formally respond thereto. Prior to filing the response to the pending Motion to Dismiss and Joinder on February 3, 2012, alleging Defendants had refused to participate in discovery, Plaintiff made no attempt to contact counsel for Defendant Northwest Trustee in regard to the apparent outstanding discovery responses. *See* Declaration of Heidi E. Buck ("Buck Decl.").

Indeed, under Fed. R. Civ. P. 37, Plaintiff is entitled to move for an order compelling production of documents. However, Plaintiff must, prior to making such a motion, meet and confer or attempt to confer with the party failing to make the discovery in an effort to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(1) and Fed. R. Civ. P. 37(a)(3)(B). To date, Plaintiff has made no such attempt to meet and confer with Defendant Northwest Trustee or its counsel and has not moved the Court for an order compelling production. *See* Buck Decl.; *see also* Dkt. Thus, the Court should disregard Plaintiff's last ditch effort to oppose the Motion to Dismiss and Joinder.

**C.  Many of the documents requested have been produced to Plaintiff.**

Notwithstanding the fact that Plaintiff is not entitled to discovery prior to the Court ruling on the pending Motion to Dismiss and Joinder and that Plaintiff did not put Defendant Northwest Trustee on notice of its requests, Defendant Northwest Trustee has provided Plaintiff many of

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT NORTHWEST TRUSTEE'S JOINDER IN CHASE'S MOTION TO DISMISS -2 of 3 CASE NO. 11-cv-872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

the documents requested. Defendant Northwest Trustee previously filed a Motion to Dismiss (mooted by Plaintiff's Amended Complaint), which included copies of the Note, Deed of Trust, Appointment of Successor Trustee, Beneficiary Declaration, and Trustee's Deed. *See* Dkt. 25. Moreover, many of the documents are available to Plaintiff via the public record or are not discoverable under attorney client privilege. *See* Dkt. 35. Finally, since Plaintiff filed her response to the pending Motion to Dismiss and Joinder, Defendant Northwest Trustee has responded to "Plaintiff's **Proposed** Plan for Discovery and Depositions" providing Plaintiff copies of all documents it has in its possession which are responsive to the requests and notifying Plaintiff of Defendant Northwest Trustee's objections thereto.

## II. CONCLUSION

Defendant Northwest Trustee respectfully requests the Court consider the foregoing in further support of the Motion to Dismiss and Joinder, and dismiss Plaintiff's claims as to Northwest Trustee.

DATED this 10th day of February, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

　　　/s/ Heidi E. Buck　　　
Heidi E. Buck, WSBA #41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT NORTHWEST TRUSTEE'S JOINDER IN CHASE'S MOTION TO DISMISS -3 of 3 CASE NO. 11-cv-872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131