HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH H. BEATON,

                Plaintiff,

     v.

JPMORGAN CHASE BANK N.A., et al.,

              Defendants.

CASE NO. C11-0872 RAJ

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I. INTRODUCTION

This matter comes before the court on defendant JPMorgan Chase Bank N.A.'s ("Chase") FRCP 12(b)(6) motion to dismiss plaintiff's amended complaint. Dkt. # 38. Defendant Northwest Trustee Services, Inc. ("NWTS") joined in Chase's motion. Dkt. # 41. *Pro se* plaintiff Deborah Beaton opposed the motion on the basis that "[t]he record before the Court is incomplete because the Defendants have not participated in discovery by producing documents the Plaintiffs have requested."[1] Dkt. # 46. Beaton has not

_____

[1] The court notes that if Beaton has a discovery dispute, she must first meet and confer with opposing counsel regarding the discovery request, then she may file a motion to compel. *See* Fed. R. Civ. P. 26, 33, 34, 37; Local Civ. R. 7, 10, 37. It is unclear to the court whether initial disclosures were made pursuant to the court's minute order regarding initial disclosures. Dkt. # 21. The court has reviewed "Plaintiff's Proposed Plan for Discovery and Depositions."

1  responded to the substantive arguments made by defendants, which the court construes as

2  a concession that the motion has merit.  Local Civ. R. 7(b)(2).  Having reviewed the

3  papers submitted and the record herein, the court GRANTS defendants' motion to

4  dismiss with leave to amend certain claims.

## II. BACKGROUND

6  In August 2008, Beaton executed a promissory note for $271,950.00, payable to

7  the order of Washington Mutual Bank, FA ("WaMu"), which was secured by a deed of

8  trust.  Dkt. # 39-2 (Ex. 2 to Request for Judicial Notice ("RJN")), # 39-3 (Ex. 3 to RJN).[2]

9  The deed of trust lists WaMu as "lender," the lender as "beneficiary," and Ticor Title

10 Company as "trustee."  Dkt. # 39-3 (Ex. 3 to RJN).  In September 2008, WaMu was

11 placed into receivership with FDIC, and FDIC sold WaMu to Chase.[3]  In December

Dkt. # 35.  Despite the title, the substance of the document is clear to be a request for production. The court is at a complete loss of how defendants could find ambiguity when the document specifically states:  "Plaintiff requests that Defendants produce and allow for inspection and copying the following documents" and then lists the categories of documents. Dkt. #35.  The court finds defendants' "understanding" of this document to be disingenuous, especially given that plaintiff is proceeding *pro se*, and that discovery should have been under way after a July 22, 2011 deadline for the FRCP 26(f) conference.

[2] The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, or are subject to judicial notice, the Court may consider those documents in the context of a motion to dismiss.  *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).  Accordingly, the court takes judicial notice of Exhibits 1 (Statutory Warranty Deed), 2 (Note), 3 (Deed of Trust), 6 (Appointment of Successor Trustee), 7 (Notice of Trustee Sale), 8 & 9 (various publicly recorded instruments/documents by Beaton) because they are publicly recorded documents not reasonably subject to dispute.  The court notes that Beaton has attached to her amended complaint the statutory warranty deed, deed of trust, appointment of successor trustee, notice of trustee's sale, and various "qualified  written requests."  Dkt. # 34.  Her signature and initials on the deed of trust bear a marked resemblance to the signature and initials on the note.  *Compare* Dkt. # 34 at 18-31 & # 39-3 (Ex. 3 to RJN) [Deed of Trust] *with* Dkt. # 39-2 (Ex. 2 to RJN) [Note].  The court also notes that Beaton does not dispute the authenticity of any of the documents attached to the RJN in her response.  Dkt. # 46.

