THE HONORABLE RICHARD A. JONES

11-CV-00872-CJA

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DEBORAH R. BEATON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.; and
NORTHWEST TRUSTEE SERVICES, INC.

    Defendants,

CASE NO. 2:11-cv-00872-RAJ

SECOND AMENDED
VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, DEBORAH R. BEATON, proceeding without counsel, hereby serves her Second Amended Verified Complaint and alleges claims against the Defendants NORTHWEST TRUSTEE SERVICES, INC. and JPMORGAN CHASE BANK, N.A., and as grounds states:

1. Plaintiff DEBORAH R. BEATON is a *sui juris* resident of the State of Washington and over the age of eighteen, and at the times relevant, the legal owner of the residential property identified hereinbelow as 22650 24th Avenue South, Des Moines, WA 98198.

2. Defendant, JPMORGAN CHASE BANK N.A. (hereinafter "CHASE") is a Delaware corporation whose address is 270 Park Avenue, New York, NY 10017.

SECOND AMENDED VERIFIED
COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 1 of 11

3. Defendant, NORTHWEST TRUSTEE SERVICES, INC., is a Washington Corporation whose address is 13555 SE 36th St., Bellevue, WA 98006.

4. The subject residential Property (hereafter the "Property") is located at 22650 24th Avenue South, Des Moines, WA 98198 in King County, Washington and is legally described as:

> W 182 FT OF E 342 FT OF S ½ OF SW ¼ OF NW ¼ OF NE ¼ LESS 140 FT & N 20 FT OF S 160 FT OF S ½ OF SW ¼ OF NW ¼ OF NE ¼ LY E OF 24TH PL S LESS E 342 FT LESS N 75 FT KING COUNTY, WASHINGTON. SITUATED IN THE COUNTY OF KING, STATE OF WASHINGTON.

5. Plaintiff is proceeding Pro Se, without assistance of counsel and is unschooled in law, requesting the court accept direction from *Haines v. Kerner*, 404 U.S. 519 (1972), *Boag v. MacDougall*, 545 US 360 (1982), *Puckett v. Cox* 456 F2d 233 (1972 Sixth Circuit USCA), and *Conely v. Gibson*, 355 US 41 at 48(1957), wherein the court has directed those who are unschooled in law, making pleadings shall have the court look to the substance of the pleadings rather than the form.

## JURISDICTION

6. This action arises under Federal Question 28 USC §1331 and 12 USC §1819(b)(2)(A) if FDIC receivership is found to be involved.

7. This case also arises under the Washington Deed of Trust Act, RCW 61.24 *et. seq* (DTA) and RCW 62A (Uniform Commercial Code).

## Material Facts Common to All Counts

8. The chain of title for the subject Property shows the plaintiff holding undisputed clear legal title and equitable title up until August 29, 2006, pursuant to the Statutory Warrantee Deed recorded in King County, Washington under Auditor's file number

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

20060906002230 (incorporated by reference).

9. Plaintiff executed a Note secured by a Deed of Trust recorded in King County, WA, under Auditor's file no. 20060906002231 (incorporated by reference).

10. On an unknown date the said secured Note was converted into a bearer instrument via a "blank indorsement" executed by the original Lender/Beneficiary named on the said Note and Deed of Trust which is WASHINGTON MUTUAL BANK, FA, and transferred/negotiated it to an unknown Bearer/Successor Beneficiary.

11. The actual identity of the unknown Bearer/Beneficiary and the whereabouts of the Note have not been disclosed to, or known by, the Plaintiff since it was converted into a bearer instrument.

12. Apparently, the **Whole Bank** known as WASHINGTON MUTUAL BANK, F.A. was transferred via FDIC to JPMORGAN CHASE BANK, N.A. on September 25, 2008 *(see Court file, Document #25)*, however it is unknown if this has any bearing on the instant case because WASHINGTON MUTUAL BANK, F.A. may have transferred/negotiated the instrument prior to 9/25/2008.

