David A. Weibel, WSBA #24031
Barbara L. Bollero, WSBA #28906
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1801
Telephone:  206-622-5306
Facsimile:  206-622-0354
dweibel@bwmlegal.com
bbollero@bwmlegal.com
*Attorneys for Defendant Chase*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH H. BEATON,<br><br>   Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK N.A., NORTHWEST TRUSTEE SERVICES, INC.<br><br>   Defendants. | NO. 2:11-cv-0872-RAJ<br><br>**DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT**<br><br>NOTING DATE: September 28, 2012 |

### I.   INTRODUCTION AND RELIEF REQUESTED

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys David A. Weibel and Barbara L. Bollero of Bishop, White, Marshall & Weibel, P.S., moves for dismissal of Plaintiff's Second Amended Verified Complaint [Dkt. 55] for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and for release of the impermissible, unauthorized lien filings and instruments Plaintiff Deborah H. Beaton has recorded against the real property she formerly owned.

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 1

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

As did her original and [First] Amended Verified Complaints [Dkts. 1 and 34], the claims in Plaintiff's Second Amended Verified Complaint [Dkt. 55] arise from the nonjudicial foreclosure and eventual Trustee's sale of her real property.  Ms. Beaton's Second Amended Complaint against Chase fails for several reasons, most notably that: (1) under RCW 61.24.127 only three possible claims survive her failure to restrain the Trustee's sale of her property, and Ms. Beaton did not plead any of those surviving claims; (2) Plaintiff's claims for violation of Washington's Deeds of Trust Act, RCW 61.24.005, *et seq.*, are not adequately pled and fail to state a claim against Chase; (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") was not and cannot be pled against Chase; and (4) no cause of action for "incomplete indorsement" lies under RCW 62A.3-204(d), as claimed by Plaintiff.

Because this is Ms. Beaton's third attempt to state claims against Chase, and she has been and will be unable to do so, her Second Amended Complaint should be dismissed, with prejudice.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.   Property Ownership, Note Endorsement, and Deed of Trust.**

On or about August 28, 2006, Plaintiff Deborah R. Beaton purchased the real property and improvements thereon commonly known as 22650 24th Ave. S., Des Moines, Washington 98198 (the "Property"). [Dkt. 39, Fact One, Ex. One; Dkt. 39-1; Dkt. 55, par. 1, 4, 8.] Ms. Beaton funded the purchase by a loan from Washington Mutual Bank ("WaMu") in the principal amount of $271,960.00, evidenced by a Promissory Note she drew payable to WaMu in that amount, dated August 28, 2006 (the "Note"). [Dkt. 39, Fact Two, Ex. Two; Dkt. 39-2; Dkt. 55, par. 9-10; Dkt. 25, pp. 2-3, 15-17.]  Thereafter, WaMu endorsed the Note

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 2

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1  in blank. [*Id.*] The Note was secured by a Deed of Trust against the Property of the same
2  date, identifying WaMu as the "Lender," Ms. Beaton as the "Borrower," and Ticor Title
3  Company as the "Trustee" (the "Deed of Trust"). [Dkt. 39, Fact Three, Ex. Three; Dkt. 39-3;
4  Dkt. 55, par. 9 and p. 10.]

5  **B.    Chase's Interest in Note, and Appointment of Successor Trustee.**

6  Just over two years after Ms. Beaton obtained her home loan, on September 25, 2008,
7  the Office of Thrift Supervision closed WaMu and appointed the FDIC as Receiver for
8  WaMu. [Dkt. 39, Fact Four, Ex. Four; Dkt. 39-4; Dkt. 25, pp. 18-25; Dkt. 55, par. 12.]
9  Thereafter, Chase purchased certain of WaMu's assets, including Ms. Beaton's loan. [Dkt.
10 39, Fact Five, Ex. Five; Dkt. 39-5.] As WaMu's successor, Chase chose to appoint a
11 Successor Trustee for the Deed of Trust, Defendant Northwest Trustee Services, Inc.
12 ("NWTS"). [Dkt. 39, Fact Six, Ex. Six; Dkt. 39-6; Dkt. 34, p. 35; Dkt. 55, pp. 9-10.]

