The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DEBORAH R. BEATON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.; and<br>NORTHWEST TRUSTEE SERVICES, INC.,<br><br>　　　　　　　　　　　Defendants. | No. 11-CV-00872-RAJ<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S JOINDER IN AND SUPPLEMENT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>**NOTE ON MOTION CALENDAR
September 28, 2012** |

## I.    INTRODUCTION & RELIEF REQUESTED

Defendant Northwest Trustee Services, Inc. ("Northwest Trustee Services") hereby joins in and supplements the Motion to Dismiss Plaintiff's Second Amended Verified Complaint of Defendant JPMorgan Chase Bank, N.A. ("Chase") pursuant to F.R.C.P. 12(b)(6) filed on August 21, 2012 [Dkt. 57]. Northwest Trustee incorporates the entirety of Chase's Motion to Dismiss, and all exhibits thereto, as if fully set forth herein.

In view of the foregoing and the supplementation that follows, Defendant Northwest Trustee respectfully requests its Joinder in and Supplement of the Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to F.R.C.P. 12(b)(6) be granted, and that this action be dismissed as to Northwest Trustee, with prejudice.

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -1 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.     STATEMENT OF FACTS

In August 2006, Plaintiff Deborah R. Beaton ("Plaintiff") obtained a loan from Washington Mutual Bank, NA ("Washington Mutual") in the amount of $271,960.00. The loan was evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust"). *See* Dkt. 39, Ex. 2; Dkt. 25, and Dkt. 55, Par. 9-11; and Dkt. 57, § (II)(A); *see also* a true and correct copy of the Note, which has been indorsed in blank attached hereto as Exhibit 1.[1]

The Deed of Trust encumbers the real property commonly known as 22650 24th Ave S., Des Moines, Washington 98198 (the "Property"). The Deed of Trust was recorded on September 6, 2006, under King County Auditor's File No. 20060906002231. *See* Dkt. 39, Ex. 3 and Dkt. 55, Par. 9-11; and Dkt. 57, § (II)(A); *see also* a true and correct copy of the Deed of Trust attached hereto as Exhibit 2.

In September 2008, the FDIC placed Washington Mutual into receivership and Chase acquired all assets, including loan servicing rights and obligations of Washington Mutual from the FDIC, including the Plaintiff's Note, Deed of Trust and the Authority to enforce pursuant to a Purchase and Assumption Agreement. *See* www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf, § 201; *see also* Purchase and Assumption Agreement attached as Exhibit 3.[2]

Thereafter, Plaintiff defaulted under the terms of the Note and Deed of Trust by failing to make the payment due July 1, 2010, and every payment thereafter due. *See* Dkt. 55, p. 8; *see also* Dkt. 39, Fact Seven and Exhibit 7; and Dkt. 57, § (II)(C).

On or about November 15, 2010, NWTS, as the duly authorized agent of JPMorgan Chase

---

[1] Because Plaintiff refers extensively in the SAC to the loan and nonjudicial foreclosure, which are evidenced by the documents attached hereto, the Court may consider the contents of the Note, Deed of Trust, Beneficiary Declaration, and foreclosure notices attached hereto without turning this motion into one for summary judgment. *See e.g., Shaw v. Hahn,* 56 f.3d 1128, 1129 n. 1 (9th Cir. 1995). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Parrino v. FHP, Inc.* 146 F.3d 669, 707 (9th Cir. 1998). In addition to ruling on a 12(b)(6) motion, the court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds, Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). *See also In re Cendent Corp Derivative Action Litig.,* 189 F.R.D. 117, 127 (D.N.J. 1999).

[2] The Court may take judicial notice of this agreement as dozens of courts have. *E.g., Danilyuk v. JPMorgan Chase Bank, NA*, 2010 WL 2679843, *3 (W.D. Wash. 2010) (judicially noticing agreement) (citing cases); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 199 n. 18 (2008) (judicially noticing facts from Indiana state website). *See also* Dkt. 39, Facts Four and Five and Dkt. 55, ¶¶ 12-13.

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -2 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.   13555 SE 36th St., Ste 300   Bellevue, WA 98006   Telephone: 425.458.2121   Facsimile: 425.458.2131

1  Bank, N.A. mailed to Plaintiff and posted at the Property a notice of default. *See* Dkt. 55, pp. 6-7, ¶

2  b; *see also* a copy of the Notice of Default attached as Exhibit 4.

