THE HONORABLE RICHARD A. JONES

11-CV-00872-MRET

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBORAH R. BEATON, | CASE NO. 2:11-cv-00872-RAJ |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| JPMORGAN CHASE BANK, N.A.; and NORTHWEST TRUSTEE SERVICES, INC. | |
| Defendants. | NOTE ON MOTION CALENDAR: September 28, 2012 |

Plaintiff, Deborah R. Beaton, proceeding without counsel, hereby serves her Response in opposition to Defendant JPMORGAN CHASE BANK, N.A., Motion to Dismiss Second Amended Complaint and as grounds states:

The gravamen to this matter is the false claim of the Defendant, JP MORGAN CHASE BANK, N.A. (JPM) that it acquired the Plaintiff's real estate loan and the right to foreclose it from the original lender, Washington Mutual Bank's (WAMU) receiver: Federal Deposit Insurance Corporation (FDIC) on September 25, 2008 which is blatant perjury and fraud on the court. The subject loan, meaning all sums secured by the subject Deed of Trust were paid in full on or about September 1, 2006 by FEDERAL HOME LOAN MORTGAGE CORPORATION (FHLMC) also known as "Freddie Mac".

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

WAMU endorsed the subject Note in blank according to the copies of the Note supplied to the Plaintiff and to the Court. <u>Where an instrument is endorsed in blank there is no way to determine who the "current" holder of the instrument is</u>. How does the Plaintiff know that the Defendant, JPM is not lying about holding the Note? THUS, pursuant to Washington law the Plaintiff may *(has the civil right to)* require endorsement of the instrument. The Plaintiff has at all times relevant made this demand for both signatures to be placed on the Note, not just that of WAMU which already seems to appear on the Note copy but also that of the Defendant, JPM.

> "**62A.3-204 Indorsement.**
> (d) If an instrument is payable to a holder under a name that is not the name of the holder, indorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, <u>but signature in both names may be required by a person paying or taking the instrument for value or collection</u>." (emphasis added)

As stated, WAMU appears to have signed the Note but the Defendant, JPM does not appear to have signed the Note. Pursuant to the Plaintiff's Civil Rights, Plaintiff demands that the Defendant, JPM sign the Note before taking or deriving any benefit from it including any order from this Court and explain 'why' the TY2011 form 1099-C filed by FHLMC should not be reported as false to CID for tax evasion.

Furthermore, the Defendant, JPM's foreclosure sale of the Plaintiff's property can never be considered lawfully complete until Plaintiff's original Note is either returned to the Plaintiff or cancelled by the purported trustee *(infra)* and Defendant herein, NWTS.

**AFFIDAVIT OF DEMAND**

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 2 of 13

I, Deborah R. Beaton, the Plaintiff named herein, HEREBY exercise my Civil Right to demand that the Defendant, JP MORGAN CHASE BANK, N.A. sign my Note which is the subject of this lawsuit before taking or deriving any benefit(s) from the said Note including any order from this Court in favor of the Defendant, JP MORGAN CHASE BANK, N.A. *nunc pro tunc* November 29, 2010.

Affiant: Deborah R. Beaton _/s/ Deborah R. Beaton_

STATE OF WASHINGTON     )
                        ) ss.
COUNTY OF KING          )

I, _Lorelei B Faber_, a Notary Public certify that I know or have satisfactory evidence that <u>Deborah R. Beaton</u> appeared before me, and executed this Demand Affidavit contained inside her Response to Defendant's Motion to Dismiss Second Amended Complaint as her sworn statement as a free and voluntary act of her own will under penalty of perjury.

I certify under PENALTY OF PERJURY under the laws of the State of Washington that the foregoing paragraph is true and correct.

DATED: __9-5-2012__

_Lorelei B Faber_
Notary Public
My appointment expires __9-9-2014__

SEAL

Continuing on with the Plaintiff's response, it is very odd to the Plaintiff as to 'why' the Defendant, JPM refused to do a simple act like '**sign the Note**' they want to collect on. <u>Do Banks cash checks that the Payee refuses to endorse?</u> **Never.** <u>Why should the Plaintiff have to cash the Note if the Defendant, JPM refuses to sign the endorsement?</u> It is a "**suspicious activity**" that warrants criminal investigation because it is a simple matter of retrieving the instrument from the vault (if it is there), place the endorsement on it, make a

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 3 of 13

copy and put it back in the vault and send a copy to the Plaintiff and the Court. A copy would be sufficient under Washington law where "show me the original Note arguments lack merit".

