11-CV-00872-SUMM

# EXHIBIT "A" ATTACHED
# (HEREUNDER)

# EXHIBIT "A" ATTACHED

# (HEREUNDER)

BENEFICIARY DECLARATION
(NOTE HOLDER)
(Executed by Officer of Beneficiary)

Loan No. 3010931255
Property Address: 22650 24th Avenue South, Des Moines, WA 98198

The undersigned, under penalty of perjury declares as follows:

JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation.

The trustee may rely upon the truth and accuracy of the averments made in this declaration.

Dated this 29*7th* day of *NOVEMBER*, 2010 in _____Jacksonville_____, _____Florida_____.

JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA, beneficiary

By _____Ediba Trivuncic_____
Its _____Foreclosure Officer_____

OR _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

BENEFICIARY DECLARATION
(NOTE HOLDER)
(Attorney in Fact for Beneficiary)

Loan No. 3010931255

The undersigned, under penalty of perjury declares as follows:

JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation.

The trustee may rely upon the truth and accuracy of the averments made in this declaration.

Dated this ____ day of _____, 20___ in _____, _____.

JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA, beneficiary
_____, its Attorney in Fact

By _____
Its _____

NWTS #:7763.28416
Matter name: Beaton, Deborah R.

NWTS #:7763.28416
Matter name: Beaton, Deborah R.

SNUS
W09

3010931255-048

# NOTE

AUGUST 29, 2005          RENTON              WASHINGTON
     [Date]               [City]                 [State]

22650 24TH AVE S, DES MOINES, WA 98198

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   271,960.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is WASHINGTON MUTUAL BANK, FA

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.825  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1ST   day of each month beginning on   NOVEMBER, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   OCTOBER 01, 2035
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   P.O. BOX 78148 PHOENIX, AZ 85062-8148
                                              or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $  1,741.39

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums

MULTISTATE FIXED RATE NOTE – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-SN (0207)       Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                Initials:




already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  
-Borrower

*Deborah R Beaton* (Seal)  
DEBORAH R BEATON -Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

(Sign Original Only)

Pay to the order of

Without Recourse  
Washington Mutual Bank, FA

Cynthia A. Riley, Vice President



3415 VISION DRIVE OH4-7214
COLUMBUS, OH 43219

**Tax Year 2011 Form 1099-C**

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**Debtor's Information**

000000  2995 MT
DEBORAH R BEATON
22650 24TH AVE S
DES MOINES, WA 98198-7104

**Creditor's Information**

FEDERAL HOME LOAN MORTGAGE CORPORATION
CHASE HOME LENDING
**Federal ID Number:** 52-0904874

**Taxpayer ID Number:** 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

**Form 1099-C Questions**

Phone support: 800-848-9136

## Summary of Form 1099-C: Cancellation of Debt

Original    (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1. | Date canceled | 06/03/2011 | 5. | If yes, the debtor was personally liable for repayment of the debt | No |
| 2. | Amount of debt canceled | $103,655.39 | 6. | Bankruptcy | No |
| 3. | Interest if included in box 2 | | 7. | Fair market value of property | $156,000.00 |
| 4. | Debt description | 22650 24TH AVE S  DES MOINE WA 98198 | | | |

## Details of Form 1099-C - Cancellation of Debt

| Account Number<br>Account Description | Box #1<br>Date canceled | Box #2<br>Amount of debt canceled | Box #3<br>Interest If in box 2 | Other Boxes | |
|---|---|---|---|---|---|
| 3010931255<br>MORTGAGE | 06/03/2011 | $103,655.39 | | #4 Desc.<br>#7 Fair market value of property | 22650 24TH AVE S  DES MOINE WA 98198<br>$156,000.00 |

## 1099-C Instructions for Debtor

If a Federal Government agency, certain agencies connected with the Federal Government, financial institution, credit union, or an organization having a significant trade or business of lending money (such as a finance or credit card company) cancels or forgives a debt you owe of $600 or more, this form must be provided to you. Generally, if you are an individual, you must include all canceled amounts, even if less than $600, on the "Other income" line of Form 1040. If you are a corporation, partnership, or other entity, report the canceled debt on your tax return. See the tax return instructions.
However, some canceled debts are not includible, or fully includible, in your income, such as certain student loans, certain debts reduced by the seller after purchase, qualified farm debt, qualified real property business debt, qualified principal residence debt, or debts canceled in bankruptcy. See Pub. 4681. Do not report a canceled debt as income if you did not deduct it but would have been able to do so on your tax return if you had paid it. Also, do not include canceled debts in your income to the extent you were insolvent immediately before the cancellation of the debt. If you exclude a canceled debt from your income, file Form 982.
**Debtor's Identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN). However, the issuer has reported your complete identification number to the IRS and, where applicable, to state and/or local governments.
**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.
**Box 1.** Shows the date the debt was canceled.
**Box 2.** Shows the amount of debt canceled. Note: If you do not agree with this amount, contact your creditor.
**Box 3.** Shows interest if included in the canceled debt in box 2. See Pub. 4681 to see if you must include the interest in gross income.
**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 shows a description of the property.
**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.
**Box 6.** If the box is marked, the creditor has indicated the debt was canceled in a bankruptcy proceeding.
**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Electronically Recorded**
**20101201001577**
NORTHWEST TITLE    AST    14.00
Page 001 of 001
12/01/2010 04:15
King County, WA

After Recording Return to:
Vonnie McGilligan
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997

## Appointment of Successor Trustee

File No. 7763.28416

Deborah R. Benton, an unmarried individual is/are the grantor(s). Ticor Title Company is the trustee and Washington Mutual Bank, F.A. is the beneficiary under that certain deed of trust dated 08/28/06 and recorded on 09/06/06 under King County, Washington Auditor's File No. 20060906002131.

The present beneficiary under said deed of trust appoints Northwest Trustee Services, Inc., a Washington corporation, whose address is P.O. Box 997, Bellevue, WA 98009-0997, as successor trustee under the deed of trust with all powers of the original trustee.

JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA

By _____Ediba Trivuncic_____
Ediba Trivuncic    Foreclosure Officer

STATE OF ___Florida___ )
                            ss.
COUNTY OF ___Duval___ )

I certify that I know or have satisfactory evidence that ___Ediba Trivuncic___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___Foreclosure Officer___ of JP Morgan Chase Bank, National Association to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: 11/29/2010

_____Deborah A. McNulty_____
Notary Public in and for the State of ___Florida___
Residing at ___Jacksonville___
My appointment expires _____

NORTHWEST TRUSTEE SERVICES, INC.
P.O. BOX 997
BELLEVUE, WA 98009-0997
425-586-1900    FAX 425-586-1997

Client: JPMorgan Chase Bank, National Association
Borrower: Benton, Deborah R.


DEBORAH A. MCNULTY
Notary Public - State of Florida
My Comm. Expires Jan 30, 2011
Commission # DD 651482
Bonded Through National Notary Assn.