1  David A. Weibel, WSBA #24031
   Barbara L. Bollero, WSBA #28906
2  BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
   720 Olive Way, Suite 1201
3  Seattle, WA  98101-1801
   Telephone:  206-622-5306
4  Facsimile:  206-622-0354
   dweibel@bwmlegal.com
5  bbollero@bwmlegal.com
6  *Attorneys for Defendant Chase*

7

8                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
9                            AT SEATTLE

10 DEBORAH H. BEATON,

11                            Plaintiff,          **NO. 2:11-cv-0872-RAJ**
                v.
12                                                **DEFENDANT CHASE'S REPLY
   JPMORGAN CHASE BANK N.A.,                      TO PLAINTIFF'S RESPONSE TO
13 NORTHWEST TRUSTEE SERVICES, INC.               CHASE'S MOTION TO DISMISS
                                                  PLAINTIFF'S SECOND AMENDED
14                            Defendants.         COMPLAINT AND MOTION TO
                                                  STRIKE PLAINTIFF'S AFFIDAVIT
15                                                OF CIVIL RIGHTS VIOLATIONS
                                                  COMMITTED**
16
                                                  **NOTING DATE: October 12, 2012**
17

18          **I.     INTRODUCTION AND RELIEF REQUESTED**

19          Defendant JPMorgan Chase Bank, N.A. ("Chase") moved for dismissal of

20 Plaintiff's Second Amended Complaint [Dkt. 55] for failure to state a claim upon which

21 relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and for release of the

22 DEFENDANT CHASE'S REPLY TO                BISHOP WHITE, MARSHALL & WEIBEL, P.S.
   PLAINTIFF'S RESPONSE TO CHASE'S                 720 OLIVE WAY, SUITE 1201
23 MOTION TO DISMISS PLAINTIFF'S              SEATTLE, WASHINGTON 98101-1801
   SECOND AMENDED COMPLAINT AND               206/622-5306  FAX:  206/622-0354
24 MOTION TO STRIKE PLAINTIFF'S
   AFFIDAVIT OF CIVIL RIGHTS
25 VIOLATIONS COMMITTED - 1

   NO. 2:11-cv-0872-RAJ

1    impermissible, unauthorized lien filings and instruments Plaintiff Deborah H. Beaton

2    recorded against the real property she formerly owned.  Ms. Beaton's responsive pleading

3    [Dkt. 59] fails to address the great majority of Chase's arguments.  In addition, Plaintiff

4    filed an "Affidavit of Civil Rights Violations Committed," which appears to be an

5    attempted criminal complaint against a Chase officer.  [Dkt. 60.]

6         Because Plaintiff waived the majority of her claims by failing to restrain the

7    Trustee's sale, Plaintiff has not rebutted Chase's arguments supporting dismissal,

8    Plaintiff's Affidavit is an impermissible filing in response to a dismissal motion, and

9    Plaintiff has now had three different opportunities to correctly plead her claims, Chase

10   requests dismissal with prejudice, and that Plaintiff's Affidavit [Dkt. 60] be stricken.

11                      **II.       AUTHORITY AND ARGUMENT**

12   **A.      Plaintiff's Failure to Address Chase's Arguments is an Admission of Merit.**

13        Plaintiff's reply briefing did not address her FDCPA claim, respond to Chase's

14   request to expunge and dismiss her recorded instruments, mentioned her Deed of Trust Act

15   claims only in passing, and did not rebut any of Chase's dismissal arguments.

16        In this District, "If a party fails to file papers in opposition to a motion, such failure

17   may be considered by the court as an admission that the motion has merit."  (Local Rules

18   W.D.Wash. CR 7(b)(2).)  The rule applies not only when a party neglects to oppose, but

19   opposes and neglects to provide controverting arguments.  (*See, e.g., Siver v. Citimortgage,*

20   *Inc.,* 830 F.Supp.2d 1194, 1200 (W.D.Wash. 2011) ("[Plaintiffs' briefing] offered

21   absolutely no response to [Defendant's] motion to dismiss their breach-of-contract claim,

