The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| DEBORAH R. BEATON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-00872-RAJ |
| | ) | |
| v. | ) | **DEFENDANT NORTHWEST** |
| | ) | **TRUSTEE SERVICES, INC.'S REPLY** |
| JPMORGAN CHASE BANK, N.A.; and | ) | **TO PLAINTIFF'S RESPONSE IN** |
| NORTHWEST TRUSTEE SERVICES, INC., | ) | **OPPOSITION TO MOTION TO** |
| | ) | **DISMISS SECOND AMENDED** |
| Defendants. | ) | **COMPLAINT AND JOINDER** |
| | ) | **THEREIN** |
| | ) | |
| | ) | |

## I.    INTRODUCTION

Defendant Northwest Trustee Services, Inc. ("NWTS") submits the following in reply to Plaintiff Deborah Beaton's Response in Opposition to Motion to Dismiss Second Amended Complaint and Affidavit of Civil Rights Violations Committed (Dkt. 59 and 60) and respectfully requests the Court consider the following in further support of NWTS' joinder and supplement to Defendant JPMorgan Chase Bank's Motion to Dismiss Plaintiff's Second Amended Verified Complaint ("Chase's Motion").

\\

\\

\\\

DEFENDANT NWTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS AND
JOINDER THEREIN – PAGE 1 OF 9

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II.   STATEMENT OF RELEVANT FACTS

On or about DATE, Plaintiff filed an Opposition. The Opposition was supported by an affidavit of Plaintiff.

## III.   REPLY ARGUMENT

**1.   Plaintiff's Affidavit of Civil Rights Violations Committed goes beyond the pleadings and cannot be considered by this Court in conjunction with a motion under F.R.C.P. 12(b)(6).**

As a general rule, "a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Fed. R. Civ. P. 12(d) expressly provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.1998). Second, under Fed.R.Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986).

Here, Plaintiff's Affidavit of Civil Rights Commited *(sic)* does not fall within any of the exceptions outlined above. In other words, the Affidavit goes beyond the pleadings and should not be considered by this Court in ruling on Defendants' motions under F.R.C.P. 12(b)(6).[1]

---

[1] Even if considered by this Court, Plaintiff's Affidavit contains no allegations as to NWTS and therefore fails to set forth any basis for relief.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**2. In light of Plaintiff's failure to respond to NWTS' Request Dismissal of the FDCPA claim, Dismissal is merited.**

In this District, "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." CR 7(b)(2). The rule also applies when a party files an opposition that neglects to provide any controverting argument in support of his claims. *(See, e.g., Silver v. Citimortgage, Inc.,* - F.Supp.2d-, 2011 WL 5548010, *5 (W.D.Wash.) ("[Plaintiffs' opposition briefing] offered absolutely no response to [Defendant's] motion to dismiss their breach-of-contract claim, which the court construes as an admission that the motion has merit. ... Accordingly, the court dismisses the [Plaintiffs'] breach-of-contract claim ...."); *Hylkema v. Assoc. Credit Svc., Inc.,* 2012 WL 13681, *9 (W.D.Wash.) ("Plaintiff does not respond to this argument or otherwise address his CPA claim in his opposition and cross-motion. Plaintiff's failure to respond is considered a concession that defendants' argument has merit. ... Plaintiff's CPA claim is, accordingly, subject to dismissal on summary judgment."); *Castello v. City of Seattle,* 2011 WL 6000781, *8 (W.D.Wash.).

