HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH H. BEATON,<br>　　　　　Plaintiff,<br>　v.<br>JPMORGAN CHASE BANK N.A., et al.,<br>　　　　　Defendants. | CASE NO. C11-0872 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on defendant JPMorgan Chase Bank N.A.'s ("Chase") FRCP 12(b)(6) motion to dismiss plaintiff's second amended complaint ("SAC"). Dkt. # 57. Defendant Northwest Trustee Services, Inc. ("NWTS") joined in Chase's motion and provided its own additional briefing without filing a separate motion pursuant to the Local Civil Rules.[1] Dkt. # 58.

---

[1] Allowing NWTS to join in Chase's motion and provide additional briefing would result in a combined brief of 35 pages. This would violate this District's Local Rules. NWTS did not file a separate motion or request leave to file an over-length brief, and the court will not treat NWTS's joinder as a separate motion since it did not follow the requisite procedures regarding noting dates. Accordingly, the court has disregarded all argument beyond the 24-page limit of the opening brief (i.e., page 8 through 15 of NWTS's motion), and beyond the 12-page limit of the reply (i.e., page 7 through 9).

On July 22, 2011, NWTS filed a motion to dismiss *pro se* plaintiff Deborah Beaton's first amended complaint, and Chase joined in that motion. Dkt. ## 25, 28. On March 15, 2012, the court granted the motion, and provided plaintiff with leave to amend with respect to certain claims.[2] In her SAC, plaintiff alleges three causes of action: (1) Violation of the Federal Debt Collection Practices Act ("FDCPA") against NWTS, (2) Incomplete Indorsement/Chain of Title, and (3) violations of the Washington Deed of Trust Act ("DTA").

Having reviewed the papers submitted, the exhibits subject to judicial notice, and the record herein, the court GRANTS in part and DENIES in part Chase's motion.

## II. BACKGROUND

In August 2008, Beaton executed a promissory note for $271,950.00, payable to the order of Washington Mutual Bank, FA ("WaMu"), which was secured by a deed of trust. Dkt. # 39-2 (Ex. 2 to Request for Judicial Notice ("RJN")), # 39-3 (Ex. 3 to RJN).[3] The deed of trust lists WaMu as "lender," the lender as "beneficiary," and Ticor Title

---

[2] Since the court's March 15, 2012 order, the Washington Supreme Court decided *Albice v. Premier Mortgage Servs. of Wash. Inc.*, 174 Wash. 2d 560, 276 P.3d 1277 (Wash. May 24, 2012) (en banc) and *Bain v. Metro. Mortgage Group, Inc.*, 175 Wash. 2d 83, 285 P.3d 34 (Wash. Aug. 16, 2012) (en banc).

[3] The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, or are subject to judicial notice, the Court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). In its prior order (Dkt. # 54 at 2 n.2-3), the court took judicial notice of the following exhibits attached to Dkt. # 39: Exhibits 1 (Statutory Warranty Deed), 2 (Note), 3 (Deed of Trust), 5 (Sept. 25, 2008 agreement between FDIC and Chase), 6 (Appointment of Successor Trustee), 7 (Notice of Trustee Sale), 8 & 9 (various publicly recorded instruments/documents by Beaton) because they are publicly recorded documents not reasonably subject to dispute. Chase appears to rely on these same documents in its motion. Additionally, plaintiff incorporates by reference a "Notice of Default" in her SAC (Dkt. # 55 at 7:20-23). NWTS has attached the Notice of Default as Exhibit 4 (Dkt. # 58-4), and plaintiff does not dispute its authenticity or accuracy. The court takes judicial notice of these documents. The court has disregarded plaintiff's "Affidavit of Civil Rights Violations Committed" because it is not subject to judicial notice. Dkt. # 60. The beneficiary declaration is not subject to judicial notice either. Dkt. # 58-6.