[3] Pursuant to Fed. R. Evid. 201(b), the court takes judicial notice of the fact that on September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed FDIC as receiver, and that FDIC contemporaneously sold WaMu to Chase, because it is a matter of public

2010, the appointment of successor trustee, naming NWTS as the successor trustee, was recorded in King County.  Dkt. # 39-6 (Ex. 6 to RJN).  On December 16, 2010, notice of trustee's sale was recorded.  Dkt. # 39-7 (Ex. 7 to RJN).  On May 25, 2011, Beaton filed a complaint seeking, among other things, an injunction to prevent foreclosure of her home.  Dkt. # 1.  The court denied Beaton's requests for temporary restraining order and preliminary injunction for procedural reasons, as well as for not demonstrating a likelihood of success on the merits.  *See* Dkt. ## 2, 7, 13, 16.  Although the notice of trustee's sale listed March 18, 2011 as the date of sale, the subject property was eventually sold on June 3, 2011.

On July 22, 2011, NWTS filed a motion to dismiss, and Chase joined in that motion.  Dkt. ## 25, 28.  On August 5, 2011, Beaton filed a response and a motion for leave to file an amended complaint based on the court's denial of injunctive relief.  The court granted Beaton's motion for leave to file an amended complaint, and denied defendants' motion to dismiss as moot.  Beaton filed her amended complaint on October 7, 2011.  Beaton presents the following theories for relief:  (1) violation of 42 U.S.C. §§ 1981-1986 (disparity between classes of person (borrower and lender)); (2) violation of the Real Estate Settlement Procedures Act ("RESPA") (named Breach of Contract – unanswered QWR); (3) violation of the Fair Debt Collection Practices Act ("FDCPA") (named Equitable Estoppel – invalid debt); (4) violation of the Fair Credit Reporting Act ("FCRA") (named Erroneous Credit Reporting); (5) fraudulent foreclosure of incorrect note; (6) transaction prohibited by federal tax laws (named forfeiture on foreclosure); (7)

---

record and not reasonably subject to dispute.  *See* http://www.fdicoig.gov/reports10%5C10-002EV.pdf at p. 13 (last visited March 7, 2012).  Pursuant to Fed. R. Evid. 201(b), the court also takes judicial notice of the agreement between FDIC and Chase for the same reason.  Dkt. # 39-5 (Ex. 5 to RJN); http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf, §2.5 (last visited March 7, 2012).

1 │ recoupment and setoff; (8) violation of the Washington Deeds of Trust Act ("DTA"); and

2 │ (9) Slander of Title – Notice of Trustee's Sale.

3 │ ### III. ANALYSIS

4 │ **A.  Legal Standard**

5 │          When considering a motion to dismiss for failure to state a claim under Federal

6 │ Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations

7 │ as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler*

8 │ *Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998).

9 │ However, the complaint must indicate more than mere speculation of a right to relief.

10 │ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]or a complaint to survive a

11 │ motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

12 │ that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

13 │ *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  "Threadbare recitals of

14 │ the elements of a cause of action, supported by mere conclusory statements, do not

15 │ suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

16 │          Dismissal can be based on the lack of a cognizable legal theory or the absence of

17 │ sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*

18 │ *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  This court holds the pleadings of *pro se*

19 │ complainants to less stringent standards than those of licensed attorneys.  *Haines v.*

20 │ *Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, every complainant must demonstrate

21 │ some claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  If the court

22 │ dismisses the complaint or portions thereof, it must consider whether to grant leave to

23 │ amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

24 │ **B.  DTA**

25 │          "Three goals of the Washington deed[s] of trust act are:  (1) that the nonjudicial

26 │ foreclosure process should be efficient and inexpensive; (2) that the process should result

27 │

in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles. *Plein v. Lackey*, 149 Wash. 2d 214, 225, 67 P.3d 1061 (2003). The DTA provides the specific procedure for stopping a trustee's sale on any proper grounds. RCW 61.24.130. This statutory procedure is the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure. *Plein*, 149 Wash. 2d at 226. A party waives the right to post-sale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to obtain a court order enjoining the sale. *Id.* at 227-28; *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 163, 189 P.3d 233 (2008).