13. It is unknown if the secured Note was included in the assets transferred from WASHINGTON MUTUAL BANK, F.A. via FDIC to JPMORGAN CHASE BANK, N.A. on 9/25/2008.

14. JPMORGAN CHASE BANK, N.A. is not named in the secured Note or in the Note's indorsement.

15. On December 15, 2010, NORTHWEST TRUSTEES SERVICES, INC. recorded a Notice of Trustee Sale in the public records of King County, Washington under

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 3 of 11

Case 2:11-cv-00872-RAJ   Document 55   Filed 04/27/12   Page 4 of 12

Auditor's File No. 20101216000340.

16. On May 25, 2011, Plaintiff's filed the instant case.

17. On June 3, 2011, Defendant(s) sold Plaintiff's subject Property at trustee's sale.

18. Plaintiff has not acquiesced to the non-judicial foreclosure proceedings.

**CLAIMS FOR RELIEF:**

19. The Plaintiff incorporates all preceding paragraphs in these allegations.

20. Pursuant to the Courts order Plaintiff deletes the claims entitled "Disparity", "Recoupment and Setoff", "Slander of Title", "Forfeiture on Foreclosure" (tax claims) from this Second Amended Complaint.

21. Plaintiff also voluntarily deletes the claim entitled "Breach of Contract - unanswered QWR" and "Erroneous Credit Reporting" from this Second Amended Complaint.

22. Plaintiff renames the claims formerly entitled "Equitable Estoppel - invalid debt" and "Fraudulent Foreclosure of Incorrect Note" as "FDCPA Violations" and "Incomplete Indorsement/Chain of Title", respectively under this Second Amended Complaint.

**First Cause of Action**

FDCPA Violations: Plaintiff alleges that Defendant, NORTHWEST TRUSTEES SERVICES, INC. (hereinafter "NWTS") violated the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 – 1692p. Plaintiff responded to NWTS's "Notice Required by the Fair Debt Collection Practices Act, 15 USC Section 1692" with a Letter disputing the debt and requesting validation along with demands for cessation and desistance of collections.

As a foreclosure trustee, NWTS is considered a Debt Collector under the FDCPA. NWTS may be exempt only from 1692(f) which prohibits non-judicial foreclosures provided

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 4 of 11

NWTS is enforcing a secured debt. NWTS is required to comply with the remainder of the act which the Plaintiff alleges NWTS failed to do.

The Note remains "Blank Indorsed" and the identity of Note Bearer/Creditor remains unknown and the validity of the debt remains undetermined. It further remains undetermined if JPMORGAN CHASE BANK, N.A. is in fact the actual Beneficiary pursuant to RCW 61.24.005(2) or even an Agent for such Beneficiary. NWTS violated FDCPA and damaged the Plaintiff by foreclosing and the Plaintiff refuses to waive the claim.

### Second Cause of Action

Incomplete Indorsement/Chain of Title: Plaintiff demanded that the said "Blank Indorsement" be completed and turned into a "Special Indorsement" and that both signature of the indorser and indorsee be affixed to the Note before any demands for payment of Note be made upon the Plaintiff and before the Property could be foreclosed as provided by RCW 62A.3-204(d) which states in part "….signature in both names may be required by a person paying ….. the instrument…". The Defendants ignored the demand. This is an incurable defect to the chain of title and the Plaintiff refuses to waive it.

### Third Cause of Action

Material Violations – Washington Deed of Trust Act.

a. Defective Beneficiary's Declaration: Plaintiff alleges the "BENEFICIARY DECLARATION (NOTE HOLDER)" *(see Document #25)*, which appears to be required by RCW 61.24.030(7)(a), executed by JPMORGAN CHASE BANK, N.A. only states that JPMORGAN CHASE BANK, N.A. has authority under RCW 62A.3-301 and fails to state the claim that it has Beneficiary status as provided by RCW

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 5 of 11

61.24.005(2).

JPMORGAN CHASE BANK, N.A.'s reluctance to actually claim Beneficiary status and actual ownership of the Note is further evidenced by their refusal to complete the indorsement to the Note. This indicates JPMORGAN only claims the right to foreclose pursuant to that part of RCW 62A.3-301 which states: "<u>A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument</u>" [provided no one objects.] (Emphasis added).