13 **C.    Plaintiff's Default, Foreclosure, and Failure to Enjoin Trustee's Sale.**

14 Approximately two years after Chase purchased Ms. Beaton's loan, on or about June
15 1, 2010, Ms. Beaton defaulted in making her home loan payments and failed to cure the
16 default. [Dkt. 39, Fact Seven, Ex. Seven; Dkt. 39-7, p. 3; Dkt. 34, p. 38; Dkt. 55, p. 8.] The
17 Trustee of the Deed of Trust, NWTS, served Ms. Beaton with a Notice of Trustee's Sale,
18 scheduling the Trustee's sale for March 18, 2011. [*Id.*; Dkt. 34, pp. 4, 37-40; Dkt. 55, par.
19 15.] On June 3, 2011, the Property was sold at the Trustee's sale. [Dkt. 25, pp. 28-29; Dkt.
20 34, par. 17; Dkt. 55, par. 17 and p. 10.]

21 **D.    Plaintiff's Foreclosure Avoidance Filings.**

22 Before the Trustee's sale, on March 1, 2011, Ms. Beaton caused to be recorded the
23 following four instruments against her property:

24 DEFENDANT CHASE'S FRCP                BISHOP WHITE, MARSHALL & WEIBEL, P.S.
   12(b)(6) MOTION TO DISMISS                        720 OLIVE WAY, SUITE 1201
   PLAINTIFF'S SECOND AMENDED                     SEATTLE, WASHINGTON 98101-1801
25 VERIFIED COMPLAINT - 3                         206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

1.   Uniform Commercial Code ("UCC") "Common Law Claim of Sweat Equity" lien claim in the amount of $2,033,236.08;

2.   "Common Law Lien in the Nature of a Mechanics Lien for Services" claim in the amount of $25,000.00;

3.   "Notice and Declaration of Retroactive Revocation of Power of Attorney"; and

4.   "Modification of Deed of Trust Rider."

[Dkt. 39, Fact Eight, Ex. Eight; Dkt. 39-8.]

On April 19, 2011, Plaintiff also caused to be recorded with the King County Auditor's Office a document titled "Affidavit of Interest/Non-Abandonment," which appears in the land title records concerning the Property. [Dkt. 39, Fact Nine, Ex. Nine; Dkt. 39-9.] In that document, Ms. Beaton purports to "cancel" the Deed of Trust. [*Id.*]

**E.    Procedural History.**

Nine days before the Trustee's sale, on May 25, 2011, Plaintiff filed her original Complaint in this action for declaratory and injunctive relief against Chase and NWTS to quiet title to the Property. [Dkt. 1.]  Two days later, she moved to restrain the Trustee's Sale scheduled by NWTS [Dkt. 3], and also requested a preliminary injunction [Dkt. 4].  Both motions were denied [Dkt. 7], as were Plaintiff's subsequent amended motions for the same relief [Dkts. 8, 9, 13].  Plaintiff's third bite at the apple, an *ex parte* request for a Temporary Restraining Order was similarly denied. [Dkts. 14, 16.] Accordingly, the Property was sold at the Trustee's sale. [Dkt. 25, pp. 28-29; Dkt. 34, par. 17; Dkt. 55, par. 17 and p. 10.]

On July 22, 2011, NWTS filed a dismissal motion for failure to state a claim, which was joined by Chase. [Dkts. 25, 28.]   Plaintiff opposed dismissal, and simultaneously

DEFENDANT CHASE'S FRCP  
12(b)(6) MOTION TO DISMISS  
PLAINTIFF'S SECOND AMENDED  
VERIFIED COMPLAINT - 4  
NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.  
720 OLIVE WAY, SUITE 1201  
SEATTLE, WASHINGTON 98101-1801  
206/622-5306  FAX:  206/622-0354

requested leave to amend. [Dkts. 29, 30.] The Court allowed Plaintiff's amendment, and found the dismissal motion moot. [Dkt. 33.]

On October 7, 2011, Ms. Beaton filed her [First] Amended Complaint [Dkt. 34], along with her "Memorandum in Support of Amended Verified Complaint" [Dkt. 34-1] and "Affidavit of Note Maker in Support of Amended Verified Complaint" [Dkt. 34-2]. Chase moved to dismiss [Dkt. 38], and requested judicial notice of several facts and documents in support of its motion [Dkts. 39, 39-1 through 39-13.] NWTS joined Chase's dismissal motion. [Dkt. 41.]

On March 15, 2012, the Court dismissed several of the claims in Plaintiff's [First] Amended Complaint with prejudice. [Dkt. 54.] It dismissed her claims for violation of the Deed of Trust Act, RESPA, FDCPA, FCRA and fraud without prejudice, and granted Ms. Beaton 45 days leave to amend. [Dkt. 54, p. 11.]