3       On November 29, 2010, JPMorgan Chase Bank, N.A., as successor in interest to

4  Washington Mutual Bank fka Washington Mutual Bank, FA, recorded an appointment of successor

5  trustee (the "Appointment") naming Northwest Trustee Services the successor trustee. The

6  Appointment was recorded under King County Auditor's File No. 20101201001577. *See* Dkt. 55,

7  pp. 9, ¶ d; *see also* a copy of the Appointment of Successor Trustee attached as Exhibit 5.

8       Also, on November 29, 2010, JPMorgan Chase Bank, N.A. executed, and later delivered to

9  Northwest Trustee Services, a declaration (the "Beneficiary Declaration") stating that JPMorgan

10 Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank,

11 FA, beneficiary is the actual holder of the promissory note or other obligation evidencing

12 [Plaintiff's loan] or has the requisite authority under RCW 62A.3-301 to enforce said obligation.

13 *See* Dkt. 55, pp. 5-6, ¶ a; *see also* a copy of the Beneficiary Declaration attached as Exhibit 6.

14      On or about December 16, 2010, Northwest Trustee Services recorded a notice of trustee's

15 sale (the "Notice of Sale") under King County Auditor's File No. 20101216000340, setting a

16 trustee's sale for March 18, 2011. *See* Dkt. 55, pp. 8-9, ¶ c; *see also* a copy of the Notice of Sale

17 attached as Exhibit 7.

18      On or about June 3, 2011, the Property was sold via a trustee's sale. *See* Complaint ¶ 29.

19 Thereafter, a trustee's deed (the "Trustee's Deed") was executed and delivered to the purchasers.

20 *See* Dkt. 55, pp. 9, ¶ e; *see also* a copy of the Trustee's Deed attached as Exhibit 8.

21                    **III.   ISSUES PRESENTED**

22 Whether Plaintiff's SAC should be dismissed as to Northwest Trustee Services with
   prejudice for failure to state a claim upon which relief can be granted, pursuant to
23 F.R.C.P. 12(b)(6).

24 //

25 //

26 ///

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -3 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.   13555 SE 36th St., Ste 300, Bellevue, WA 98006   Telephone: 425.458.2121   Facsimile: 425.458.2131

## IV. EVIDENCE RELIED UPON

The following joinder in and supplement of Defendant Northwest Trustee Services' Motion to Dismiss is based upon the pleadings and records on file with Court, the undisputed facts and publicly recorded documents of which the Court may take judicial notice, and the authority and argument stated below in support thereof.

## V. AUTHORITY & ARGUMENT

### A. PLAINTIFF'S SAC MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6).

#### 1. Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).

A complaint, or any cause of action alleged therein, must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim if his complaint does not allege sufficient facts, which, if true, would provide adequate grounds for his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). More recently, in *Ashcroft v. Iqbal,* 556 U.S. __, 129 S.Ct. 1937, 177 L.Ed.2d 868 (2009), the United States Supreme Court expanded upon its reasoning in *Twombly,* stating that:

> The pleading standard under F.R.C.P. 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do." Nor so a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Iqbal,* 129 S.Ct. at 1949 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "states a claim to relief that is plausible on its face." *Id.* (citing *Twombly,* 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly,* 550 U.S. at 556). In *Iqbal,* the court reasoned that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -4 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S. | 13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

2  *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 557).

3      The Supreme Court outlined two "working principles" for applying the *Twombly*

4  standard in the motion to dismiss context:

5  > [(1)] the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions…[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice [and (2)] only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50. The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, "but where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. Civ. R. P. 8(a)). As additional guidance in applying these principles, the Court stated:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* Application of these pleading standards necessitates dismissal of Plaintiff's causes of action against Defendant Northwest Trustee Services. Here, as in *Iqbal*, Plaintiffs have not "nudged" their claims "across the line from conceivable to plausible." *Iqbal,* 129 S.Ct. at 1951 (citing *Twombly,* 550 U.S. at 570).