**Possible Reason for Not Endorsing the Note #1.**

<u>The most likely reason the Defendant, JPM refuses to endorse the Note is because they simply do not have it</u>. Confirmed under oath and in print there is no schedule of mortgage loans evidencing what JPM allegedly "purchased" from the FDIC in connection with the failure of WAMU. *See the* sworn deposition testimony of Lawrence Nardi, the operations unit manager and a mortgage officer for the Defendant, JPM, who was previously with WAMU and was picked up [hired] by the Defendant, JPM after WAMU's failure. The 330 page deposition was taken by counsel for the homeowner on May 9, 2012 in the matter of JPMorgan Chase Bank, N.A. as successor in interest to *Washington Mutual Bank v. Waisome*, Florida 5th Judicial Circuit Case No. 2009-CA-005717, incorporated by reference.

Here is the question and the answer:

> *Q: (page 57, beginning at line 19): Okay. The — are you aware of any type of schedule of loans that would have been created to represent the — either the loans that were asset loans or the loans that were serviced by WAMU? Are you — was the — do you know if there is a schedule or database of loans like that?*
>
> *A: (page 58, beginning at line 1): I know that there was a schedule contemplated in certain documents related to the purchase. That schedule has never materialized in any form. We've looked for it in countless other cases.*

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Page 4 of 13

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

*We've never been able to produce it in any previous cases. It would certainly be a wonderful thing to have, but it's — as far as I know, it doesn't exist, although it was — it was contemplated in the documents.*

*Q: (beginning at page 260, line 18): Have you ever in your duties of being a loan analyst — a loan operations specialist, have you ever seen an FDIC bill of sale or a receiver's deed or an assignment of mortgage or an allonge?*

*A: (page 260, beginning at line 23): For loans, I'm assuming you're taling about the WaMu loan that was subject to the purchase here.*

*Q: (page 261, line 1): Right.*

*A: (page 261, beginning at line 2): No there is no assignments of mortgage. There's no allonges. There's no — in the thousands of loans that I have come into contact with that were a part of this purchase, I've never once seen an assignment of mortgage. There is simply not — they don't exist. Or allonges or anything transferring ownership from WAMU to Chase, in other words. Specifically, endorsements and things like that.*

The Defendant, NORTHWEST TRUSTEE SERVICES, INC. (NWTS) submitted a document in this instant case entitled "BENEFICARY DECLARATION", *see Document 25, Page 26, filed on 07/22/2011* which failed to meet the standards set by RCW 61.24.005(2). In the declaration the Defendant JPM stated:

> "JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA is the actual holder of the promissory note or other obligation evidencing the above-referenced loan <u>or has requisite authority under RCW 62A.3-301 to enforce said obligation</u>." (Underline emphasis added)

The Plaintiff requests that the Court take special notice of that last part of the above

RESPONSE IN OPPOSITION TO MOTION          Deborah R. Beaton, Plaintiff
TO DISMISS                                                          31431 46th Pl SW
                                                                            Federal Way, WA 98023
                                                                            (509) 499-1607

Page 5 of 13

referenced declaration referencing RCW 62A.3-301[1]: "....or has requisite authority under RCW 62A.3-301 to enforce said obligation." This Court has previously ruled that **"The Court is unaware of any legal authority holding that a "person entitled to enforce" an instrument within the meaning of RCW 62A.3-301 qualified as a "beneficiary" within the meaning of RCW 61.24.005(2)."** See *Pavino v. Bank of America, N.A.*, USDC WDWA, Case No. 2:10-cv- 01943-RSL, Document 26, Filed 03/04/2011, Page 6, Line 12-13. Why would this Court now contradict itself? Why would the Court decide *Pavino* one way and then reverse its position just to prejudice *Beaton* (the instant matter)? JPM has not established its capacity as a beneficiary of the Plaintiff Deed of Trust.

Furthermore, by inserting the term **"or"** in the Beneficiary Declaration the Defendant, JPM exposed that it is did not hold the Note and was in fact excluded as a Beneficiary and identified itself as a "person holding the same as security for a different obligation."

> "RCW 61.24.005(2) "Beneficiary" means the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."