22   DEFENDANT CHASE'S REPLY TO                 BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     PLAINTIFF'S RESPONSE TO CHASE'S                   720 OLIVE WAY, SUITE 1201
23   MOTION TO DISMISS PLAINTIFF'S               SEATTLE, WASHINGTON 98101-1801
     SECOND AMENDED COMPLAINT AND                 206/622-5306  FAX:  206/622-0354
24   MOTION TO STRIKE PLAINTIFF'S
     AFFIDAVIT OF CIVIL RIGHTS
25   VIOLATIONS COMMITTED - 2

     NO. 2:11-cv-0872-RAJ

1    which the court construes as an admission that the motion has merit. …  Accordingly, the

2    court dismisses the [Plaintiffs'] breach-of-contract claim …."); *Hylkema v. Assoc. Credit*

3    *Svc., Inc.,* 2012 WL 13681, *9 (W.D.Wash. Jan. 4, 2012) ("Plaintiff does not respond to

4    this argument or otherwise address his CPA claim in his opposition ….  Plaintiff's failure

5    to respond is considered a concession that defendants' argument has merit.  …  Plaintiff's

6    CPA claim is, accordingly, subject to dismissal on summary judgment."); *Castello v. City*

7    *of Seattle,* 2011 WL 6000781, *8 (W.D.Wash. Nov. 30, 2011).

8    　　　In view of Chase's authorities and arguments, and Ms. Beaton's failure to respond

9    to several claims, her Second Amended Complaint should be dismissed, with prejudice.

10   **B.　　Plaintiff's "Incomplete Indorsement" Claim Fails.**

11   　　　Despite this Court's prior Order, Ms. Beaton persists in asserting that she has a

12   viable "incomplete indorsement" claim against Chase.  She is wrong.

13   　　　The Court previously recognized that "[Chase's] agreement with the FDIC requires

14   dismissal of Beaton's claims related to liability of WaMu related to loans made by

15   WaMu." [Dkt. 54, p. 7, ll. 4-6.]  Ms. Beaton's Complaint alleges that WaMu – *not* Chase

16   – endorsed her Note in blank.  [Dkt. 55, par. 10.]  Because the Court has already held that

17   Chase has no liability for WaMu's action, Chase cannot be liable for Plaintiff's claims

18   arising from her Note's blank endorsement by WaMu.

19   　　　To the extent that Plaintiff's "incomplete indorsement" cause of action is premised

20   on Chase's continued holding of the bearer Note without choosing to endorse it, those facts

21   do not give rise to any viable claims.  Ms. Beaton did not respond to Chase's briefing

22   DEFENDANT CHASE'S REPLY TO　　　　BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     PLAINTIFF'S RESPONSE TO CHASE'S　　　　720 OLIVE WAY, SUITE 1201
23   MOTION TO DISMISS PLAINTIFF'S　　　　SEATTLE, WASHINGTON 98101-1801
     SECOND AMENDED COMPLAINT AND　　　206/622-5306  FAX:  206/622-0354
24   MOTION TO STRIKE PLAINTIFF'S
     AFFIDAVIT OF CIVIL RIGHTS
25   VIOLATIONS COMMITTED - 3

     NO. 2:11-cv-0872-RAJ

1  analyzing the failures in such a claim.  Further, her repeated assertions that Chase *must*

2  endorse her Note and is committing fraud by failing to do so are nothing more than a

3  variation of the "show me the Note" argument, which this Court previously rejected here.

4  [Dkt. 54, p. 5, l. 20 – p. 6, l. 2.]

5       Because RCW 62A.3-205, on which Plaintiff relies, does not apply to the present

6  facts, it does not serve as the basis for any cause of action against Chase.  Consequently,

7  Plaintiff's second cause of action should be dismissed, with prejudice.

8  **C.**       **Deed of Trust Act Violations are Not Properly Alleged and Did Not Occur.**

9       The Court chose to construe Plaintiff's previous DTA violation claim "as alleging a

10  breach by the trustee of its obligation to obtain, prior to recording the notice of trustee's

11  sale, proof that the beneficiary under the deed of trust is the owner of the related

12  promissory note," which could be pursued post-foreclosure.   [Dkt. 54, p. 6, ll. 2-6.]

13  Nevertheless, the Court dismissed the claim because it was "devoid of factual allegations

14  that could support a potential [DTA] claim."  [Dkt. 54, p. 7, ll. 9-12.]