Here, Plaintiff submitted an opposition to NWTS' joinder and supplement of Defendant Chase's Motion to Dismiss. *See* Dkt. 59. However, Plaintiff fails to offer any controverting argument in regard to her claims against NWTS under the Fair Debt Collection Practices Act ("FDCPA") or purported DTA violations stemming from the Notice of Default, Notice of Sale, or Trustee's Deed. *See Id.* And, while Plaintiff's opposition refers to the Appointment of Successor Trustee, Beneficiary Declaration, and Trustee's Deed, notably nowhere in Plaintiff's opposition (or accompanying affidavit) has Plaintiff been able to articulate any wrongful act by NWTS or any prejudice suffered based on the conduct of NWTS. *See Tuttle v. Bank of New York Mellon,* C11-1048-RSM, 2012 WL 726969 (W.D. Wash. Mar. 6, 2012); *see also Gurtler v. Nw. Tr. Services Inc.,* 11-CV-5745 RBL, 2012 WL 934206 (W.D. Wash. Mar. 20, 2012) (dismissing borrower Plaintiff's post-foreclosure sale claim for violation of the DTA where Plaintiff alleged "technical violations of the Act" and failed to allege the trustee has failed to "materially comply with the Deed of Trust Act."); *see also In re Reinke,* BR 09-19609, 2011 WL 5079561, *9, FN9

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   (Bankr. W.D. Wash. Oct. 26, 2011) (citing *Steward v. Good,* 51 Wn. App. 509, 754 P.2d 150

2   (Wash.Ct.App.1988); and *Koegel v. Prudential Mutual Savings Bank,* 51 Wn. App. 108, 752

3   P.2d 385 (Wash.Ct.App.1988); *Washington Mutual v. Fritz (In re Fritz),* 225 B.R. 218

4   (E.D.Wash.1997) (holding where the trustee's sale has already occurred, the plaintiff must prove

5   any purported noncompliance of the DTA by the trustee was prejudicial)..

6   **3.  Plaintiff's Opposition still fails to state any claim against NWTS.**

7       a.  <u>Allegations regarding the Note Endorsements do not allege facts that amount to a</u>

8           <u>claim against NWTS.</u>

9       Plaintiff devotes most of her Opposition to hypothesizing possible reasons why

10  Defendant Chase has not endorsed the Note. *See* Dkt. 59, at *4-13. However, as discussed in

11  Defendant Chase's Motion, Plaintiff concedes the Note has been endorsed in blank making it

12  bearer paper and there is "no requirement that the holder of bearer paper restrictively endorse it

13  on demand of the drawer." *See* Dkt. 57, at *10. Moreover, Plaintiff's discussion of Note

14  endorsements has no bearing on the propriety of NWTS' conduct as successor trustee in light of

15  the fact that NWTS obtained a declaration attesting to Defendant Chase's holder status and could

16  rely on such declaration pursuant to RCW 61.24.030(7)(b). *See* Dkt.58 and Exhibit 6 attached

17  thereto, which was incorporated by reference by Plaintiff's SAC. *See* Dkt. 55. Accordingly, the

18  majority of Plaintiff's Opposition is wholly irrelevant to the Court's determination of whether

19  Plaintiff has stated a claim against NWTS.

20       b.  <u>Allegations regarding the Appointment of Successor Trustee do not allege facts that</u>

21           <u>amount to a claim against NWTS.</u>

22       Plaintiff asserts the "Appointment of Successor Trustee falsely legitimized and

23  memorialized the Defendant, JPM's status as WAMU's successor – the beneficiary on the

24  Plaintiff's note and deed." Dkt. 59, at *8.

25       As discussed in Defendant Chase's Motion, Chase's status as beneficiary and authority to

26  enforce the Note and Deed of Trust arose via its purchase of the endorsed in blank Note, not

pursuant to the Appointment of Successor Trustee. Dkt. 57, *3. And, as beneficiary, Chase was

DEFENDANT NWTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS AND
JOINDER THEREIN – PAGE 4 OF 9

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   authorized to appoint NWTS as successor trustee, which it did by recording the Appointment.

2   The only purpose of the Appointment was to designate NWTS as successor trustee.

3         Plaintiff also asserts that the recordation of the appointment of successor trustee

4   established a lien and lien priority in accordance with RCW 65.04.030 and RCW 65.08.070. Dkt.

5   59, at *8. It appears Plaintiff has misapplied both statutes.