Company as "trustee." Dkt. # 39-3 (Ex. 3 to RJN). In September 2008, WaMu was placed into receivership with FDIC, and FDIC sold WaMu to Chase. Beaton alleges that WaMu may have transferred or negotiated the note prior to September 25, 2008, and that it remains undetermined if Chase is in fact the actual beneficiary. Dkt. # 55 (SAC) ¶¶ 12-13 & page 6:4-7.[4] On November 14, 2010, NWTS, as Chase's "duly authorized agent," sent Beaton a "Notice of Default," in which NWTS advised that if Beaton disputes the debt or any portion of the debt, it will request that the creditor obtain verification of the debt and mail it to her. Dkt. # 58-4 at 3 (Ex. 4 to NWTS Joinder). Beaton alleges that by letter, she disputed the debt and requested validation, and that NWTS failed to comply with the FDCPA. Dkt. # 55 (SAC) at 5:19-6:2. In December 2010, the appointment of NWTS as successor trustee was recorded in King County. Dkt. # 39-6 (Ex. 6 to RJN). On December 16, 2010, notice of trustee's sale was recorded. Dkt. # 39-7 (Ex. 7 to RJN).

On May 25, 2011, Beaton filed a complaint seeking, among other things, an injunction to prevent foreclosure of her home. Dkt. # 1. The court denied Beaton's requests for temporary restraining order and preliminary injunction for procedural reasons, as well as for not demonstrating a likelihood of success on the merits. *See* Dkt. ## 2, 7, 13, 16. Although the notice of trustee's sale listed March 18, 2011 as the date of sale, the subject property was eventually sold on June 3, 2011.

## III. ANALYSIS

A. **Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler*

---

[4] The court's reference to page numbers of the SAC is with respect to the CM/ECF header, not the page numbers at the bottom of the document.

*Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, every complainant must demonstrate some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). If the court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.  FDCPA**

Plaintiff alleges that she responded to NWTS's "Notice Required by the Fair Debt Collection Practices Act" with a letter disputing the debt and requesting validation along with demands for cessation and desistance of collections. Dkt. # 55 (SAC) at 5:19-23. She also alleges that NWTS failed to comply with the FDCPA, and that it remains undetermined if Chase is in fact the actual beneficiary.[5] *Id.* at 6:1-7. Both Chase and NWTS argue that they are not a "debt collector" within the meaning of the FDCPA.

---

[5] The court has disregarded legal conclusions that NWTS is considered a debt collector, or that it is not exempt under section 1692(f). *Id.* at 5:25-6:4.

ORDER- 4

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA specifically exempts from the term "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" *Id.* § 1692a(6)(F). Additionally, for purposes of section 1692f(6), the term debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* § 1692a(6). Section 1692f(6) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if" (A) "there is no present right to possession of the property claimed as collateral through an enforceable security interest"; (B) "there is no present intention to take possession of the property"; or (C) "the property is exempt by law from such dispossession or disablement." 15 U.S.C. §1692f(6).[6]

An entity that is not the originating creditor and that obtained a debt or servicing right before default is not a "debt collector" for purposes of the FDCPA. *See De Dios v. Int'l Realty & Inv.*, 641 F.3d 1071, 1074 (9th Cir. 2011) (no FDCPA violation where property management acquired debt before it was payable because "debt that is not yet payable cannot be in default"); *see also Bridge v. Ocwen Fed. Bank; FSB*, 681 F.3d 355,

---

[6] The court notes that NWTS raises arguments in its excess pages that mirror arguments made in a case before the Honorable Robert S. Lasnik. *Cf.* Dkt. # 58 at 9-10 *with McDonald v. OneWest Bank, FSB*, Case No. C10-1952RSL, Dkt. # 172 at 32-33. The court notes that Judge Lasnik rejected NWTS argument that it did not take any nonjudicial action to effect dispossession of property, and concluded that a "nonjudicial foreclosure intended to dispossess the homeowner of title and ownership of real property is the type of debt collection activity that may be subject to § 1692f(A)." *McDonald v. OneWest Bank, FSB*, 2013 WL 858178, *12 (W.D. Wash. March 7, 2013) ("*McDonald II*"). This court agrees.

339 (6th Cir. 2012) ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector depending on whether the debt was assigned for servicing before the default or alleged default occurred.").

The trend among district courts in the Ninth Circuit where a defendant confines itself to actions necessary to effectuate a nonjudicial foreclosure is to find that only section 1692f(6) of the FDCPA applies. *See McDonald v. OneWest Bank, FSB*, Case No. C10-1952RSL, 2012 WL 55147, * 4 n.6 (W.D. Wash. Feb. 21, 2012) ("*McDonald I*") (citing numerous district court cases in Ninth Circuit). Although the court finds these cases persuasive, the court notes that even if the first part of the definition of debt collector applied here, Beaton does not allege that defendants attempted to compel monetary payments on the underlying loan. Accordingly, Beaton has not alleged that Chase or NWTS is a debt collector within the meaning of the first part of the definition.