In July 2011, the legislature modified the waiver doctrine to exempt claims for common law fraud or misrepresentation, violation of Washington's Consumer Protection Act ("CPA"), failure by a trustee to comply with the DTA, and violation of RCW 61.24.026. RCW 61.24.127. Although these types of claims are allowed post-foreclosure, they will not operate to encumber or cloud the title to the property auctioned at the trustee's sale. RCW 61.24.127(2)(e).

Here, Beaton received the notice of trustee sale and filed this action as a result.[4] Although Beaton sought a temporary restraining order and preliminary injunction, the court denied her motions because they were procedurally improper and because she could not demonstrate a likelihood of success on the merits. Beaton asserts various claims, such as "fraudulent foreclosure of incorrect note," "recoupment and setoff," and "Slander of Title – Notice of Trustee's Sale"[5] (Dkt. # 34 (Am. Compl.) ¶¶ 23, 25, 26, 27), all of

---

[4] Beaton attached the Notice of Trustee Sale as Exhibit D to her amended complaint.
[5] The court notes that initiation of foreclosure proceedings cannot form the basis of a slander of title claim. *See Krienke v. Chase Home Finance, LLC*, 140 Wash. App. 1032, *6 (2007) ("the initiation of foreclosure proceedings cannot be deemed malicious in the context of a bona fide dispute over mortgage payments.").

which appear to be alternate forms of the "show me the note" assertion often made and

soundly rejected in DTA cases.  The court construes Beaton's violation of the DTA claim

as alleging a breach by the trustee of its obligation to obtain, prior to recording the notice

of trustee's sale, proof that the beneficiary under the deed of trust is the owner of the

related promissory note.  *See* RCW 61.24.030(7)(a).  As construed, plaintiff's DTA claim

would be able to be pursued post-foreclosure.  Anticipating this potential result, Chase

argues that these claims are foreclosed against it because it is not liable for WaMu's

conduct pursuant to the agreement entered between the FDIC as Receiver and Chase.

The court has taken judicial notice of the agreement provided to the court at

Exhibit 5 to the RJN and available on a government website at

http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.  In section 2.1 of

the agreement, Chase expressly assumes all mortgage servicing rights and obligations of

WaMu.  However, in section 2.5, Chase expressly disclaimed potential liabilities related

to borrower claims on WaMu loans arising from WaMu's conduct:

> 2.5 **Borrower Claims**.  Notwithstanding anything to the contrary in this
> Agreement, any liability associated with borrower claims for payment of or
> liability to any borrower for monetary relief, or that provide for any other
> form of relief to any borrower, whether or not such liability is reduced to
> judgment, liquidated or unliquidated, fixed or contingent, matured or
> unmatured, disputed or undisputed, legal or equitable, judicial or extra-
> judicial, secured or unsecured, whether asserted affirmatively or
> defensively, related in any way to any loan or commitment to lend made by
> the Failed Bank prior to failure, or to any loan made by a third party in
> connection with a loan which is or was held by the Failed Bank, or
> otherwise arising in connection with the Failed Bank's lending or loan
> purchase activities are specifically not assumed by the Assuming Bank.

Dkt. #39-5 (Ex. 5 to RJN).

Courts around the country agree that pursuant to this agreement Chase is not

responsible for any liability of WaMu related to loans made by WaMu.  *See Yeomalakis*

*v. F.D.I.C.*, 562 F.3d 56, 60 (1st Cir. 2009) (FDIC was and remains the appropriate party

in interest) (citing 12 U.S.C. § 1821(d)(2)(A)(i)); *Nguyen v. JPMorgan Chase Bank*, Case

No. 11-1908 DOC, 2012 WL 294936, *3 (noting that district courts within the Ninth Circuit have consistently held that Chase is not liable for borrower claims arising from WaMu related loans).