Plaintiff contends that the term "<u>may be</u>" is a permissive grant based upon a debtor's acquiescence. The term "<u>may be</u>" does not have the same conclusive meaning as the term "<u>is</u>". Once the Plaintiff launched her objections, the term "<u>may be</u>" in effect became "<u>may not</u>". Plaintiff alleges the Defendant's foreclosure proceeding is incurably defective because they foreclosed without the Plaintiff's consent and without regard or answering to the Plaintiff's objection to the incomplete indorsement (codified as RCW 62A.3-204(d)) and lack of validation (FDCPA) and the Plaintiff refuses to waive the defects.

b. <u>Defective Notice of Default</u>: Plaintiff re-alleges the allegations set forth in section "a. <u>Defective Beneficiary's Declaration</u>" of this Complaint. Plaintiff alleges the Notice of Default (incorporated by reference) would be defective for the exact same reasons that make the Beneficiary's Declaration defective.

Additionally, without actually knowing who the Bearer/Beneficiary is under the secured Note, the Plaintiff alleges it is also impossible to determine if a default

SECOND AMENDED VERIFIED
COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 6 of 11

actually occurred. It is more than plausible than not, that the original Lender, WASHINGTON MUTUAL BANK, F.A., sold the Plaintiff's secured Note to an entity that securitized the loan as is customary in the lending industry. Securitization is a process whereby investors *(i.e. a Freddie Mac REMIC)* advance payment of the principal amount of the Plaintiff's obligation to the Note Bearer/Beneficiary however, negotiation/transfer of the secured Note does not occur.

The Plaintiff's obligation under the secured Note is then satisfied by the credit owed to the Borrower's Loan Account admittedly caused by receipt of the investor's money not the borrower's money. Nonetheless, a default under the secured Note is impossible because the obligation under the Note has been satisfied (emphasis added). The Plaintiff's obligation then moves to a different unsecured obligation *(an unsecured Account Receivable)* and thus the Bearer/Beneficiary and/or its Agents *(i.e. JPMORGAN CHASE BANK, N.A.)* is/are excluded as a Beneficiary and/or Beneficiary's Agent by RCW 61.24.005(2) which states in its entirety:

> **RCW 61.24.005(2): "Beneficiary" means the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation"** (emphasis added).

The legislative intent seems obvious and in this instance some requisites to a trustee's sale (RCW 61.24.030) are lost because no default under the deed of trust has occurred even if a default under a different obligation may have occurred. Securitization moves the debtor's obligation from the left side of the comma (",") to the underlined right side of the comma (",") found in RCW 61.24.005(2) cited above. Securitization may

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 7 of 11

not extinguish the obligation but rather unsecured or unperfected it because there was no negotiation/transfer of the Note to the payer *(i.e. the investors)*. Securitization may not change the parties to the loan agreements but it changes the facts, the amounts paid under the loan account, the amounts due and certainly should bar a non-judicial foreclosure under DTA. Any injured party *(i.e. the investors)* should retain their other rights to recover on the unsecured Account Receivable without prejudice.

The Plaintiff explicitly claimed without waiver any and all value i.e. credits to the Borrower's Loan Account derived from her Note, whether from her own payments or payments of others. Plaintiff's claim is evidenced by her notice/affidavit of non-abandonment *[see Dkt. #39, RJN, Fact Nine, Ex. Nine]*, incorporated by reference, which is admittedly not well articulated and has typographical errors but expresses the Plaintiff's intent and furthermore the affidavit was never answered or rebutted. Plaintiff's explicate reservation of right was ignored and violated by the other parties and/or successor parties to the Deed of Trust and possibly non-parties as is evidenced by the Defendant's related report of abandonment, a 1099-A issued for the Foreclosure Sale which NORTHWEST TRUSTEE'S SERVICES, INC. held on June 3, 2011 (Plaintiff never received her copy).