Ms. Beaton filed her Second Amended Verified Complaint on the final day to do so, April 27, 2012. [Dkt. 55.] She has now narrowed her causes of action to three:

1. FDCPA violations against Defendant NWTS;

2. "Incomplete Indorsement/Chain of Title," for Chase's ostensible failure to convert the bearer Note to a specially indorsed Note upon Plaintiff's demand to do so; and

3. Violation of the Deed of Trust Act for the ostensibly defective Beneficiary Declaration, Notice of Default, Notice of Trustee's Sale, Appointment of Successor Trustee, and Trustee's Deed.

Because none of Plaintiff's new causes of action state a claim upon which relief may be granted against Chase, Chase moves to dismiss Plaintiff's Second Amended Verified Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) as a matter of law.

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 5

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

NO. 2:11-cv-0872-RAJ

### III. STATEMENT OF ISSUES

1. Because Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against Chase, should the Court dismiss it with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) as a matter of law?

2. Due to Plaintiff's failure to comply with the statutory prerequisites of RCW 4.28.320, should the Court enter an order extinguishing and releasing the UCC lien and "Affidavit of Interest/Non-Abandonment" that Ms. Beaton recorded against the subject Property?

3. Because Ms. Beaton's remaining filings are frivolous liens under RCW 60.04.081, should the Court enter an order extinguishing and releasing Plaintiff's recorded instruments against the subject Property?

### IV. AUTHORITY AND ARGUMENT

**A.  Plaintiff Has Not and Cannot Plead a Viable FDCPA Claim Against Chase.**

**1.  Plaintiff's FDCPA Claim is Not Pled Against Chase.**

Previously, Ms. Beaton pled an FDCPA claim against Defendants for their ostensible "fail[ure] to validate the debt." [Dkt. 34, par. 21.] The Court dismissed that claim without prejudice because, "Plaintiff has not alleged any facts that would demonstrate that defendants were 'debt collectors' within the meaning of 15 U.S.C. §1692(A)(6)." [Dkt. 54, p. 9, ll. 22-23.]

Plaintiff's re-pled FDCPA claim is stated *only* against the co-Defendant NWTS: "Plaintiff alleges that Defendant, [NWTS] violated the … FDCPA …. Plaintiff responded to NWTS's [notice] with a Letter disputing the debt and requesting validation …. As a

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
VERIFIED COMPLAINT - 6

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

foreclosure trustee, NWTS is considered a Debt Collector under the FDCPA." [Dkt. 55, p. 5.]

Chase is mentioned in only a single, irrelevant sentence in the entire FDCPA cause of action: "It further remains undetermined if [Chase] is in fact the actual Beneficiary pursuant to RCW 61.24.005(2) or even an Agent for such Beneficiary." [Dkt. 55, p. 6, ll. 4-7.]  The assertion has nothing to do with the FDCPA claim.  Further, Plaintiff concludes the cause of action by asserting "NWTS violated FDCPA and damaged the Plaintiff," without mentioning Chase. [Dkt 55, p. 6, ll.7-8.]

It is apparent Plaintiff's FDCPA claim is not pled against Chase.

**2.      Plaintiff's FDCPA Claim is Not Viable Against Chase.**

Even could Plaintiff's FDCPA claim somehow be read as a cause of action for recovery against Chase, it fails to state a claim upon which relief may be granted.  The FDCPA exempts from the term "debt collector" any person "collecting or attempting to collect any debt owed or due … to the extent such activity ... concerns a debt *which was not in default at the time it was obtained by such person.*"   15 U.S.C. §1692(a)(6)(F)(iii) (emphasis supplied).

Here, Ms. Beaton has not alleged that Chase is a debt collector, nor has she alleged her loan was in default when Chase succeeded to WaMu's interest in the loan on September 25, 2008. [Dkt. 39, Fact Four, Ex. Four; Dkt. 39-4; Dkt. 25, pp. 18-25; Dkt. 55, par. 12.]  In fact, Plaintiff did not default on her loan until approximately two years after Chase purchased it, on or about June 1, 2010. [Dkt. 39, Fact Seven, Ex. Seven; Dkt. 39-7, p. 3; Dkt. 34, p. 38; Dkt. 55, p. 8.]

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
VERIFIED COMPLAINT - 7

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

The FDCPA does not apply to lenders acquiring debts before default. *See, De Dios v. Int'l. Realty & Inv.,* 641 F.3d 1071, 1074 (9th Cir. 2011). Further, the FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt. *See, Lai v. American Home Servicing, Inc.,* 680 F.Supp.2d 1218, 1224 (E.D.Cal. 2010) (*quoting, Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985)); *Cuddeback v. Land Home Financial Services,* 2011 WL 903881, *1–*2 (W.D.Wash. 2011); *Segle v. PNC Mtg.,* 2011 WL 1098936, *7 (W.D.Wash. 2011); *Moseley v. CitiMortgage Inc.,* 2011 WL 5175598, *10 (W.D.Wash. Oct. 31, 2011). Here, Chase is Ms. Beaton's creditor and acquired her loan before she defaulted. Consequently, it is not a "debt collector" to whom the FDCPA applies.