    Additionally, the court may consider the contents of documents referenced in the complaint without converting the motion to one for summary judgment. This court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into one for summary judgment. *See e.g., Shaw v. Hahn,* 56 f.3d 1128, 1129 n. 1 (9th Cir. 1995). The Court may also consider the exhibits to the Complaint, the Note, and the Beneficiary Declaration. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -5 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S. | 13555 SE 36th St., Ste 300 Bellevue, WA 98006 Telephone: 425.458.2121 Facsimile: 425.458.2131

1  if the plaintiff refers extensively to the document or the document forms the basis of the
2  plaintiff's claim."); *Parrino v. FHP, Inc.* 146 F.3d 669, 707 (9th Cir. 1998) ("A court may
3  consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the
4  document; (2) the document is central to the plaintiff's claim; and (3) no party questions the
5  authenticity of the copy attached to the 12(b)(6) motion.").

6      In addition to ruling on a 12(b)(6) motion, the court may take judicial notice of facts
7  outside the pleadings. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986),
8  *abrogated on other grounds, Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991).
9  *See also In re Cendent Corp Derivative Action Litig.,* 189 F.R.D. 117, 127 (D.N.J. 1999) (in
10 resolving a motion to dismiss, courts may consider the allegations of the complaint, documents
11 attached to or specifically referenced in the complaint, and matters of public record). When this
12 Court considers a motion to dismiss, "documents whose contents are alleged in the complaint
13 and whose authenticity no party questions may be considered." *In re Stacs Elecs. Sec. Litig.,* 89
14 F.3d 1399, 1405 n. 4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.,* 70 F.3d 1078, 1080 n.1 (9th
15 Cir. 1995)).

16      **2. <u>Plaintiff fails to state a claim upon which relief can be granted under the Fair
17  Debt Collection Practices Act as to NWTS.</u>**

18      **a. Plaintiff fails to state a claim under the FDCPA as to NWTS.**

19      The court dismissed Plaintiff's FDCPA claim under the First Amended Complaint on the
20 grounds that Plaintiff failed to state facts to support a claim under the FDCPA. Dkt. 54. The
21 additions to the FDCPA claim as stated in the SAC, which include mere legal conclusion and
22 erroneous statements of law still fail to state sufficient facts to support an FDCPA claim as to
23 NWTS.

24      The express purpose of the FDCPA is "to eliminate abusive debt collection practices by
25 debt collectors, to insure that those debt collectors who refrain from using abusive debt
26 collection practices are not competitively disadvantaged, and to promote consistent State action
to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -6 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

i. <u>NWTS is not a debt collectors under 15 U.S.C. § 1692(a) and did not engage in debt collection.</u>

The FDCPA clearly defines a "debt collector" as one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).[3] The FDCPA further defines a "debt" as any "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money [or] property . . . which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* at § 1692a(5).

Washington courts have held, however, that a nonjudicial foreclosure proceeding is not the collection of a debt for purposes of the FDCPA. *See Roman v. Nw. Tr. Services, Inc.,* C10-5585BHS, 2010 WL 5146593 *3 (W.D. Wash. Dec. 13, 2010); *Fong v. Prof'l Foreclosure Corp.*, 2005 WL 3134059 (W.D. Wash. Nov. 22, 2005). The reasoning behind the holding is that foreclosing on a deed of trust is entirely different from collecting funds from a debtor as the object of a foreclosure action is enforcement of a security interest rather than seeking payment of funds. *See Hulse v. Ocwen Fed. Bank,* 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (any action taken in pursuit of actual foreclosure may not be challenged as a violation of the FDCPA). Numerous cases exist out of the Ninth Circuit that also adhere to this holding.[4] Similar holdings have also

---

[3] When defining a "debt collector," the FDCPA notes that "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). The effect of these two provisions is that an entity with the principal purpose of enforcing security interests is a "debt collector" only for purposes of section 1692f(6) but is not subject to the remainder of the FDCPA unless the entity also falls within the general definition of a "debt collector" set forth in section 1692a(6). *See Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003) (quoting *Jordan v. Kent Recovery Serv.*, 731 F.Supp. 652, 657 (D. Del. 1990)). As explained below, Section 1692f(6) is not applicable to NWTS. *See infra* II.B.3.