**Possible Reason for Not Endorsing the Note #2.**

Another likely reason the Defendant, JPM refuses to endorse the Note is because they simply do not have the legal right to endorse it. According to the 1099-C filed by FHLMC

---

[1] "62A.3-301, "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 6 of 13

the Defendant, JPM was a person allegedly holding the Plaintiff's Note as security for WAMU's obligation to FHLMC which WAMU incurred when FHLMC advanced full payment of the Plaintiff's obligation to WAMU on or about September 1, 2006.

The Defendant, JPM did not receive the Plaintiff's Note from WAMU as an <u>asset</u>, if it was received at all, it was received as a <u>liability</u> owing to FHLMC and that obligation was "a different obligation" from the Plaintiff's obligation which has already been extinguished. To prove this point the Plaintiff incorporates by reference the 1099-C filed by FHLMC after the Plaintiff's property was foreclosed (copy attached). BECAUSE OF THE 1099-C THIS COURT SHOULD NOT SIMPLY DISMISS THE PLAINTIFF'S CLAIMS AS BUFFOONERY. The Plaintiff's arguments have merit.

**Possible Reason for Not Endorsing the Note #3.**

Another likely reason the Defendant, JPM refuses to endorse the Note is because if the Defendant, JPM endorses the Plaintiff's Note now, it would be a Criminal Act and this matter would become a Criminal matter pursuant to RCW 62A.3-203(c).

> **"RCW 62A.3-203(c)**
> TRANSFER OF INSTRUMENT: RIGHTS ACQUIRED BY TRANSFER. (c) Transfer of an instrument, whether any right of the transferor is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, <u>but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in **fraud or illegality** affecting the instrument</u>." (emphasis added)

**Criminal Matter.**

<u>Perhaps this has already become a Criminal matter</u>. The Defendant, JPM's, fraud against the Plaintiff commenced when "**Ediba Trivuncic**", doing business as Foreclosure

RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 7 of 13

Officer for the Defendant, JPM executed the "Appointment of Successor Trustee" on 11/29/2010 and recorded in King County, Washington under Auditor's file number 20101201001577 on 12/01/2010. The Appointment of Successor Trustee falsely legitimized and memorialized the Defendant, JPM's status as WAMU's successor – the beneficiary on the Plaintiff's note and deed.

This appears to be a crafty modern method of old fashioned claim jumping. The Defendant, JPM had knowledge that Plaintiff's obligation to WAMU was fully paid by an advance payment from FHLMC on or about September 1, 2006. Armed with the knowledge that WAMU was paid off and knowing that the Plaintiff's Note never negotiated to FHLMC for reason beyond the Plaintiff field of speculation, the Defendant, JPM jumped the Plaintiff's claim on the subject property via a false foreclosure to unlawfully intercept a benefit (unjust enrichment) which began with the recordation the "Appointment of Successor Trustee". See "Order" document #51, Pg. 4, Ln. 25, filed 11/29/2011 <u>Larson v. Regional</u> in USDC – WAWD, Case No. 2:11-cv-00206-JCC (review denied): "Moreover, the Court takes judicial notice of the Appointment of Successor Trustee for the deed to the Plaintiff's property, which was recorded in Clark County in April 2010, which memorializes Wells Fargo's status as successor to World Saving Bank, FSB – the beneficiary of Plaintiff's note and deed of trust...".

When an Appointment is recorded in accordance with Washington State indexing requirements (RCW 65.04.030) it establishes a lien and lien priority (RCW 65.08.070)

At the time of recordation, the Plaintiff was unaware that the said Appointment was recorded partly because the Plaintiff never received notice of the recording, furthermore once

RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 8 of 13

1  the Appointment was discovered the Plaintiff did not understand the true affect of the
2  recorded Appointment. Specifically, the Plaintiff had not understood that the Appointment
3  established a lien in favor of the Defendant, JMP even if JPM was not entitled to it. The
4  Plaintiff did not fully cognize the felony committed by "**Ediba Trivuncic**" at the time, but now
5  she does.