15       Instead of additional factual allegations, Plaintiff's Second Amended Complaint

16  argues supposition, presumed intent, and nit-picks at the wording of the Beneficiary

17  Declaration[1] [Dkts. 58-6 and 59-1].   Plaintiff's Second Amended Complaint admits

18  

---

19  [1] Because Plaintiff's Second Amended Complaint specifically refers to the Beneficiary Declaration, the

20  Court may consider it in ruling on Chase's dismissal motion, without converting the motion to one for summary judgment. *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.), *cert. den'd.,* 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994), *overruled on other grounds by Galbraith v. Co. of Santa Clara,* 307 F.3d

21  1119 (9th Cir.2002); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405, n. 4 (9th Cir.1996) (appropriate for trial court to consider document referenced in a complaint in a motion to dismiss and doing so does not convert

22  DEFENDANT CHASE'S REPLY TO           BISHOP WHITE, MARSHALL & WEIBEL, P.S.
   PLAINTIFF'S RESPONSE TO CHASE'S           720 OLIVE WAY, SUITE 1201

23  MOTION TO DISMISS PLAINTIFF'S          SEATTLE, WASHINGTON 98101-1801
   SECOND AMENDED COMPLAINT AND         206/622-5306  FAX:  206/622-0354

24  MOTION TO STRIKE PLAINTIFF'S
   AFFIDAVIT OF CIVIL RIGHTS

25  VIOLATIONS COMMITTED - 4

NO. 2:11-cv-0872-RAJ

1   Chase's Beneficiary Declaration was provided to the Trustee [Dkt. 55, p. 6, l. 21 – p. 7, l.

2   10], and she herself chose to file it with the Court [Dkt. 59-1].   RCW 61.24.030(7)(a)

3   states, in full:

4           That, for residential real property, before the notice of trustee's sale
            is recorded, transmitted, or served, the trustee *shall have proof that*
5           *the beneficiary is the owner of any promissory note* or other
            obligation secured by the deed of trust.   A declaration by the
6           beneficiary made under the penalty of perjury *stating that the*
            *beneficiary is the actual holder of the promissory note* or other
7           obligation secured by the deed of trust *shall be sufficient proof* as
            required under this subsection.
8

9   (Emphasis supplied.)   Here, the Beneficiary Declaration is under penalty of perjury, and

10  tracks the RCW 61.24.030(7)(a) language precisely by stating Chase "is the actual holder

11  of the promissory note or other obligation …."  It is not defective, as a matter of law.

12          Because the Trustee received the Beneficiary Declaration before instituting

13  foreclosure proceedings, and because the Beneficiary Declaration was fully compliant with

14  RCW 61.24.030(7)(a), Plaintiff has not fleshed out her DTA violation claim against Chase

15  sufficiently to withstand challenge, as required and directed by this Court.  Because all of

16  Ms. Beaton's remaining DTA violation claims depend on the same flawed allegations,

17  they do not state a viable cause of action.  None of the nonjudicial foreclosure documents

18  are defective; thus, Plaintiff's DTA violation claims should be dismissed, with prejudice.

19

20  _____

21  the motion into one for summary judgment), *cert. den'd.,* 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 308
    (1997).

22  DEFENDANT CHASE'S REPLY TO                          BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    PLAINTIFF'S RESPONSE TO CHASE'S                          720 OLIVE WAY, SUITE 1201
23  MOTION TO DISMISS PLAINTIFF'S                      SEATTLE, WASHINGTON 98101-1801
    SECOND AMENDED COMPLAINT AND                       206/622-5306  FAX:  206/622-0354
24  MOTION TO STRIKE PLAINTIFF'S
    AFFIDAVIT OF CIVIL RIGHTS
25  VIOLATIONS COMMITTED - 5

    NO. 2:11-cv-0872-RAJ

1   **D.      Plaintiff's Affidavit Should be Stricken.**

2              In connection with opposing Chase's dismissal motion, Ms. Beaton filed an

3   "Affidavit of Civil Rights Violations Committed," which appears to be an attempted

4   criminal complaint against a Chase officer.  [Dkt. 60.]  The Affidavit serves no purpose

5   other than perhaps impermissibly extending the page limit for Plaintiff's responsive

6   pleadings without leave of Court.  There is no call for evidence in "support" of a dismissal

7   motion response, and none should be allowed.  In addition, the attempted presentation of

8   criminal charges in a civil action brings into question the motives behind such a filing.