6         RCW 65.08.030. provides that

7         "An instrument in writing purporting to convey or encumber real estate or any
8         interest therein, which has been recorded in the auditor's office of the county
      in which the real estate is situated, although the instrument may not have been
9         executed and acknowledged in accordance with the law in force at the time of
      its execution, shall impart the same notice to third persons, from the date of
10        recording, as if the instrument had been executed, acknowledged, and
      recorded, in accordance with the laws regulating the execution,
11        acknowledgment, and recording of the instrument then in force."

12  RCW 65.08.030.

13        And, 65.080.070 provides:

14        "A conveyance of real property, when acknowledged by the person executing
      the same (the acknowledgment being certified as required by law), may be
15        recorded in the office of the recording officer of the county where the property
      is situated. Every such conveyance not so recorded is void as against any
16        subsequent purchaser or mortgagee in good faith and for a valuable
      consideration from the same vendor, his or her heirs or devisees, of the same
17        real property or any portion thereof whose conveyance is first duly recorded.
      An instrument is deemed recorded the minute it is filed for record."

18  RCW 65.08.070.

19        Both of these provisions deal with a conveyance of land. An appointment of successor

20  trustee, however, simply substitutes in a new trustee under the security instrument. No land is

21  conveyed through an appointment of successor trustee. Thus, to the extent Plaintiff bases any of

22  her claims on the incorrect application of RCW 65.08.070 and 030, they fail.

23        Plaintiff also claims she did not receive notice of the appointment. Dkt. 59, at *8.

24  However, no provision under the Deed of Trust Act requires that the borrower receive notice of

25  an appointment of successor trustee. *But see* RCW 61.24.010 (A resigning trustee "shall give

26  prompt notice of its resignation to the beneficiary.") Moreover, Plaintiff has failed to identify any

provision of the Deed of Trust that entitles her to such notice or places the burden of providing

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   such notice on the successor trustee. Thus, nothing about such an allegation states a claim as to

2   NWTS.

3           c.   Plaintiff's Allegations relating to the Beneficiary Declaration do not allege facts that

4               amount to a claim against NWTS.

5           Plaintiff alleges the subject Beneficiary Declaration failed to meets the standards set by

6   RCW 61.24.005(2) because the declaration stated: "JPMorgan Chase Bank, N.A. successor in

7   interest to Washington Mutual Bank fka Washington Mutual Bank, F.A. is the actual holder of

8   the promissory note or other obligation evidencing the above-referenced loan or has

9   requisite authority under RCW 62A.3-301 to enforce said obligation." *See* Plaintiff's

10  Opposition, at *5-6.

11          Under RCW 61.24.030(7)(a), prior to recording a notice of trustee's sale on residential

12  real property, the trustee shall have proof that the beneficiary is the owner of any promissory

13  note or other obligation secured by the deed of trust. "A declaration by the beneficiary made

14  under the penalty of perjury stating that the beneficiary is the actual holder of the promissory

15  note or other obligation secured by the deed of trust shall be sufficient proof as required under

16  this subsection." RCW 61.24.030(7)(a).

17          On its face, the subject Beneficiary Declaration meets the requirements of RCW

18  61.24.030(7)(a). RCW 61.24.030(7)(b) provides that unless the trustee has violated his or her

19  duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as

20  evidence of proof required under this subsection. Here, Plaintiff does not allege NWTS violated

21  its duty of good faith under RCW 61.24.010(4). Accordingly, the fact that the declaration added

22  some additional language does not invalidate NWTS' ability to rely on the declaration as it did in

23  this case.

24          Moreover, Plaintiff cites to *Pavino v. Bank of Am., N.A.*, C10-1943 RSL, 2011 WL

25  834146 (W.D. Wash. Mar. 4, 2011) in support of her assertion that the Beneficiary Declaration is

26  insufficient under RCW 61.24.005(2). In *Pavino*, Judge Lasnik noted "The Court is unaware of

    any legal authority holding that a 'person entitled to enforce' an instrument within the meaning