To the extent that Chase acquired Beaton's loan in 2008 before she defaulted, it falls within the section 1692a(6)(F) exemption of "debt collector."[7] NWTS was appointed as successor trustee on November 29, 2010. Dkt. # 39-6 (Ex. 6 to RJN). However, Beaton had been in default since approximately July 1, 2010. Dkt. # 58-4 (Ex. 4, Not. of Default). Accordingly, NWTS does not fall within the same exemption. Beaton alleges that the identity of the "Note Bearer/Creditor remains unknown[,]" that it remains undetermined if Chase is the actual beneficiary pursuant to RCW 61.24.005(2), and that NWTS violated FDCPA and damaged the Plaintiff by foreclosing her property. Dkt. # 55 (SAC) at 6:4-8. Liberally construed, the court finds that Beaton has plausibly

---

[7] If Chase did not obtain Beaton's loan because WaMu transferred it before Chase acquired WaMu, then it also would not be a debt collector.

alleged that NWTS attempted to collect on a debt that may not have been owed to Chase, which may have violated the FDCPA.  *See McDonald II*, 2013 WL 858178 at *12 ("At the time [NWTS began the foreclosure process], NWTS had not been appointed successor trustee and was not acting on behalf of the entity that had actual physical possession of the note: it therefore lacked the right to effect dispossession of plaintiff's property.  Plaintiff has established that NWTS violated § 1692f(6)(A) of the FDCPA."); *Michelson v. Chase Home Finance, LLC*, Case No. C11-1445MJP, 2012 WL 3240241, *5 (W.D. Wash. Aug. 7, 2012) ("NWTS and RCO may have violated the FDCPA because they did not yet have confirmation of Chase's right to possess the property, and thus may have violated § 1692f(6)(A)").

Accordingly, Beaton's FDCPA claim may proceed against NWTS.

**C.  Incomplete Indorsement/Chain of Title:**

Plaintiff alleges that she demanded that the "Blank Indorsement" be completed and turned into a "Special Indorsement," and that both signature of the indorser and indorsee must be affixed to the Note before defendants demanded payment or foreclosed her property pursuant to RCW 62A.3-204(d).  Dkt. # 55 at 6:10-18.  RCW 62A.3-204(d) provides: "If an instrument is payable to a holder under a name that is not the name of the holder, indorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection."  Nothing in this statute required the defendants to sign the note before a notice of default was sent to her or her property foreclosed.  This claim is dismissed with prejudice as it would be futile to allow amendment.

**D. DTA**

The DTA regulates mortgage transactions in which a lender issuing a promissory note or other debt instrument to a borrower can secure the debt via a deed of trust.  *Bain*

*v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 38 (Wash. 2012). The borrower becomes the grantor of the deed of trust and the lender becomes the beneficiary of the deed of trust. *Id.* A trustee holds title to the property in trust for the lender. *Id.* If the borrower defaults on the loan, the trustee "may usually foreclose the deed of trust and sell the property without judicial supervision." *Id.* Because the DTA "dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor." *Albice v. Premier Mortgage Servs., Inc.*, 276 P.3d 1277, 1281 (Wash. 2012). Among the statutory protections requiring strict compliance are the "requisites to a trustee's sale" enumerated at RCW § 61.24.030. *Albice*, 276 P.3d at 1281, 1282 ("Without statutory authority, any action taken is invalid."); *see also Schroeder v. Excelsior Mgmt. Group, LLC*, No. 86433-1, 2013 WL 791863, *8 (Wash. Feb. 28, 2013). Trustees must also strictly comply with the sale procedures itemized at RCW § 61.24.040. *Albice*, 276 P.3d at 1282.

Beaton's SAC places several DTA requirements at issue. Plaintiff alleges that Chase and NWTS materially violated the DTA by providing a defective beneficiary declaration,[8] a defective notice of default,[9] a defective notice of trustee's sale,[10] defective appointment of successor trustee, and a defective trustee's deed. Plaintiff alleges that all of the "defects" are for the same reasons that the beneficiary declaration is defective.[11] Dkt. # 55 at 7:20-23, 10:1-3, 10:9-12, 10:17-20.