Accordingly, the court agrees with Chase that its agreement with the FDIC requires dismissal of Beaton's claims related to liability of WaMu related to loans made by WaMu prior to September 25, 2008.  However, Beaton's claim of violation of the DTA, as construed by the court, occurred after Chase purchased WaMu.  *See Ansanelli v. JP Morgan Chase Bank, N.A.* Case No. 10-3892 WHA, 2011 WL 1134451 (N.D. Cal. 2011) (Chase may be liable for its own conduct related to WaMu loans).  Nevertheless, Beaton must plead factual allegations, rather than conclusory statements.  Her amended complaint is devoid of factual allegations that could support a potential DTA claim.  Accordingly, the court dismisses Beaton's DTA claim without prejudice.

**C. Fraud**

Beaton asserts a claim for "fraudulent foreclosure," but has failed to plead fraud with the requisite particularity pursuant to Fed. R. Civ. P. 9(b).  *See Schwartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (complaint must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations).  Accordingly, the court dismisses Beaton's fraud claim without prejudice.

**D. Federal Claims**

1. 42 U.S.C. §§ 1981-1986

Beaton fails to allege facts to state a claim of relief under sections 1981-1986. Beaton makes no allegation that defendants engaged in purposeful or intentional discrimination on the basis of race.  Accordingly, the court dismisses her section 1981 and 1982 claims.  *See Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) (section 1981 "can be violated only by purposeful discrimination"); *Jones v.*

1   *Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968) (section 1982 "deals only with racial

2   discrimination").  Beaton also makes no allegation that defendants acted under color of

3   state law or deprived her of some right secured by the Constitution or laws of the United

4   States.  Accordingly, the court dismisses her section 1983 claim.  *See Ouzts v. Md. Nat'l*

5   *Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) ("purely private conduct, no matter how

6   wrongful, is not within the protective orbit of section 1983").  Beaton also fails to allege

7   racial or class-based animus.  Accordingly, the court dismisses her section 1985 and 1986

8   claims as well.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (section 1985(3)

9   requires "some racial, or perhaps otherwise class-based, invidiously discriminatory

10   animus behind the conspirators' action"); *Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th

11   Cir. 1985) (section 1985(2) must be premised on "an allegation of class-based animus");

12   *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("a cause of action is not

13   provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985).

14        The court also finds that allowing leave to amend these claims would be futile.

15   Accordingly, these claims are dismissed with prejudice.

16      2.  RESPA

17        Under the RESPA, a loan servicer must provide certain information upon a

18   qualified written request "for information relating to the servicing of such a loan."  12

19   U.S.C. § 2605(e)(1)(A).  "Servicer" is defined as "the person responsible for servicing of

20   a loan (including the person who makes or holds a loan if such person also services the

21   loan)."  *Id.* § 2605(i)(2).  "Servicing" is defined as "receiving any scheduled periodic

22   payments from a borrower pursuant to the terms of any loan . . . and making the

23   payments of principal and interest and such other payments with respect to the amounts

24   received from the borrower as may be required pursuant to the terms of the loan.  *Id.* §

25   2605(i)(3).  "Qualified written request" is defined as written correspondence that include,

26   or otherwise enable the servicer to identify, the name and account of the borrower, and

27

include a statement of the reasons that the borrower believes the account is in error, or

that provide sufficient detail to the servicer regarding information relating to the servicing

of the loan sought by the borrower. *Id.* § 2605(e)(1)(B); 24 C.F.R. 3500.21(e)(2).

Plaintiff alleges that she "sent a Qualified Written Request to the Defendant Chase, and

to date Plaintiff has never received any response and/or received an inadequate response

that failed to comply with 12 U.S.C. § 2605(e). . . . A copy of the Plaintiff's Qualified

Written Request is attached as an exhibit." Dkt. # 34 (Am. Compl.) ¶ 20.  The QWR

attached to plaintiff's amended complaint identifies NWTS, not Chase.  *Id.* at 42 (Ex. F

to Am. Compl.).  *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)

(court may consider documents attached to complaint as part of complaint in determining

whether plaintiff can prove any set of facts in support of the claim).  Plaintiff has not

alleged whether either Chase or NWTS were servicing her loan.  Accordingly, the court

finds that Beaton has failed to state a claim under the RESPA against both NWTS and

Chase.