Plaintiff alleges the Notice of Default is incurably defective because the parties, facts, calculations, statement of account contained therein are not accurate or correct and the Plaintiff will not waive the defects.

c. <u>Defective Notice of Trustee's Sale</u>. Plaintiff re-alleges the allegations set forth in section "a. <u>Defective Beneficiary's Declaration</u>" and "b. <u>Defective Notice of Default</u>"

SECOND AMENDED VERIFIED
COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 8 of 11

of this Complaint. Plaintiff alleges the Notice of Trustee's Sale (incorporated by reference) would be defective for the exact same reasons that make the Beneficiary's Declaration and Notice of Default defective and the Plaintiff will not waive the defects.

    d. <u>Defective Appointment of Successor Trustee</u>: Plaintiff re-alleges the allegations set forth in section "a. <u>Defective Beneficiary's Declaration</u>", section "b. <u>Defective Notice of Default</u>" and section "c. <u>Defective Notice of Trustee's Sale</u>" of this Complaint. Plaintiff alleges the subject Appointment of Successor Trustee (incorporated by reference) would be defective for the exact same reasons that make the Beneficiary's Declaration, Notice of Default and Notice of Trustee's Sale defective and the Plaintiff will not waive the defects.

    e. <u>Defective Trustee's Deed</u>. Plaintiff re-alleges the allegations set forth in section "a. <u>Defective Beneficiary's Declaration</u>", section "b. <u>Defective Notice of Default</u>" and section "c. <u>Defective Notice of Trustee's Sale</u>" and "d. <u>Defective Appointment of Successor Trustee</u> of this Complaint. Plaintiff alleges the Trustee's Deed (incorporated by reference) would be defective for the exact same reasons that make the Beneficiary's Declaration, Notice of Default, Notice of Trustee's Sale and Appointment of Successor Trustee defective and the Plaintiff will not waive the defects.

///

///

///

SECOND AMENDED VERIFIED COMPLAINT

Page 9 of 11

**Deborah R. Beaton, Plaintiff**
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

**WHEREFORE THESE REASONS,** Plaintiff prays for the following relief:

(a) Plaintiff seeks a declaration by the court that the **Beneficiary's Declaration** executed by Ediba Trivuncic on November 29, 2010, the **Notice of Default** dated November 15, 2010, the **Notice of Trustee's Sale** recorded on December 16, 2010 under County Auditor's File No. 20101216000340, the **Appointment of Successor Trustee** recorded on December 1, 2010 under County Auditor's File No. 20101201001577 and the **Trustee's Deed** recorded on June 24th, of 2011 in King County under County Auditor's File No. 20110624001271 is void and has no effect;

(b) Plaintiff leaves it to the Court's discretion as to whether or not the court's declaration should include either a reinstatement or a cancellation of the Deed of Trust dated 08/28/06, recorded on 09/06/06 under King County Auditor's file No. 20060906002231;

(c) Awarding Plaintiff any additional or further relief this Court finds appropriate or just.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SECOND AMENDED VERIFIED COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 10 of 11

Respectfully submitted this 26th day of April, 2012,

VERIFICATION

I, the under signed Plaintiff, do affirm the foregoing Second Amended Verified Complaint, the allegations therein, the pleading and contents to be true, correct, complete, to the best of my knowledge, information and belief.

Plaintiff: Deborah R. Beaton

Signature: *Deborah R. Beaton*

JURAT

I Lorelei B Faber a Notary Public certify that I know or have satisfactory evidence that Deborah R. Beaton appeared before me, and executed this Second Amended Verified Complaint as her sworn statement as a free and voluntary act of her own will under penalty of perjury.

I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of King that the foregoing paragraph is true and correct.

DATED: April 26, 2012

*Lorelei B Faber*
Notary Public
My appointment expires 9-9-2014

[Notary Seal: LORELEI B. FABER, COMMISSION EXPIRES 9-09-14, NOTARY PUBLIC, STATE OF WASHINGTON]

SECOND AMENDED VERIFIED
COMPLAINT

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 11 of 11