When a plaintiff has not stated any facts that would demonstrate when she defaulted, whether she tendered loan payments after her default, whether defendant's interest in her loan was obtained before or after her default, whether defendant's acquisition of its interest in plaintiff's deed of trust occurred before or after she was in default, and whether she ever disputed the debt and requested validation from defendant, an FDCPA action should be dismissed for failure to state a claim. *Thepvongsa v. Reg'l. Tr. Services Corp.,* 2011 WL 307364, *8-9 (W.D.Wash. Jan. 26, 2011); *accord, Moore v. Fed. Nat. Mtg. Ass'n.,* 2012 WL 424583, *5 (W.D.Wash. Feb. 9, 2012) (In the absence of any allegations that defendant engaged in conduct beyond that necessary to effectuate a nonjudicial foreclosure, it is not a "debt collector" subject to the requirements or prohibitions of the FDCPA.); *Corales v. Flagstar Bank, FSB,* 822 F.Supp.2d 1102, 1112 (W.D.Wash. 2011) ("[E]ven if the FDCPA were generally applicable to nonjudicial

DEFENDANT CHASE'S FRCP  
12(b)(6) MOTION TO DISMISS  
PLAINTIFF'S SECOND AMENDED  
VERIFIED COMPLAINT - 8  
NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.  
720 OLIVE WAY, SUITE 1201  
SEATTLE, WASHINGTON 98101-1801  
206/622-5306  FAX:  206/622-0354

foreclosure proceedings, it would not be applicable here because [the bank] acquired its interest in the Note before Plaintiffs defaulted on their obligation.").

Plaintiff has not and cannot plead a viable FDCPA cause of action against Chase; accordingly, her FDCPA claim should be dismissed, with prejudice.

**B.     Plaintiff Has Not and Cannot Plead a Viable "Incomplete Indorsement" Claim Against Chase.**

Ms. Beaton's second cause of action is titled "Incomplete Indorsement/Chain of Title." [Dkt. 55, p. 6.]  As she admits, Ms. Beaton's Note was endorsed in blank by the original payee, WaMu.  [Dkt. 39, Fact Two, Ex. Two; Dkt. 39-2; Dkt. 55, par. 9-10; Dkt. 25, pp. 2-3, 15-17.]  Plaintiff alleges that at some unspecified point in time she made a demand against some unspecified person that the blank endorsement be "turned into a 'Special Indorsement' and that both signature *(sic)* of the indorser and indorsee be affixed to the Note before any demands for payment of Note be made … and before the Property could be foreclosed …." [Dkt. 55, p. 6, ll. 10-16.]  Plaintiff asserts that both signatures are required by RCW 62A.3-204(d), and because they were not obtained there is now an "incurable defect to the chain of title." [Dkt. 55, p. 6, ll. 16-17.]

But RCW 62A.3-204(d) has nothing to do with a drawer being able to force the holder of a Note to change a blank endorsement to a special one.  Instead, the entire statute on which Plaintiff bases her "Incomplete Indorsement" claim reads as follows:

> If an instrument is payable to a holder under a name that is not the name of the holder, indorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

DEFENDANT CHASE'S FRCP                                BISHOP WHITE, MARSHALL & WEIBEL, P.S.
12(b)(6) MOTION TO DISMISS                                       720 OLIVE WAY, SUITE 1201
PLAINTIFF'S SECOND AMENDED                           SEATTLE, WASHINGTON 98101-1801
VERIFIED COMPLAINT - 9                                        206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

1    The statute simply does not apply to the facts here.  First, the Note is *not* payable to
2 a holder under a name that is not the name of the holder; instead, it is payable in blank.
3 Second, endorsement is discretionary, not mandatory – "indorsement *may* be made by the
4 holder."  RCW 62A.3-204(d) (emphasis supplied).  Third, there is *no* requirement that the
5 holder of bearer paper restrictively endorse it on demand of the drawer.  Instead, the law
6 permissively provides, "[t]he holder *may* convert a blank indorsement that consists only of
7 a signature into a special indorsement …."  RCW 62A.3-205(c) (emphasis supplied).
8 Consequently, the statute simply does not apply to the present facts and, accordingly, does
9 not serve as the basis for any cause of action against Chase.