[4] *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009) (nonjudicial foreclosure proceeding is not the collection of a debt for purposes of the FDCPA); *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184 (D. Ariz. 2009) (successor mortgagee who purchased loan and underlying promissory note from original mortgagee and initiated nonjudicial foreclosure not a "debt collector" under FDCPA). *See also Gonzalez v. CNA Foreclosure Service, Inc.*, 2011 WL 2580681 (S.D. Cal. 2011) (foreclosure process is the enforcement of an interest in property, not the collection of a debt.); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, (S.D. Cal. 2008) (plaintiff failed to state a claim against trustee because as a trustee pursuant to a deed of trust it is not a debt collector under the FDCPA); (*Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -7 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

been adopted outside of the Ninth Circuit.[5]

In its capacity as successor trustee, NWTS is not in the business of collecting, or attempting to collect, any debt. It is merely seeking to *enforce* a security interest. Here, Plaintiff does not allege NWTS attempted to collect any payments on the note or deed of trust. *See* SAC.

And, even if the Court were to decline to follow the majority of courts and determine that foreclosure of a security interest is the collection of debt, communications that suggest loan workout options and a notice of pending foreclosure sale required by statute is not debt collection. *Santoro v. CTC Foreclosure Service*, 12 Fed.Appx. 476, 480, 2001 WL 275008, 4 (Cal. (9th Cir. 2001) (citing *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 389 (7th Cir.1998) ("A warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstances wherein payments are missed and a real dun must be mailed.")).

Thus, even if NWTS was characterized as a debt collector for purposes of the FDCPA, its conduct, mailing, posting, or recording foreclosure notices as required under the DTA, was not debt collection.

//

///

---

debt within the meaning of the FDCPA."); *Miller v. Wells Fargo Home Mortg.*, 2010 WL 3431802 (E.D.Cal. 2010) (claim that nonjudicial foreclosure on subject property violates the FDCPA held not to be a cognizable claim); *Powell v. Residential Mortg. Capital*, 2010 WL 2133011 (N.D. Cal. 2010) (foreclosure by trustee is not enforcement of the obligation because it is not an attempt to collect funds from debtor); *Barbanti v. Quality Loan Serv. Corp.*, 2007 WL 26775 (E.D. Wash. 2007) (foreclosing on trust deed is distinct from the collection of the obligation to pay money).

[5] *See e.g., Brown v. Morris*, 243 Fed. Appx. 31, 35-36 (5th Cir. 2008) ("[F]oreclosure is not *per se* FDCPA debt collection" and no error in jury instruction that "[o]rdinarily, the mere activity of foreclosing… under a deed of trust is not the collection of a debt within the meaning of the [FDCPA] unless other actions are taken beyond those necessary to foreclose under the deed of trust, and were taken in an effort to collect a debt."); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (repossession agency does not fall within definition of "debt collector"); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (FDCPA does not apply to nonjudicial foreclosure); *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp 2d 716 (D. W. VA. 1998) (trustee not collecting on debt but merely foreclosing on the property pursuant to the deed of trust, sucy activities do not fall within the terms of the FDCPA), *aff'd,* 173 F. 3d 850 (4th Cir. 1999); *Oldroyd v. Associates Consumer Discount Co.*, 863 F. Supp. 237 (E.D. Pa. 1994) (mortgage company is not a "debt collector" under FDCPA) *Beadle v. Haughey,* 2005 WL 300060, at *3 (D.N.H. 2005) ("[N]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA.").

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -8 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

          ii.  <u>NWTS' conduct does not fall within Section 1692(f)(6) of the FDCPA because the act of enforcing a security interest is not an action to effect dispossession of property or assert a present right to possession.</u>

Section 1692f(6) of the FDCPA prohibits the "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* at § 1692f(6)(A). A person whose principal purpose is the enforcement of security interests may be a "debt collector" for the purpose of Section 1692f(6), but such a person is not subject to the rest of the FDCPA unless he also fits Section 1692a(6)'s general definition of a "debt collector." *Fouche v. Shapiro & Massey, L.L.P.*, 575 F.Supp.2d 776, 783 (S.D. Miss. 2008); *see also Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003) (the term "debt collector" does not include an enforcer of a security interest for any section of the FDCPA other than 1692f(6)). As explained above, NWTS does not fall within the FDCPA's general definition of "debt collector." Therefore, the only means by which NWTS could potentially fall within the ambit of the FDCPA, if at all, is by way of a misapplication of section 1692f(6).