In Washington, what "**Ediba Trivuncic**" has done constitutes Fraud and Criminal Profiteering and Extortion as defined by RCW 9A.82.010 (4)(k) Extortion, as defined by RCW 9A.56.130(1) "A person is guilty of extortion in the second degree if he or she commits extortion by means of a wrongful threat as defined in RCW 9A.04.110 (28) "Threat" means to communicate, directly or indirectly the intent:" *See* "(g), (h), (j)":

"(g) To testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

"(h) To take wrongful action as an official against anyone or anything, or wrongfully withhold official action, or cause such action or withholding;"

"(j) To do any other act which is intended to harm substantially the person threatened or another with respect to his or her health, safety, business, financial condition, or personal relationships;"

Concurrent with this response the Plaintiff has also filed with the Court Clerk an "Affidavit of Civil Rights Violations Committed" in support of a criminal complaint against "**Ediba Trivuncic**" pursuant to 18 U.S.C. §4.

**FDIC Receivership is Irrelevant and a Diversionary Counter Measure.**

That WAMU fell into FDIC receivership on September 25, 2008 is irrelevant to the

RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 9 of 13

instant matter because WAMU had been paid in full on the Plaintiff's obligation September 1, 2006 by FHLMC, two full years before it fell into receivership. It is hard to imagine that the Defendant, JPM and its counsel does not know this. It appears to be nothing more than a diversionary countermeasure to directs the Courts attention away from JPM's fraud, criminal profiteering and extortionate activities.

Even if WAMU and not fallen into receivership, WAMU would not have objected to recordation of the above said "Appointment" because WAMU had been paid in full two years earlier and was out of the transaction. FHLMC <u>could not</u> object because FHLMC did not hold the Note due to the fact that the Note had not negotiated to them even though FHLMC paid off the Plaintiff's loan. All that FHLMC could hope for is that Defendant, JPM might share some of the booty generated from fraudulently foreclosing upon the Plaintiff's property. Call it sloppy record and bookkeeping, call it an innocent error, call it tax evasion, call it racketeering and corrupt business practices, call it anything that fits but the fact will remain the Plaintiff's Note was never negotiated to FHLMC and thus FHLMC went along with the Defendant, JPM's fraud in hopes of recovering some of the money it foolishly squandered on an undelivered product (Plaintiff's Note).

**False Impression Projected on the Public Record.**

Because WAMU and FHLMC failed to object when the Defendant, JPM falsely recorded the said "Appointment" for the reasons already stated above, a false impression or presumption is reflected by Public Record giving the Court, Public and even the Plaintiff the false notion that the Defendant, JPM was the true beneficiary and holder of the Note with the right to foreclose when in truth JPM was not. The Defendant, JPM then allowed everyone to

RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 10 of 13

move forward on the false presumption which JPM had created with the intent of jumping the Plaintiff's claim on the subject property to take a spoil with the intent of being unjustly enriched at the Public's, FHLMC and the Plaintiff's expense.

**Standard Operating Procedure.**

The only matter remaining as to whether this is a criminal matter or a civil matter is the "intent" of the Defendant, JPM. No doubt, JPM used its standard operating procedure on the Plaintiff just as it has done a thousand times before but as any trained onlooker can see the business model is criminally corrupt. If "Ediba Trivuncic" and the Defendant, JPM's intent was not criminal from the beginning they would voluntarily request and arrange for the permanent expunging of the Appointment of Successor Trustee and Trustee's Deed from the Public Record. Their failure to do so can only be interpreted as cementing their criminal intent to fraudulently deprive the Plaintiff of the subject property without the due process of law to capture and unjust enrichment for themselves.

**Conclusion.**

Plaintiff brought this lawsuit as a civil action and in the process of prosecuting the case discovered the above described criminal elements of fraud underlying the foreclosure which is the subject of this action; and, THEREFORE the Plaintiff, Deborah R. Beaton , HEREBY DISCHARGES her Civic Duty as described and required under "18 U.S.C. § 4 Misprision of Felony: Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years or both" requesting that

RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607

Page 11 of 13

Honorable Judge Richard A. Jones convene a Grand Jury for the inquisition and possible indictment beginning with "**Ediba Trivuncic**", doing business as Foreclosure Officer for the Defendant, JPM who falsely executed the "Appointment of Successor Trustee" on 11/29/2010 and had it recorded in King County, Washington under Auditor's file number 20101201001577 on 12/01/2010 for fraudulently depriving the Plaintiff of the subject property.

Respectfully submitted this 5th day of September, 2012,

Plaintiff: Deborah R. Beaton

Signature: /s/ Deborah Beaton

RESPONSE IN OPPOSITION TO MOTION
TO DISMISS

Page 12 of 13

Deborah R. Beaton, Plaintiff
31431 46th Pl SW
Federal Way, WA 98023
(509) 499-1607