9              When a party's filing is improper pursuant to local and federal rules, the Court may

10  grant a motion to strike the filing.  *LMD Integrated Logistic Services, Inc. v. Mercer*

11  *Distribution Services, LLC,* 2011 WL 2670203, *2 (W.D.Wash. July 7, 2011).  This is

12  particularly true in the case of an Affidavit filed in opposition to a dismissal motion.  *Battle*

13  *v. Wick*, 2008 WL 4766818, *5 (W.D.Wash. Oct. 28, 2008) ("As to the affidavit submitted

14  by plaintiff in support of [opposition to dismissal of] his amended complaint, the Court is

15  not satisfied at this juncture that there is a proper purpose for admitting this document.

16  Accordingly, defendant's motion to strike the affidavit should be granted.")

17                                  **III.     CONCLUSION**

18             Pursuant to Fed. R. Civ. P. 12(b)(6), Chase respectfully moves Plaintiff's Second

19  Amended Complaint [Dkt. 55] be dismissed against Chase with prejudice, Plaintiff's

20  Affidavit [Dkt. 60] be stricken, and the instruments recorded by Plaintiff be extinguished

21  and released, as requested in Chase's dismissal motion.

22  DEFENDANT CHASE'S REPLY TO                    BISHOP WHITE, MARSHALL & WEIBEL, P.S.
    PLAINTIFF'S RESPONSE TO CHASE'S                      720 OLIVE WAY, SUITE 1201
23  MOTION TO DISMISS PLAINTIFF'S                   SEATTLE, WASHINGTON 98101-1801
    SECOND AMENDED COMPLAINT AND                     206/622-5306  FAX:  206/622-0354
24  MOTION TO STRIKE PLAINTIFF'S
    AFFIDAVIT OF CIVIL RIGHTS
25  VIOLATIONS COMMITTED - 6

    NO. 2:11-cv-0872-RAJ

1    Dated this 10th day of October, 2012.

2                                              /s/ Barbara L. Bollero
                                               David A. Weibel, WSBA #24031
3                                              Barbara L. Bollero, WSBA #28906
                                               BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
4                                              720 Olive Way, Suite 1201
                                               Seattle, WA  98101
5                                              (206) 622-5306, Ext.5918
                                               Email:  dweibel@bwmlegal.com
6                                              Email: bbollero@bwmlegal.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   DEFENDANT CHASE'S REPLY TO                BISHOP WHITE, MARSHALL & WEIBEL, P.S.
     PLAINTIFF'S RESPONSE TO CHASE'S                   720 OLIVE WAY, SUITE 1201
23   MOTION TO DISMISS PLAINTIFF'S              SEATTLE, WASHINGTON 98101-1801
     SECOND AMENDED COMPLAINT AND                  206/622-5306  FAX:  206/622-0354
24   MOTION TO STRIKE PLAINTIFF'S
     AFFIDAVIT OF CIVIL RIGHTS
25   VIOLATIONS COMMITTED - 7

     NO. 2:11-cv-0872-RAJ

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the State of Washington and the United States of America that on this 10th day of October, 2012, I electronically filed the following documents: (1) DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE TO CHASE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF CIVIL RIGHTS VIOLATIONS COMMITTED; and (2) CERTIFICATE OF SERVICE, with the Clerk of the Court using the CM/ECF System, which will serve notice to all parties of record in this matter.

On the same date, I caused to be delivered via the United States Postal Service, a copy of the aforementioned documents, postage pre-paid, addressed to the following parties:

Deborah H. Beaton
31431 46th Pl SW
Federal Way WA 98023

Dated this 10th day of October, 2012, at Seattle, Washington.

/s/ Ana I. Todakonzie
Ana I. Todakonzie

DEFENDANT CHASE'S REPLY TO PLAINTIFF'S RESPONSE TO CHASE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT OF CIVIL RIGHTS VIOLATIONS COMMITTED - 8

NO. 2:11-cv-0872-RAJ

BISHOP WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354