DEFENDANT NWTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS AND
JOINDER THEREIN – PAGE 6 OF 9

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

of RCW 62A.3-301 qualified as a 'beneficiary' within the meaning of RCW 61.24.005(2)." *Pavino*, at \*4. However, a host of other judges in the Western District of Washington have relied on beneficiary declarations that include the exact same language as the subject Beneficiary Declaration in determining the foreclosure trustee satisfied its duty to obtain the requisite proof as required by RCW 61.24.030(7)(a). *See Spenser v. Deutsche Bank*, C11-5599BHS, 2011 WL 4574894 (W.D. Wash. Sept. 30, 2011); *see also St. John v. Nw. Tr. Services, Inc.*, C11-5382BHS, 2011 WL 4543658 (W.D. Wash. Sept. 29, 2011). Indeed, given that the Beneficiary Declaration is not for the benefit of the borrower, the Plaintiff borrower's allegations that the declaration fails to meet the standard under RCW 61.24.005(2) should not be the basis of a claim against NWTS, particularly where the evidence demonstrates that Defendant Chase was, in fact, the beneficiary entitled to enforce the Note and Deed of Trust. *See Oliveros v. Deutsche Bank Nat. Trust Co., N.A.*, 3:11-CV-05581-RBL, 2012 WL 113493 (W.D. Wash. Jan. 13, 2012) ("Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the Trustee, not the borrower [under] RCW 61.24.030(7).").

Finally, even if Plaintiff's allegations that the beneficiary declaration did not meet the technical requirement of RCW 61.24.030(7)(a), Plaintiff has not alleged any prejudice as a result. *See Tuttle v. Bank of New York Mellon*, C11-1048-RSM, 2012 WL 726969 (W.D. Wash. Mar. 6, 2012); *see also Gurtler v. Nw. Tr. Services Inc.*, 11-CV-5745 RBL, 2012 WL 934206 (W.D. Wash. Mar. 20, 2012) (dismissing borrower Plaintiff's post-foreclosure sale claim for violation of the DTA where Plaintiff alleged "technical violations of the Act" and failed to allege the trustee has failed to "materially comply with the Deed of Trust Act."); *see also In re Reinke*, BR 09-19609, 2011 WL 5079561, \*9, FN9 (Bankr. W.D. Wash. Oct. 26, 2011) (citing *Steward v. Good*, 51 Wn. App. 509, 754 P.2d 150 (Wash.Ct.App.1988); and *Koegel v. Prudential Mutual Savings Bank*, 51 Wn. App. 108, 752 P.2d 385 (Wash.Ct.App.1988); *Washington Mutual v. Fritz (In re Fritz)*, 225 B.R. 218 (E.D.Wash.1997) (holding where the trustee's sale has already occurred, the plaintiff must prove any purported noncompliance of the DTA by the trustee was prejudicial). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IV.   CONCLUSION

Defendant Northwest Trustee respectfully requests the Court consider the foregoing in further support of its joinder in Defendant Chase's Motion to Dismiss such that Plaintiff's claims as to NWTS are dismissed, in entirety, and with prejudice.


DATED this 10th day of October, 2012.

**ROUTH CRABTREE OLSEN, P.S.**


/s/  Heidi E. Buck
Heidi E. Buck, WSBA #41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**Declaration of Service**

The undersigned makes the following declaration:

1.     I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2.     That on October 10, 2012, I caused a copy of Defendant Northwest Trustee Services, Inc.'s Reply to Plaintiff's Response in Opposition to Motion to Dismiss Second Amended Complaint and Joinder Therein to be served to the following in the manner noted below:

| | |
|---|---|
| Deborah R. Beaton<br>31431 46th Pl. SW<br>Federal Way, WA  98203<br><br>*Pro Se* Plaintiff | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile |
| David A. Weibel<br>Barbara L. Bollero<br>Bishop, White, Marshall & Weibel, P.S.<br>720 Olive Way, Suite 1201<br>Seattle, WA  98101-1801<br><br>Attorneys for Defendant JPMorgan Chase<br>Bank, N.A. | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 10th day of October, 2012.


                                        /s/  Kristine Stephan
                                        Kristine Stephan, Paralegal


DEFENDANT NWTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS AND
JOINDER THEREIN – PAGE 9 OF 9

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131