---

[8] The DTA requires that "before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a).

[9] The DTA requires that the beneficiary comply with RCW § 61.24.031 (which requires that the beneficiary give the borrower notice of default on the note) before recording, transmitting, or serving a notice of trustee's sale. RCW § 61.24.030(9).

[10] The DTA requires that a trustee give at least 120 days notice of a trustee's sale in cases where a letter complying with RCW § 61.24.031 is necessary.

[11] The DTA provides that the notice of default must be transmitted "by the beneficiary or trustee" to the borrower 30 days before the notice of sale is recorded, transmitted or served.

The DTA requires the trustee to "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a); *see also Bain*, 285 P.3d at 39 (citing trustee's statutory obligation to obtain proof of beneficiary's ownership of the note as element of its duty to the grantor of the deed of trust). Defendants complain that courts across the country, including federal courts in Washington, have rejected "show-me-the-note" arguments like Beaton's. This court recently suggested that in the wake of *Bain*, it is time to retire the reductive "show-me-the-note" meme, at least in cases arising under Washington law. *Knecht v. Fidelity Nat'l Title Ins. Co.*, Case No. C12-1575RAJ, Dkt. # 20 (March 11, 2013). In Washington, proof that the beneficiary holds the note secured by a deed of trust is a statutory requisite to a trustee's sale. RCW § 61.24.030(7)(a). *Bain* similarly highlights the need to demonstrate that the beneficiary holds the note. 285 P.3d at 39 (citing RCW § 61.24.030(7)(a)), at 47-48 ("If the original lender had sold the loan, [it] would need to establish ownership of that loan, either by demonstrating that it actually held the promissory note or by documenting the chain of transactions."). This court reiterates that there is no requirement that a beneficiary or trustee "show the borrower the note." Instead, a trustee must "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust." RCW § 61.24.030(7)(a). Although there are probably many ways to satisfy the statute's proof requirement, the statute itself establishes one way. *Id.* ("A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note . . . shall be sufficient proof as required under this subsection.").

---

RCW 61.24.030(8). Assuming Chase was the proper beneficiary, Beaton does not challenge NWTS's status as an authorized agent of Chase. *See In re Reinke*, Bankr. No. 09-19609, 2011 WL 5079561, *10 n.10 (Bankr. W.D. Wash. 2011) (concluding that an authorized agent of the beneficiary may issue a notice of default on beneficiary's behalf).

1     Defendants direct the court to a beneficiary declaration which provides:
2 "JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka
3 Washington Mutual Bank, FA is the actual holder of the promissory note or other
4 obligation evidencing the above-referenced loan <u>or has requisite authority under RCW
5 62A.3-301 to enforce said obligation</u>."[12] Dkt. # 58-6 (Ex. 6) (emphasis added). Even if
6 the declaration is properly subject to judicial notice, the Washington Supreme Court has
7 made a clear pronouncement of strict compliance with statutory provisions of the DTA.
8 According to the declaration, Chase could be a nonholder in possession or a person not in
9 possession who is entitled to enforce the instrument (*see* RCW § 62A.3-301), neither of
10 which is proof that "the beneficiary is the owner of any promissory note or other
11 obligation secured by the deed of trust." RCW § 61.24.030(7)(a).

12     If Chase was not the holder of the note, it did not have the authority to appoint
13 NWTS as a successor trustee, and NWTS did not have authority to initiate foreclosure
14 proceedings without knowledge of the beneficiary as required by RCW 61.24.030(7).
15 This would result in a material violation of the DTA. Accordingly, Beaton has plausibly
16 alleged a violation of the DTA that survives dismissal.

## IV. CONCLUSION

18     For all the foregoing reasons, the court GRANTS in part and DENIES in part
19 Chase's motion. The Clerk is ORDERED to enter an amended case schedule with a trial
20 date of January 6, 2014.

---

[12] RCW § 62A.3-301 defines "person entitled to enforce" an instrument as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

ORDER- 10

1  Dated this 25th day of March, 2013.

2

3

4

5  The Honorable Richard A. Jones
   United States District Judge

ORDER- 11