    3.  FDCPA

       Plaintiff alleges that defendants violated the FDCPA because they "failed to

validate the debt." Dkt. # 34 (Am. Compl.) ¶ 21.  The court construes plaintiff's claim as

being brought under 15 U.S.C. § 1692g, which requires a "debt collector" to send a

consumer written notice of certain information, including that the consumer has 30 days

to dispute the debt in writing.  15 U.S.C. § 1692g(a).  Nevertheless, the court finds that

plaintiff has failed to plead facts sufficient to state a claim for a violation of the FDCPA.

Plaintiff has not alleged any facts that would demonstrate that defendants were "debt

collectors" within the meaning of 15 U.S.C. § 1692a(6).  *See also* 15 U.S.C. § 1692f(6).

Accordingly, this claim is dismissed without prejudice.

4. <u>FCRA</u>

Beaton's FCRA claim is asserted against only Chase.  Dkt. # 34 ¶ 22.  Because plaintiff does not allege that Chase is a "consumer reporting agency" or "user of credit information," the court construes plaintiff's claim as being brought under 15 U.S.C. § 1681s-2(b).  Under section 1681s-2(b), a "furnisher" of information provided to credit agencies has several duties that arise when the furnisher receives notice from a consumer reporting agency that a consumer had disputed the completeness or accuracy of information in the consumer's file.  15 U.S.C. § 1681s-2(b)(1).  Plaintiff alleges that she properly disputed the alleged debt to credit reporting companies.  Dkt. # 34 ¶ 22. However, she does not allege whether a consumer reporting agency conveyed to Chase a notice that would have triggered its investigation and reporting duties under section 1681s-2(b), or whether any of those duties were violated.  Accordingly, the court dismisses Beaton's FCRA claim without prejudice.

5. <u>Federal Tax Claims</u>

Beaton's federal tax claims purport to rely on 26 U.S.C. §§ 856, 857(b)(6)(B)(iii) and 1221(a)(1).  Section 856 provides the definition of a "real estate investment trust" and section 857(b) provides the method of taxation of real estate investment trusts and holders of shares or certificates of beneficial interest.  Section 857(b)(6) imposes a tax on net income derived from "a sale or other disposition of property described in section 1221(a)(1) which is not foreclosure property."  26 U.S.C. § 857(b)(6)(B)(iii).  Section 1221 defines "capital asset."  Plaintiff has not alleged the existence of a "real estate investment fund."  Even if she did, plaintiff's property was a foreclosure property, so any attempt to amend would be futile.  Accordingly, the court dismisses plaintiff's federal tax claims with prejudice.

## IV. CONCLUSION

For all the foregoing reasons, the court GRANTS defendants' motion to dismiss as follows:

(1)  Beaton's claims for recoupment and setoff, slander of title, violation of federal tax laws, and violation of 42 U.S.C. §§ 1981-1986 are DISMISSED with prejudice;

(2)  Beaton's claims for violation of the DTA, violation of the RESPA, violation of the FDCPA, violation of the FCRA, and fraud are DISMISSED without prejudice.

Beaton may file her Second Amended Complaint within forty-five (45) days of the date of this order.  She may not state claims for recoupment and setoff, slander of title, violation of federal tax laws, or violation of 42 U.S.C. §§ 1981-1986.[6]  The court also orders the Clerk of Court to STRIKE the Minute Order Setting Trial Date and Related Dates. Dkt. # 32.  The court will set a new case schedule after Beaton files her second amended complaint so that plaintiff may receive responses to her discovery requests, and appropriate dispositive motions may be filed prior to trial.  The Clerk of Court is ORDERED to mail a copy of this order to plaintiff.

Dated this 15th day of March, 2012.

The Honorable Richard A. Jones
United States District Judge

---

[6] The court notes that allegations regarding Mortgage Electronic Registration System, Inc. ("MERS") are improper because MERS was not identified as the beneficiary in Beaton's deed of trust.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT- 11