10   Further, under the law of negotiable instruments, the Note is governed by Article 3
11 of Washington's version of the Uniform Commercial Code.  Under Article 3, the Note
12 could be transferred by a special endorsement to a specific payee, or in blank, where the
13 transferee is not identified.  RCW 62A.3–109; 62A.3–205.  Once it was endorsed in blank,
14 the Note was payable "to bearer" and could be negotiated merely by transfer of possession
15 alone.  RCW 62A.3–205.  Clearly, that is precisely what occurred here.  *See, In re Reinke*,
16 2011 WL 5079561, *11 (Bankr.W.D.Wash. Oct. 26, 2011) (Since Washington law does
17 not require that endorsements be dated, court found endorsements followed a natural
18 progression from the initial payee to the blank endorsement, and holder was entitled to
19 enforce note.); *accord, In re Allen,* 472 B.R. 559 (B.A.P. 9th Cir. 2012) (Having found that
20 defendant held the note, trial court's determination that defendant was a "person entitled to
21 enforce the Note" would not be disturbed.); *Corales v. Flagstar Bank, FSB,* 822 F.Supp.2d
22 1102, 1112 (W.D. Wash. 2011) (Plaintiffs' assertion that endorsement of the Note
23 "without recourse" somehow "materially altered" the Note rendering it unenforceable was

DEFENDANT CHASE'S FRCP  
12(b)(6) MOTION TO DISMISS  
PLAINTIFF'S SECOND AMENDED  
VERIFIED COMPLAINT - 10  
NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.  
720 OLIVE WAY, SUITE 1201  
SEATTLE, WASHINGTON 98101-1801  
206/622-5306  FAX:  206/622-0354

1  rejected, the court noting the endorsement "in no way altered Plaintiffs' obligations under
2  the Note," and awarding summary judgment to the lender.).

3      Plaintiff cannot state a claim on the basis that the Note was not specially endorsed,
4  or that Chase is not the Note holder.  Consequently, her second cause of action should be
5  dismissed, with prejudice.

6  **C.**     **Deed of Trust Act Violations are Not Properly Alleged and Did Not Occur.**

7      **1.**     **Plaintiff Did Not Rectify her Flawed Factual Allegations.**

8      The Court previously dismissed Plaintiff's prior claims for violation of
9  Washington's Deed of Trust Act, RCW 61.24.005, *et seq.* ("DOTA").  [Dkt. 54, pp. 4-7.]
10 In doing so, it analyzed DOTA's goals and Ms. Beaton's waiver of post-sale remedies by
11 failure to enjoin the trustee's sale. [Dkt. 54, p. 5.]  The Court acknowledged the legislative
12 modification of the waiver doctrine to exempt claims for common law fraud or
13 misrepresentation, violation of Washington's Consumer Protection Act, and the trustee's
14 failure to comply with DOTA.  [Dkt. 54, p. 5; RCW 61.24.127.]

15     Citing RCW 61.24.030(7)(a), the Court chose to construe Plaintiff's DOTA
16 violation claim "as alleging a breach by the trustee of its obligation to obtain, prior to
17 recording the notice of trustee's sale, proof that the beneficiary under the deed of trust is
18 the owner of the related promissory note," which could be pursued post-foreclosure. [Dkt.
19 54, p. 6, ll. 2-6.]  Nevertheless, the Court dismissed the prior DOTA violation claim
20 because it was "devoid of factual allegations that could support a potential [DOTA] claim."
21 [Dkt. 54, p. 7, ll. 9-12.]

22     Plaintiff's Second Amended Complaint attempts to capitalize on the Court's prior
23 ruling by asserting not only that the RCW 61.24.030(7)(a) required beneficiary declaration

is "defective," but that several other foreclosure documents suffer from the same defects, including the Appointment of Successor Trustee, Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. The premise of these claims is that:

- Plaintiff does not know the identity of the Note bearer or beneficiary;
- Plaintiff does not know the whereabouts of the Note;
- Chase is not named on the Note or in the Note's endorsement; and
- Plaintiff's loan may have been securitized.

[Dkt. 55, pars. 11, 13-14, and pp. 5-8.]