Any contention that NWTS "committed an 15 U.S.C. § 1692(f)(6)" is legally flawed and therefore fails to bring NWTS within the requirements of the FDCPA. In order for a claim under section 1692f(6) to succeed, as a matter of law, Plaintiff would need to establish not only that NWTS was enforcing a security interest, but also that NWTS was threatening to effectuate dipossession of the property where there was no present right to possess the collateral. An examination of the nature of a nonjudicial foreclosure proceeding reveals that any allegation that NWTS threatened to effectuate dispossession of the property fails as a matter of law.

Nonjudicial foreclosure is "a process where property that secures a defaulted obligation is sold by a trustee pursuant to power of sale contained in a deed of trust, without recourse to the courts." *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1105 (9th Cir. 1998). The conduct of NWTS in this case is therefore limited to that which it is permitted to accomplish under the terms of the Note and Deed and pursuant to the DTA in enforcing the security interest. A nonjudicial

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -9 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   foreclosure proceeding is not an action wherein the trustee is effecting dispossession of property
2   or asserting a present "right to possess." Rather, a nonjudicial foreclosure action in Washington
3   is an action to establish title to the property.  In Washington, "[t]he trustee holds an interest *in the*
4   *title* of the grantor's property on behalf of the lender." *Vawter v. Quality Loan Serv. Corp.*, 707
5   F.Supp.2d 1115, 1121 (W.D.Wash. 2010) (emphasis added). This concept is also highlighted by
6   the DTA's third public policy objective, which is to promote the stability of land titles. *Cox v.*
7   *Helenius*, 693 P.2d 683 (Wash. 1985).

8       The effectuating of "dispossession" of the property and the "right to possess" the
9   property occurs only after the foreclosure process has completed. A sale through nonjudicial
10  foreclosure conveys to the purchaser at the sale the rights, title, and interest possessed by the
11  grantor, or borrower, when the borrower originally executed the deed of trust to the grantee, or
12  lender. *See* RCW 61.24.050.  Specifically, "the trustee sells the property at auction, the purchaser
13  pays the price bid, and the trustee executes the deed to the purchaser *at which time* 'all of the
14  right, title, and interest' in the property is conveyed." *Udall v. T.D. Escrow Services, Inc.*, 154
15  P.3d 882, 887 (2007) (emphasis in original). Moreover, the statutory scheme of the DTA grants
16  the purchaser at a trustee's sale the *right to possession* on the twentieth day following the sale.
17  RCW 61.24.060.  Given the foregoing, any claim under section 1692f(6) fails as a matter of law.
18  NWTS was neither  "taking or threatening to take any nonjudicial action to effect dispossession
19  or disablement" of the Property by virtue of its actions as foreclosure trustee nor was it asserting
20  a "present right to possess" the Property via enforcement of the security interest. A logical
21  extension of Plaintiff's arguments in this case (essentially that NWTS has violated the FDCPA
22  by adhering to the requirements of the DTA in effectuating nonjudicial foreclosure) would lead
23  to every nonjudicial foreclosure proceeding in Washington resulting in a *per se* violation of the
24  FDCPA. Plaintiff's attempt to stretch the law is without merit. Therefore, NWTS' conduct as
25  successor trustee does not fall within Section 1692f(6) of the FDCPA and Plaintiff's claim must
26  be dismissed.

    In sum, because Plaintiff has failed to properly allege a claim under the FDCPA as to

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -10 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  NWTS and because even if she had an FDCPA claim cannot succeed as a matter of law against
2  NWTS, the claim must be dismissed.

### 3. **Deed of Trust Act Violations are Not Properly Alleged and Did Not Occur.**

Plaintiff alleges the Beneficiary Declaration, Notice of Default, Notice of Trustee's Sale, Appointment of Successor Trustee, and Trustee's Deed were all "defective." SAC, Pgs. 5-9, Sections (a)-(e).