But as the Court previously recognized, these assertions are nothing more than "alternate forms of the 'show me the note' assertion often made and soundly rejected in [DOTA] cases." [Dkt. 54, p. 5, l. 20 – p. 6, l. 2.] *See, e.g., Freeston v. Bishop, White & Marshall, P.S.,* 2010 WL 1186276, *6 (W.D.Wash. March 24, 2010) (*quoting*, *Diessner v. Mtg. Elec. Reg. Sys., Inc.,* 618 F.Supp.2d 1184, 1187 (D.Ariz. 2009) (collecting cases).[1]

Further, to the extent Ms. Beaton's claims arise from the possible securitization of her home loan, such claims fail. "Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way." *Bhatti v. Guild Mtg. Co.*, 2011 WL 6300229, *5 (W.D.Wash. Dec. 16, 2011); *Moseley v. CitiMortgage, Inc.,* 2011 WL 5175598, *7 (W.D.Wash. Oct. 31, 2011) (*citing*, *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.,* 2010 WL 4788209, *2 (D.Utah Nov.16, 2010) (*quoting, Larota—Florez v.*

---

[1] The Court's ruling in *Freeston,* 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09–5560-BHS, Dkts. 91, 93).

DEFENDANT CHASE'S FRCP
12(b)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
VERIFIED COMPLAINT - 12

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

*Goldman Sachs Mtg. Co.,* 719 F.Supp.2d 636, 642 (E.D.Va.2010)); *accord, In re Cedano,* 470 B.R. 522, 531 (9th Cir. B.A.P. 2012) ("[T]he transfer of the Note as part of a securitization process did not affect MERS's right as a nominee under the DOT.")

Even assuming that Ms. Beaton's loan was securitized, that does not establish – nor has Plaintiff even alleged – that Chase presently lacks authority to enforce the Deed of Trust or initiate foreclosure proceedings. It is clear that Chase possesses the original Note endorsed in blank; accordingly, Chase is the holder of the Note with the right to enforce it and the corresponding Deed of Trust. RCW 62A.3–205 ("holder of an instrument" is entitled to enforcement); *Fidel v. Deutsche Bank Nat. Trust Co.,* 2011 WL 2436134, *3 (W.D.Wash., June 14, 2011) ("[D]efendant has provided the Note, which was endorsed to defendant and is currently in defendant's possession. Accordingly, defendant has the authority to institute foreclosure proceedings."); *Corales v. Flagstar Bank, FSB,* 822 F.Supp.2d 1102, 1108 (W.D.Wash. 2011).[2]

Plaintiff has not fleshed out her DOTA violation claim against Chase sufficiently to withstand challenge, and her claims do not state a viable cause of action. Further, none of the nonjudicial foreclosure documents are "defective," as she alleges; accordingly, the DOTA violation cause of action should be dismissed, with prejudice.

---

[2] The opinion recently issued by the Washington Supreme Court in *Bain v. Metro. Mortg. Group, Inc.,* -- P.3d --, 2012 WL 3517326 (Wash. Aug. 16, 2012), does not alter this analysis. There, the Court held: "MERS is an ineligible "'beneficiary' within the terms of the Washington Deed of Trust Act," if it never held the promissory note or other debt instrument secured by the deed of trust." *Id.,* at *13 (original quotes). Here the Note, endorsed in blank, was held by Chase and Chase, not MERS, appointed the Successor Trustee. [Dkt. 39, Fact Six, Ex. Six, Dkt. 39-6, and Dkt. 39-2, p.3.]

DEFENDANT CHASE'S FRCP  
12(b)(6) MOTION TO DISMISS  
PLAINTIFF'S SECOND AMENDED  
VERIFIED COMPLAINT - 13  

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.  
720 OLIVE WAY, SUITE 1201  
SEATTLE, WASHINGTON 98101-1801  
206/622-5306  FAX:  206/622-0354

**2.      The Beneficiary Declaration is Statutorily Compliant.**

Ms. Beaton claims Chase's beneficiary declaration materially violates DOTA because it "fails to state the claim that [Chase] has Beneficiary status." [Dkt. 55, p. 6, l. 21 – p. 7, l. 1.] The requirements for a beneficiary declaration are set forth in RCW 61.24.030(7)(a). It provides, in full, as follows:

> [F]or residential real property, before the notice of trustee's sale is recorded, … the trustee shall have proof that the beneficiary is the owner of any promissory note … secured by the deed of trust. *A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note … secured by the deed of trust shall be sufficient proof as required under this subsection.*

RCW 61.24.030(7)(a) (emphasis supplied). Accordingly, the only statutory requirements for a beneficiary declaration are that it be made under penalty of perjury, and state "that the beneficiary is the actual holder of the promissory note." *Id.*

Here, Chase's beneficiary declaration is fully compliant with RCW 61.24.030(7)(a). It is made under penalty of perjury, is titled "Beneficiary Declaration (Note Holder)," and specifically states that Chase "is the actual holder of the promissory note … evidencing the above-referenced loan." [Dkt. 25, p. 26; Dkt. 55, pp. 5, 11.] Plaintiff's other challenges to the declaration, concerning endorsement of the Note and the FDCPA claims, were addressed and discredited previously. Thus, there are no "defects" in Chase's beneficiary declaration, and it cannot and does not serve as the basis for a DOTA violation claim.