In Washington, if a borrower fails to restrain a sale before it occurs, then the borrower "waive[s] any objections to the foreclosure proceedings." *Plein v. Lackey*, 149 Wash. 2d 214, 229 (2003). The Washington legislature modified the general waiver rule to open the door for borrowers to bring certain damages claims following sale. RCW 61.24.127. However, such damages claims are limited to the following: (1) fraud or misrepresentation; (2) CPA violations, and (3) failure of the trustee to materially comply with the DTA. *Id.*[6]

Thus, to state a post-sale claim for damages against NWTS under RCW 61.24.127(1)(c), Plaintiff must allege the trustee failed to materially comply with the DTA. The DTA does not define "material." However, in evaluating such challenges, Courts have determined that a showing of prejudice is necessary to support such a claim. *See Amresco Independence Funding, Inc. v. SPS Properties, LLC*, 119 P.3d 884, 886–87 (Wash. Ct. App. 2005) (citing *Koegel v. Prudential Mut. Sav. Bank*, 752 P.2d 385, 388 (Wash. Ct. App. 1988). In *Koegel*, the court declined to invalidate a sale where Plaintiff identified "technical, formal error[s], non-prejudicial, and correctable." *Koegel*, 752 P.2d at 388. Thus, even if Plaintiff could allege some error in the foreclosure process, she would also have to allege some prejudice. *Id.*[7] Here, Plaintiff has alleged

---

[6] the legislature made clear that such claims cannot "affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2)(c).

[7] The court in *Cervantes* listed several examples of prejudice sufficient to warrant a claim. *Cervantes,* 656 F.3d at 1043; *See e.g., Ed Peters Jewelry Co.*, 124 F.3d 252, 263 n.8 (declining to "countenance the freewheeling 'wrongful foreclosure' claim" advocated by the mortgagor and noting that the Massachusetts Supreme Court recognized a claim for wrongful foreclosure where no default had occurred in *Mechanics Nat'l Bank of Worcester v. Killeen,* 384 N.E.2d 1231, 1236 (Mass. 1979)); *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct.App. 2009) (In Missouri, "[a] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose" (internal alteration and citation omitted)); *Gregorakos v. Wells Fargo Nat'l Ass'n,* 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (In Georgia, a "plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -11 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

no prejudice and none is apparent given that the foreclosure was the agreed upon consequence in the event of Plaintiff's default. Moreover, Plaintiff's allegations in support of this claim: (Plaintiff does not know the identity of the Note bearer or beneficiary; Plaintiff does not know the whereabouts of the Note; Chase is not named on the Note or in the Note's endorsement; and Plaintiff's loan may have been securitized) are nothing more than "alternate forms of the 'show me the note' assertion often made and soundly rejected in [DOTA] cases." [Dkt. 54, p. 5, l. 20 – p. 6, l. 2.]  *See, e.g., Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, *6 (W.D.Wash. March 24, 2010) (*quoting, Diessner v. Mtg. Elec. Reg. Sys., Inc.*, 618 F.Supp.2d 1184, 1187 (D.Ariz. 2009) (collecting cases).

### a. Beneficiary Declaration.

Plaintiff alleges the Beneficiary Declaration only states Chase has authority "under RCW 62A.3-301 and fails to state the claim that it has Beneficiary status as provided by RCW 61.24.005(2)." SAC. The Motion to Dismiss of JPMorgan Chase Bank, N.A., incorporated herein, and the Beneficiary Declaration demonstrates Plaintiff's allegations are false.

Under RCW 61.24.003(7)(a), the requirement that the trustee have proof the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust is satisfied by "a declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust."

The Beneficiary Declaration here provides that: "JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, F.A. is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation. *See* Bene Decl. On its face, the language contained in the Beneficiary Declaration meets the requirements of RCW

---

by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." (internal quotation marks and alteration omitted)); *Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983) (In Nevada, "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.")

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -12 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

61.24.003(7)(a). Accordingly, Plaintiff has failed to allege any material violation of the DTA by way of the Beneficiary Declaration.

### b. Notice of Default.

Plaintiff's grievance with the Notice of Default does not appear to actually stem from the actual Notice of Default. Rather, Plaintiff speculates that she cannot be certain there was a default because the original lender may have securitized her loan.