**3.      The Appointment of Successor Trustee is Not Defective.**

Ms. Beaton asserts Chase's Appointment of NWTS was defective for all the same

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 14

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

1  reasons the other foreclosure documents are allegedly defective.  Such bald, generalized

2  allegations fail to state a claim upon which relief may be granted.

3       Initially, Plaintiff does not dispute Chase's Request for Judicial Notice of the fact

4  of its appointment of NWTS as Successor Trustee, nor of the document itself.  [Dkts. 39,

5  Fact Six, and 39-1.]  On its face, it is clear the Appointment was executed the same date

6  and by the same individual who executed Chase's beneficiary declaration.  [*Compare,* Dkt.

7  39-1 and Dkt. 25, p. 26.]  As the holder and beneficiary of the Note, Chase had the power

8  and authority to appoint a Successor Trustee.  RCW 61.24.010(2).  Plaintiff simply fails to

9  state a cause of action on the basis of a defective Appointment.

10      **4.**    **The Notice of Default, Notice of Trustee's Sale and Trustee's Deed are Not Defective.**

11

12   Similarly, Ms. Beaton asserts the Notice of Default, Notice of Trustee's Sale, and

13  Trustee's Deed are defective for all the same reasons the other foreclosure documents are

14  allegedly defective.  Again, such bald, generalized allegations fail to state a claim upon

15  which relief may be granted.

16       Plaintiff also premises these assertions on the possible securitization of her loan.

17  [Dkt. 55, pp. 8-9.]  But, as discussed above, securitization of a loan does not void the

18  borrower's obligations due under the Note.  Further, Plaintiff does not claim that her loan

19  obligations have been paid in full – indeed, she invites the Court to "reinstate" her Deed of

20  Trust.  [Dkt. 55, p. 11.]

21       Because Ms. Beaton pleads only conclusory statements about "defects," and does

22  not make specific factual averments about the actual foreclosure documents, her DOTA

23  violation claims are unsupported, and fail to state a claim upon which relief may be granted

24  DEFENDANT CHASE'S FRCP  
    12(b)(6) MOTION TO DISMISS  
    PLAINTIFF'S SECOND AMENDED  
25  VERIFIED COMPLAINT - 15  

    BISHOP WHITE, MARSHALL & WEIBEL, P.S.  
    720 OLIVE WAY, SUITE 1201  
    SEATTLE, WASHINGTON 98101-1801  
    206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

1 against Chase. Further, since Plaintiff has been unable to articulate a viable claim against
2 Chase after three attempts, her Second Amended Complaint should be dismissed, with
3 prejudice.

### D.   **Plaintiff's Recorded Instruments Do Not Create the Basis for Any Claims.**

Ms. Beaton asserts a common law and/or UCC lien against the Property. [Dkt. 39, Fact Eight, Ex. Eight; Dkt. 39-8.]  She also attempts to unilaterally cancel the Note and Deed of Trust by impermissibly recording an instrument with convoluted language, terms, and allegations against the Property. [Dkt. 39, Fact Nine, Ex. Nine, Dkt. 39-9.]

To the extent Ms. Beaton is attempting to assert a mechanic's lien, the purported lien is fatally defective because it does not comply with RCW 60.04.091, which sets forth requisites for a lien. *Lumberman's of Wash., Inc. v. Barnhardt,* 89 Wn. App. 283, 289, 949 P.2d 382 (1997) (a lien claim is invalid if it does not substantially comply with RCW 60.04.091). Furthermore, only a registered contractor may assert such a lien claim. RCW 60.04.041. Ms. Beaton's lien not only fails to comply with the statutory requirements, but there is no representation or assertion that she is a registered contractor.

To the extent Ms. Beaton may be asserting a chattel lien under RCW 60.08.010 through 60.08.080, the lien is similarly void. A chattel lien is authorized for:

> Every person, firm or corporation who shall have performed labor or furnished material in the construction or repair of any chattel at the request of its owner, shall have a lien upon such chattel for such labor performed or material furnished, notwithstanding the fact that such chattel be surrendered to the owner thereof: PROVIDED, HOWEVER, That *no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons* who, prior to the filing of the lien notice as hereinafter provided for, may

DEFENDANT CHASE'S FRCP                          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
12(b)(6) MOTION TO DISMISS                              720 OLIVE WAY, SUITE 1201
PLAINTIFF'S SECOND AMENDED                     SEATTLE, WASHINGTON 98101-1801
VERIFIED COMPLAINT - 16                             206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

> have acquired the title to such chattel in good faith, for value and without actual notice of the lien

RCW 60.08.010 (emphasis supplied).