This Court has recognized that a loan's alleged securitization has no bearing on whether a party may foreclose and does not provide a basis to relieve a borrower or his loan obligations. "[S]ince the securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the Note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of securitization fail." *Lamb v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 5827813, *6 (W.D. Wash. 2011) (citing cases); *Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, *5 (W.D. Wash. 2011) (citing cases); *In re Veal*, 450 B.R. at 912 ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they do know who they should pay.").

Plaintiff also concludes, without stating any facts to support her conclusion, that the Notice of Default is incurably defective because the "parties, facts, calculations, statement of account contained therein are not accurate or correct." Without actual factual allegations, it is difficult for NWTS to respond. However, even assuming there allegations were correct, Plaintiff would have to allege the inaccuracies were material and prejudicial. Plaintiff has not alleged either.

Moreover, nowhere in the DTA[8] is there any requirement that prior to issuance of the notice of default, the beneficiary must provide proof to its agent that it is the holder of the note so as to meet the definition of beneficiary under the DTA. Rather, an agent is entitled to rely upon the representation of the beneficiary that it is in fact the beneficiary, which is exactly what

---

[8] The DTA provides that an agent of the beneficiary may issue the notice of default. *See* RCW 61.24.031(1)(a) ("A trustee, beneficiary, or authorized agent may…issue a notice of default under RCW 61.24.030(8)").

DEFENDANT NWTS JOINDER IN AND
SUPPLEMENT OF CHASE'S MOTION TO
DISMISS PLAINTIFF'S SAC -13 OF 15, CASE
NO. 11-CV-00872-RAJ

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  occurred in this case. Thus, Plaintiff has failed to allege any material violation relating to the
2  Notice of Default by NWTS.

### c. Notice of Trustee's Sale, Appointment of Successor Trustee, and Trustee's Deed.

5  Plaintiff claims the Notice of Sale, Appointment of Successor Trustee, and Trustee's
6  Deed are "defective for the exact same reasons that make the Beneficiary's Declaration and
7  Notice of Default defective." Dkt. 55, pp. 8-9, ¶¶ c-e.
8  To the extent Plaintiff's relies on his arguments supporting his challenge to the Notice of Default
9  and Beneficiary Declaration, they have been refuted *supra*. Here, NWTS was the successor
10 trustee appointed by JPMorgan Chase Bank, N.A., the beneficiary and note holder. In accordance
11 with the provisions of the Note, Deed of Trust, and RCW 61.24 *et seq.*, NWTS carried out its
12 duties as trustee (pursuant to its authority under the Appointment of Successor Trustee) in
13 recording the Notice of Trustee's Sale and delivering the Trustee's Deed to the purchaser at the
14 sale. Plaintiff's has offered nothing more than bare assertions and legal conclusions. Moreover,
15 just as with the Notice of Default, even assuming there allegations were correct, Plaintiff would
16 have to allege any purported inaccuracies were material and prejudicial. Plaintiff has not alleged
17 either.
18 Because the documents to which the court may consider in reviewing a motion to
19 dismiss demonstrate the propriety of NWTS' actions and because the court need not take
20 Plaintiff's legal conclusions as true, the allegations associated with the Beneficiary Declaration,
21 Notice of Default, Notice of Sale, Appointment, and Trustee's Deed do not state a claim upon
22 which relief can be granted. As noted above, even if Plaintiff's claim under the DTA was
23 actionable, the claim would fail because Plaintiff has not shown any prejudice. *Amresco,* 119
24 P.3d at 886–87; *see also Koegel*, 752 P.2d at 388.
25 //
26 ///

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -14 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## VI. CONCLUSION

As with Plaintiff's Complaint and First Amended Complaint, Plaintiff's Second Amended Complaint still does not include a sufficient factual basis to establish a plausible claim against Northwest Trustee Services. Accordingly, Defendant Northwest Trustee Services respectfully requests that the Court dismiss the SAC as to Northwest Trustee Services, with prejudice.

DATED this 31st day of August, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

_/s/ Heidi E. Buck_
Heidi E. Buck, WSBA #41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT NWTS JOINDER IN AND SUPPLEMENT OF CHASE'S MOTION TO DISMISS PLAINTIFF'S SAC -15 OF 15, CASE NO. 11-CV-00872-RAJ

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131