Here, in essence, Plaintiff is claiming she owes herself a debt for her "sweat equity." It is common sense that a person cannot owe him or herself a debt. *Plein v. Lackey*, 111 Wn. App. 143, 151, 43 P.3d 1268, 1272, *rev'd. on other grounds,* 149 Wn.2d 214, 67 P.3d 1061 (2003). Cases in other jurisdictions have similarly ruled that "an owner cannot owe himself a debt." *Resolution Trust Corp. v. Indep. Mortgage Services, Inc.,* 519 N.W.2d 478, 482 (Minn.Ct.App.1994); *Fed. Land Bank of Omaha v. Boese,* 373 N.W.2d 118, 121 (Iowa 1985). Moreover, other courts have recognized that when a debtor pays the creditor, the debt is extinguished because no one can be simultaneously debtor and creditor of the same debt. *Kessler v. Tarrats,* 191 N.J. Super. 273, 466 A.2d 581, 587 (Ch. Div.1983), *aff'd.,* 194 N.J.Super. 136, 476 A.2d 326 (App.Div.1984). For this reason an assignment of a claim from a creditor to a debtor is, in legal effect, satisfaction and payment of the debt, and rights based on it are extinguished. *Home Indemnity Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 5, 459 P.2d 389 (1969). *See also, Dial v. Inland Logging Co.,* 52 Wn. 81, 86, 100 P. 157 (1909) (observing "[a]n assignment of a claims by a creditor to the debtor is, in legal effect, a settlement and payment of the claim").

Consequently, Plaintiff's lien claim is fictitious and unenforceable based on a purported debt Ms. Beaton owes herself. As such, the claim is frivolous and this Court should order that it be extinguished and released.

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 17

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

NO. 2:11-cv-0872-RAJ

E.  **The Instruments Recorded by Plaintiff Should be Released.**

RCW 4.28.320 sets forth the requirements that must be met to file a notice of the pendency of the action:

> In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, or whenever a writ of attachment of property shall be issued, or at anytime afterwards, the plaintiff or a defendant, when he sets up an affirmative cause of action in his answer, and demands substantive relief at the time of filing his answer, or at any time afterwards, if the same be intended to affect real property, may file with the auditor of each county in which the property is situated *a notice of the pendency of the action, containing the **names** of the parties, the **object** of the action, and a **description** of the real property in that county affected thereby.*

RCW 4.28.320 (emphasis supplied).

In this case, if the action is dismissed as requested by this motion, Ms. Beaton's "Affidavit of Interest/Non-Abandonment" may still appear as a cloud against title to the Property. Chase therefore requests the Court enter an order also extinguishing and releasing that instrument.

## V.  CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Second Amended Verified Complaint should be dismissed against Chase for its failure to state a claim upon which relief may be granted. In addition, the instruments recorded by Plaintiff are without any legal basis, frivolous, and should be stricken. Simply put, after three attempts and several rulings by this Court, Plaintiff has failed to establish that she has any viable claims against Chase.

Based upon the foregoing, Chase respectfully requests the Court dismiss Plaintiff's claims with prejudice, and extinguish and release the instruments recorded by Plaintiff.

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 18

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Dated this 21st day of August, 2012.

/s/ Barbara L. Bollero
David A. Weibel, WSBA #24031
Barbara L. Bollero, WSBA #28906
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101
(206) 622-5306, Ext.5918
Email:  dweibel@bwmlegal.com
Email:  bbollero@bwmlegal.com

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 19

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

NO. 2:11-cv-0872-RAJ

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington and the United States of America that on this 21st day of AUGUST, 2012, I electronically filed the following documents: (1) DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT; and (2) CERTIFICATE OF SERVICE, with the Clerk of the Court using the CM/ECF System, which will serve notice to all parties of record in this matter.

On the same date, I caused to be delivered via the United States Postal Service, a copy of the aforementioned documents, postage pre-paid, addressed to the following parties:

Deborah H. Beaton
31431 46th Pl SW
Federal Way WA 98023

Dated this 21st day of August, 2012, at Seattle, Washington.

/s/ Ana I. Todakonzie
Ana I. Todakonzie

DEFENDANT CHASE'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT - 20

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

NO. 2:11-cv-0872-RAJ